William C. Rooklidge (SBN 134483)
Ben M. Davidson (SBN 181464)
Gregory S. Cordrey (SBN 190144)
Jesse D. Mulholland (SBN 222393)
HOWREY LLP
2020 Main Street
Irvine, California 92614
949-721-6900
949-721-6910
E-mail: rooklidgew@howrey.com
E-mail: davidsonb@howrey.com
E-mail: cordreyg@howrey.com
E-mail: mulhollandj@howrey.com

Mark D. Wegener (*admitted pro hac vice*)
HOWREY LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004
Telephone: 202-783-0800
Facsimile: 202-383-6610
E-mail: wegenerm@howrey.com

Attorneys for Plaintiff
The Procter & Gamble Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, <br><br> Plaintiff, <br> v. <br><br> KRAFT FOODS GLOBAL, INC., <br><br> Defendant. | Case No.: C07-04413 PJH <br><br> [PROPOSED] ORDER GRANTING THE PROCTER & GAMBLE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION |

Case No. C07-04413 PJH
[Proposed Order] In Support of Mtn. For Prel. Injunction

DM US:20673974_1

Before the Court is the motion of Plaintiff, The Procter & Gamble Company ("P&G"), for a Preliminary Injunction to prohibit Defendant Kraft Foods Global, Inc. ("Kraft") from infringing claims of U.S. Patent No. 7,169,418 ("the P&G patent"). After considering P&G's motion, Kraft's response, and the arguments and evidence presented at the hearing on P&G's motion, the Court finds the Motion should be GRANTED. The Court sets bond at $100,000 and makes the following findings of fact and conclusions of law in support of the granting of P&G's request for a preliminary injunction:

(1)    P&G has met its burden of showing a reasonable likelihood that it will prevail on the merits of its infringement claim. P&G has presented substantial evidence that shows Kraft's manufacture, use, offers for sale, and sale of Maxwell House coffee in its 39-ounce plastic container constitutes infringement of at least claims 1, 11, 12, 13, 15, 21, 33, 37 and 43 of the P&G patent. Specifically, P&G has met its burden of showing a reasonable likelihood that the Kraft Maxwell House container has the following claimed features recited in the asserted patent claims:

- a longitudinal axis with a closed bottom, an open top and a body having an enclosed perimeter between the bottom and top
- a bottom, top and body that define an interior volume
- a body that has at least one region of deflection
- a protuberance (or ridge) continuously disposed around the perimeter of the body at the top
- a handle disposed on the body of the container
- a flexible closure (metallic seal) that is removably attached and sealed to the protuberance
- material used for the bottom and body having a tensile modulus at least about 35,000 pounds per square inch to at least about 650,000 pounds per square inch
- a top load capacity of at least 16 pounds
- a one-way valve on the flexible closure
- material used for the bottom and body that is multi-layered including an interior layer of high density polyethylene (HDPE), a middle, Oxygen barrier layer consisting of ethylene vinyl alcohol (EVOH), and an outer layer of HDPE
- a handle that is substantially parallel to the longitudinal axis of the container

Case No. C07-04413 PJH
[Proposed Order] In Support of Mtn. For Prel. Injunction

2

DM US:20673974_1

- material used for the bottom and body having a tensile modulus at least about 90,000 pounds per square inch to at least about 150,000 pounds per square inch
- an overall coffee aroma value of at least about 5.5
- contains roast and ground coffee

P&G has met its burden of showing a reasonable likelihood that Kraft will not be able to prove invalidity by clear and convincing evidence, particularly in light of the following findings:

- the P&G patent is presumed valid
- the USPTO considered an extensive amount of potential prior art in the initial examination of P&G's patent application, including 144 United States patents, four foreign patent documents and several non-patent publications
- the United States Patent & Trademark Office recently rejected Kraft's invalidity attacks on each claim of the P&G patent in an *inter partes* examination initiated by Kraft
- Kraft did not assert in its request for *inter partes* reexamination that P&G's patent was anticipated by any single prior art reference despite having known about P&G's patent for at least two years
- evidence of non-obviousness, including:
    - Kraft's own skepticism, expressed in its advertising about using a plastic container for coffee
    - the undeniable commercial success of P&G's patented technology
    - the wide-spread praise that P&G's patented technology has earned
    - Kraft's attempt to patent its own plastic coffee container
    - Kraft admission in its patent application for its plastic coffee container that "[c]ontainers for particulate (roast or ground) coffee have many unique requirements not considered for other containers."

(2) P&G has met its burden of showing that a preliminary injunction is needed to prevent actual irreparable injury to P&G while this case is pending. Additionally, given the strong showing of a likelihood of success on the merits, P&G is entitled to a presumption that it will suffer irreparable injury in the absence of the requested preliminary injunction. Kraft's continued infringement would likely cause at least six types of irreparable harm:

Case No. C07-04413 PJH
[Proposed Order] In Support of Mtn. For Prel. Injunction

3

DM US:20673974 1

1) P&G has gained significant market share and gained a leadership advantage among retailers because of its introduction of a plastic container that consumers prefer over traditional metal cans. Kraft's introduction of its competing metal cans that is claimed to provide the same advantages will reduce P&G's market share, make it more difficult to continue gaining market share, and erode its leadership position.

2) Kraft's continued sales of a competing plastic container would make it difficult for P&G to recoup its investment of resources and risk in developing its patented technology.

3) Kraft's continued sales would interfere with P&G's ability to develop brand loyalty based on the exclusive use of a superior packaging technology.

4) Kraft's continued sales would diminish consumer goodwill gained by P&G from introducing an innovative technology in a field that does not generate many breakthrough inventions.

5) Kraft's continued sales would reduce P&G's ability to market its specialty products to consumers by displaying them on top of its plastic container.

6) Kraft's continued sales would allow Kraft benefit from P&G's investment of time and resources in developing its patented container.

(3) The harm that P&G will suffer in the absence of a preliminary injunction outweighs the harm a preliminary injunction would cause Kraft. Kraft continues to advertise coffee sold in steel cans on its website. It can continue to sell coffee in these cans instead of the plastic can it has recently begun distributing. In addition, any harm to Kraft from having to stop selling coffee in its 39-ounce plastic container was self-inflicted. Kraft knew of P&G's patent rights years before the USPTO granted P&G's patent in January 2003, when the USPTO rejected Kraft's invalidity challenge in June

Case No. C07-04413 PJH                                                                                         4
[Proposed Order] In Support of Mtn. For Prel.
Injunction

DM US:20673974 1

1  2007 and when Kraft introduced the accused product in August 2007. P&G has been creating its
2  market for the patented product since 2003 and in contrast Kraft has only recently begun
3  manufacturing and offering for sale its 39-ounce plastic container. Further, every part of Kraft's
4  plastic container uses regions of deflection to minimize denting, the external ridge in conjunction with
5  the top flexible laminate (foil) keeps coffee fresh, a one-way valve avoids excess internal pressure
6  
7  from damaging the plastic containers and the flexible seal, a multi-layered plastic and use of particular
8  plastic materials to maintain structural integrity and coffee freshness, and materials having particular
9  tensile strength and top load capacity to ensure the container's structural integrity.
10         (4)    The issuance of a preliminary injunction will serve the public interest of enforcing the
11 patent laws and protecting the rights secured by valid patents.
12         Consistent with these findings, IT IS HEREBY ORDERED that Kraft, its officers, employees,
13 
14 owners, agents, servants, and attorneys, successors and assigns, and all those persons in active concert
15 ///
16 ///
17 ///

28 Case No. C07-04413 PJH                                                                                  5
   [Proposed Order] In Support of Mtn. For Prel.
   Injunction

DM US:20673974 1

or participation with any of them, be and hereby are preliminarily enjoined and restrained from:

    (a)    making, using, selling, or offering for sale in the United States, or importing into the United States, coffee in Kraft's 39-ounce plastic Maxwell House container, coffee in any differently sized or differently branded plastic container with the same configuration as Kraft's 39-ounce plastic Maxwell House container, or coffee in any other container that employs nothing more than colorable variations of Kraft's 39-ounce Maxwell House plastic container;

    (b)    inducing any third party to engage in making, using, selling, or offering for sale in the United States, or importing into the United States, coffee in Kraft's 39-ounce plastic Maxwell House container, coffee in any differently sized or differently branded plastic container with the same configuration as Kraft's 39-ounce plastic Maxwell House container, or coffee in any other container that employs nothing more than colorable variations of Kraft's 39-ounce Maxwell House plastic container; or

    (c)    conspiring with, aiding, assisting or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs a–b above.

DATED: October__, 2007        By:_____
                                                          United States District Judge

Submitted by,

_____
William C. Rooklidge
Greg C. Cordrey
Ben M. Davidson
Jesse Mulholland
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910

Mark D. Wegener
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 383-0800
Facsimile: (202) 383-6610

Case No. C07-04413 PJH                                                             6
[Proposed Order] In Support of Mtn. For Prel. Injunction

DM US:20673974 1