REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

20-21). It would have been obvious to one of ordinary skill in the art to use the high density

polyethylene material of Old Encyclopedia in combination with the Vidkjaer and Melrose

containers to package ground coffee because high density polyethylene is a widely used,

inexpensive and chemically resistant material and an ordinarily-skilled artisan would have

referred to teachings of known plastics in the art such as those in Old Encyclopedia. Thus, a

substantial new question of patentability is raised for dependent claims 20-21, dependent from

independent claim 1.


### e.iv.  Vidkjaer v. Melrose + Old Goglio

Old Goglio teaches an overcap (lid 6, figures 8-11) for use with a flexible closure, having

a rib with a height greater than the maximum displacement of the dome, a dome, and a skirt, and

made of PET material (claims 16-18). It would have been obvious to use such an overcap with

the wide mouth of the Vidkjaer container. Thus, a substantial new question of patentability is

raised for dependent claims 16-18 dependent from independent claim 1.


### e.v.  Vidkjaer v. Melrose + Old Goglio + Old Encyclopedia

Old Encyclopedia teaches the use of polyolefins including high density polyethylene for

food packaging applications and applications involving blow molding (page 328, table 20 and

pages 305, 323) (claim 18). It would have been obvious to one of ordinary skill in the art to use

the high density polyethylene material of Old Encyclopedia in the overcap of Old Goglio in

combination with the Vidkjaer and Melrose containers to package ground coffee because high

density polyethylene is a widely used, inexpensive and chemically resistant material and an

ordinarily-skilled artisan would have referred to teachings of known plastics in the art such as

Exhibit _2_
Page _130_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

those in Old Encyclopedia. Thus, a substantial new question of patentability is raised for dependent claim 18, dependent from independent claim 1.


e.vi.  Vidkjaer v. Melrose + Old Hargraves

Old Hargraves teaches containing roast and ground coffee, the flushing the coffee with an inert gas such as nitrogen, and then sealing the container with a flexible closure (column 17, lines 59-63) (claims 22-25, 27), all of which would have been obvious to do with the Vidkjaer container as a design choice and especially if coffee were container in the Vidkjaer container. Vidkjaer inherently teaches the valve opening value in claim 29, as it teaches a one-way valve that responds when the pressure of the container reaches 3-7 mbar (column 5, lines 1-4), which means that the valve would also be inherently responsive to pressures of 10 mbar. Melrose has an integral handle (column 4, lines 64-67 and column 5, lines 25-39) (claim 30). Thus, a substantial new question of patentability is raised for dependent claims 22-25, 27 and 29-30 dependent from independent claim 1.

Independent claim 33 has most (but not all) of the same limitations as independent claim 1, the additional limitations being that:  i) roast and ground coffee is contained, which is taught by Old Hargraves, ii) the use of polyolefin for the container, which is taught in Vidkjaer, and iii) an aroma value of the recited range, which is inherent with such a material. The respective higher aroma values (dependent claims 34-35) are also inherent with such material; and Vidkjaer discloses the use of polyethylene and polypropylene (column 2, lines 32-38) (dependent claim 36). Thus, a substantial new question of patentability is raised for independent claim 33 as well as for claims 34-36 dependent therefrom.

Exhibit __2__
Page __131__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

Independent claim 37 has most (but not all) of the same limitations as independent claim 1, the additional limitation being that coffee is contained, which is taught in Old Hargraves. Old Hargraves further discloses that the coffee can be roast and ground (column 5, lines 53-57) (dependent claims 42-43). Vidkjaer teaches use of polyethylene, polyethylene terephthalate (PET) and polypropylene (column 2, lines 32-38) (dependent claim 41). Melrose teaches a handle integral with the body and parallel to the longitudinal (vertical) axis of the container (column 4, lines 64-67 and column 5, lines 25-39) (claims 38-40). Thus, a substantial new question of patentability is raised for independent claim 37 as well as for claims 38-43 dependent therefrom.

Independent claim 44, has most (but not all) of the same limitations as independent claim 1, the additional limitations being that: i) coffee is being contained, which Old Hargraves teaches, and ii) use of one of a group of materials including polyethylene terephthalate (PET), which Vidkjaer teaches. Melrose teaches a handle integral with the body and parallel to the longitudinal (vertical) axis of the container (column 4, lines 64-67 and column 5, lines 25-39) (dependent claims 45-47). Old Hargraves teaches the use of coffee (recited positively now – claim 48) which is roasted and ground (column 5, lines 53-57) (claim 49). Thus, a substantial new question of patentability is raised for independent claim 44 as well as for claims 45-49 dependent therefrom.

Independent claim 50, has most (but not all) of the same limitations as independent claim 1, the additional limitations being that: i) coffee is being contained, which Old Hargraves teaches, and ii) use of one of a group of materials including polyethylene terephthalate (PET), which Vidkjaer teaches. Melrose teaches a handle integral with the body and parallel to the longitudinal (vertical) axis of the container (column 4, lines 64-67 and column 5, lines 25-39)

Exhibit 2
Page 132

REQUEST for Reexamination of 7,169,418                                    By Dalton et al.
Issued: 01/30/2007                                                        SN 10/155,338

(claims 51-53). Old Hargraves teaches the use of coffee (recited positively now – claim 54)

which is ground and roasted (claim 55). Thus, a substantial new question of patentability is

raised for independent claim 50 as well as for claims 51-55 dependent therefrom.


e.vii.  Vidkjaer v. Melrose + Old Hargraves + Old Goglio

Old Goglio teaches an overcap (lid 6, figures 8-11) for use with a flexible closure, having

a rib, dome, and skirt (claim 28). It would have been obvious to use such an overcap with the

wide mouth of the Vidkjaer container. Thus, a substantial new question of patentability is raised

for dependent claim 28 dependent from independent claim 1.



Note on Interpretations of Claim Language.

The flexible closure is attached to a protuberance, which is depicted as element 17 in the

figures of USP 7,169,418 (no other such protuberance to which the flexible closure is attached is

depicted). The term "external" thus applies to this protuberance 17, and as the protuberance is

inwardly directed relative to the longitudinal axis of the container, the term "external" must be

used in the sense that the protuberance is located outwardly or externally of the container

volume, where the flexible closure can be used to seal the container volume. This interpretation

of external is thus used hereafter.



Note on Detailed Explanation.

Exhibit ___2___
Page __133__

A.  As there are five separate combinations alleged to show obviousness of each of the claims, and alternative and/or additional combinations for four basic combinations of references, for convenience, each of the combinations will be discussed after the recitation of the claim limitation.

B.  As there are five independent claims with many limitations which are the same in all or most of the independent claims, the explanation of the teaching of such a limitation once made in one independent claim will, for simplicity, be referred to in a subsequent independent claim only by reference to the limitation discussion in the previous claim.  For that purpose, each of the limitations in the claims is referenced by the number of the claim and then by a further number as evident hereafter.  Similarly, dependent claims which have similar recitations to previously discussed dependent claims will also be referenced to that previous dependent claim.

Exhibit  2
Page  134

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

# DETAILED EXPLANATION UNDER 37 CFR 1.915(b)

## Knowledge of those of Ordinary Skill.

Before discussing the detailed art rejections, some of the knowledge of those of ordinary skill at the time of the filing of the USP 7,169,418 should be considered. For example, as shown by Platte, it has been well known in the art since 1973 that there is a trade off in a blow molded container between the wall thickness needed for strength and the costs of the material associated with the wall thickness chosen. See column 1, lines 13-30, reproduced as relevant below.

> In the blow molding of plastic bottles and jugs, one of the significant cost factors is the amount of resin that is required to provide a bottle or jug of sufficient strength .... It is conventional practice for operators of blow molding machinery to select a wall thickness for the extruded parison which will produce a finished product having the desired physical properties. By reducing the wall thickness of the extruded parison, a savings in cost of the raw material will be realized, .... It is essential that he select a wall thickness for the parison which will assure a finished product having a wall that is sufficient in structure to enable the bottle or jug to perform satisfactorily.

As also shown by Platte, the use of regions of deflection or collapse panels to accommodate changes in pressure, with adjacent reinforcement ribs, especially where thin walled containers are desired, are also old in the art. See column 2, line 44 to column 3, line 7, reproduced as relevant below.

> The container ... is also constructed so that the wall-panels are connected at their edges by flat corner-panels .... A rib also is provided in the side wall portion of the container which circumscribes the container in a region below the handle and serves to rigidify the side wall-panels in a circumferential direction while acting as a hinge to allow limited inward collapsing of the container along selected regions. The rib is an inwardly rounded groove which has relatively greater depth in the side wall-panels than in the corner-panels to encourage inward collapsing in the wall-panels rather than in the corner-panels when the container is subject to a partial vacuum. ... When partial vacuum conditions do occur in the container the wall-panels bow inwardly without harmful collapsing or inward buckling in other localized regions of the container. In effect, the structural features of the container

Exhibit $\underline{2}$
Page $\underline{135}$

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

are such that the stresses are dispersed in the walls so as to prevent such stresses from being concentrated in any local region.

It has also been long known in the coffee art to use tear off foil closures, and later with one-way valves on a plastic coffee container to maintain freshness during shipping, and after removal of the foil closure to close the coffee container with an overcap. See: "Main coffee packaging concern: freshness", Tea & Coffee Trade Journal; Author: Fader, Liz, 8/1/1989, reproduced as relevant below.

> New to Cameron Coffee's already innovative use of PET containers to package whole beans is a unique lightweight, tabbed and tear-off foil lid on the container. The new pullback-style foil lid is easy-open, .... And, most importantly the new lid holds the vacuum very well, collaborating in the maintenance of freshness provided by the new see-through PET packaging containers. ...
> The Pet container has a plastic overcap to recover the container once the foil lid has been removed.

See also: "Unique venting keeps coffee fresh", Packaging World Magazine, October 1996, p. 10, reproduced as relevant below.

> The paperboard canister ... has a conventional peelable foil lid with a proprietary multilayer valve in the center. ... The CO2 produced as a gas by the freshly ground coffee pushes open the valve, and the capillary action of the oil closes the valve as soon as the pressure inside the canister is relieved.

See further (discussing the same product): "New container lets you wake up and smell the 'fresher' coffee", Food & Drug Packaging, Stagnito Communications, 11/1/1996, reproduced as relevant below.

> In sync with consumers' growing taste for fresh ground coffee, ... a new packaging - composite cans ... that features an innovative opening system with a pressure-release valve for optimum freshness.
> Unlike the options of the past for fresh ground coffee, like polybags and tin cans, ... composite paperboard canisters, ... include a new one-way valve that allows carbon dioxide to escape without letting oxygen in, maintaining an optimum level of internal and external pressure. After the carbon dioxide is eliminated, the pressure sensitive adhesive patch reseals itself.

Exhibit 2
Page 136

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

The valve rests levelly on Sonoco's consumer-friendly Ultra-Seal opening feature, a peelable foil laminate membrane with smooth edges and a metal rim for added body strength. A snap-on overcap offers resealing convenience and further product protection.

The above coffee containers did not include a handle, but they were relatively small (12-16 oz. size). However, as discussed in Weaver and as is self-evident, handles become important "for relatively large containers" (column 4, lines 17-18); as is also evident from the numerous juice containers in the prior art where the larger the container, the more likely that a handle will be provided. Thus, for containers in the range of USP 7,169,418, evidently about 36 oz. (or three pounds, judging by the disclosed test), the use of a handle on such a container would be expected and is routinely shown in the art.

The above background knowledge of those of ordinary skill should thus be appreciated when considering the combinations of references discussed below and the obviousness of combining the noted features.

**Combinations of References**

Claim 1 of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Newcomb in view of Melrose;

c.  Lane in view of Goglio;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose.

Exhibit _2_
Page _137_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**INDEPENDENT CLAIM 1.**

*1.0    A packaging system comprising:*

*1.1    a **container** having a longitudinal axis and comprising a closed bottom, an open top, and a body having an enclosed perimeter between said bottom and said top;*

*wherein said bottom, top, and body together define an interior volume;*

a.    [Melrose v. Goglio] **Melrose** teaches a container 10 having a longitudinal axis 28 with a closed bottom 14a, an open top 18a, and a body 12-14-16; which together define an interior volume.

b.    [Newcomb v. Melrose] **Newcomb** teaches a cylindrical container 2 having a longitudinal axis with a closed bottom, an open top, and a body; which together define an interior volume.

c.    [Lane v. Goglio] **Lane** teaches a broadly cylindrical container 10 having a longitudinal axis with a closed bottom 18, an open top 14 (closed by a lid 8), and a body 22; which together define an interior volume.

d.    [Old Hargraves v. Goglio] **Hargraves** teaches a cylindrical container 300 having a longitudinal axis with a closed bottom 344, an open top 340, and a body 325+339; which together define an interior volume. [As noted during prosecution.]

Exhibit ___2___
Page _138_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                              By Dalton et al.
                                                               SN 10/155,338

DETAILED EXPLANATION

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 1.1.d.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches a container 1 having a longitudinal axis with a closed bottom, an open top, and a body 2; which together define an interior volume.  [As noted during prosecution.]

1.2   *wherein said body comprises at least one **region of deflection** disposed thereon, and wherein said region of deflection allows flexion and thereby has less resistance to flexing than the body of said container proximate to said region of deflection;*

[Note:  it is this limitation which was added to the independent claims to make them <u>allowable</u>.]

a.  [Melrose v. Goglio] **Melrose** teaches "panels 22 provide zones of expansion and vacuum absorption, and the columns 24 provide structural reinforcement zones" (column 4, lines 4-6).

b.  [Newcomb v. Melrose] **Newcomb** teaches that "Although the description ... has been made in connection with a metal can construction, ... containers formed of various materials .... For example, certain plastic compositions ... may be used to form the container ends or body or both" (see column 3, lines 10-17).  Thus, it would be obvious to make the Newcomb container out of a plastic; such as PET or other such plastics found suitable for blow molding and accepted by the FDA as became popular in the decades which followed, and to include as taught in **Melrose** "panels 22 [that] provide zones of expansion and vacuum absorption, and the columns 24 [that] provide structural reinforcement zones" (column 4, lines 4-6).

Exhibit  2
Page  129

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

c. [Lane v. Goglio] **Lane** teaches "front and rear panels 24 and 26 … [which] controllably accommodate this pressure reduction by being capable of being pulled inward" (see column 5, lines 55-58).

d. [Old Hargraves v. Goglio] **Hargraves** teaches that "the semi-rigid container is allowed to undergo limited, but predetermined deformation …, said changes being confined to predetermined portions of the semi-rigid container" (see column 2, lines 34-39). This deformation portion is evidently recessed label panel 339, as it is un-reinforced relative to the remainder of the container; note the reinforcement of the base and neck portion. If this disclosure is not considered adequate to meet the claim language, then any number of other prior art references disclose the well-known use of deformation panels, such as Melrose and Lane noted above and as discussed in the Background sections thereof as well as numerous other prior art of record.

e. [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 1.2.d.

f. [Old Vidkjaer v. Melrose] **Vidkjaer** (Figure 1) shows flat panels located between and adjacent to "reinforcement ribs (3)" (see column 4, lines 58-60). As the ribs reinforce the resistance of the container where they are located, the areas adjacent to and between the reinforcing ribs <u>are</u> regions of deflection that having less resistance to flexing as would be obvious to those of ordinary skill (and if it were considered necessary, as specifically taught in Old Darr, USP 5,690,244 – ribs defining flex panels in between).

*1.3  a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;*

Exhibit ___2___
Page ___14D___

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

[Note interpretation to be given to "external" (as noted in the above "Note on Interpretations of

Claim Language" above) is outside of the container volume.]

a.  [Melrose v. Goglio] **Goglio** teaches the use of a large top opening with a

protuberance or ridge external to the body of the container disposed around the perimeter thereof

at the top of the body (see column 2, lines 27-31 and figures 2 and 3) when coffee is stored

therein. It would be obvious to use the container of Melrose to store coffee, and if coffee were

stored it would be obvious to construct a top of the Melrose container to have a large opening for

scooping out of coffee or the like as taught in Goglio.

b.  [Newcomb v. Melrose] **Newcomb** discloses protuberances 6, 7 and 14.

c.  [Lane v. Goglio] **Goglio** teaches as noted above in 1.3.a., which teachings likewise

apply to Lane.

d.  [Old Hargraves v. Goglio] **Goglio** teaches as noted above in 1.3.a., which teachings

likewise apply to Hargraves which it will be noted already has coffee therein.

e.  [Old Hargraves v. Goglio + Old Ota] **Goglio** teaches as noted above in 1.3.a., which

teachings likewise apply to Hargraves which it will be noted already has coffee therein.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches flange 6. [As noted by the examiner

during prosecution.]


*1.4   a handle disposed on said body; and*

a.  [Melrose v. Goglio] **Melrose** teaches "finger grip protrusions 132 [or 32] ...

providing better grip-ability" (column 4, lines 64-66).

Exhibit __2__
Page __141__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    b. [Newcomb v. Melrose] As noted above, **Melrose** teaches "finger grip protrusions 132 [or 32] ... providing better grip-ability" (column 4, lines 64-66); so it would be obvious to provide the container of Newcomb made out of plastic as suggested with such finger grip protrusions for better grip-ability, particularly where the container is made larger to hold more coffee.

    c. [Lane v. Goglio] **Lane** teaches "ribbings 28 provide a grip surface" (see column 4, line 22).

    d. [Old Hargraves v. Goglio] **Hargraves** teaches "finger support bead 304 ... located at the top of the tapered grip area 325 to improve handling and prevent slipping" (see column 16, lines 51-53). Alternatively, if the grip area of Hargraves is not considered to broadly constitute a "handle", such would be obvious for a container such as shown in Hargraves from any of the prior art noted above as having a more traditional "handle" (see Melrose or Lane, or any of various others, or the combination discussed in e. immediately below); and even a handle more like that disclosed in USP 7,169,418 would be obvious from the handle of the design patent to Lown.

    e. [Old Hargraves v. Goglio + Old Ota] **Ota** teaches "A pair of the recesses 24" formed "on the opposite cylindrical surface portions to thereby cause the rear parts of the container body 22 to become a grip 27 of an axial strip shape" (column 3, lines 29-32, see also Figures 1-5, column 2, lines 35-56, and column 3, lines 13-16 and 32-38). It would have been obvious to put a handle as taught by Ota on the Hargraves container since both inventions are directed to containers for food and Ota discloses that the handle aids in holding a container without deforming the container (column 1, lines 36-68 and column 2, lines 1-2).

Exhibit _2_
Page _142_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                                                                    By Dalton et al.
                                                                                                      SN 10/155,338

DETAILED EXPLANATION

f.  [Old Vidkjaer v. Melrose] As the term "handle" could be broadly interpreted to

include the flange 6 by which the container of **Vidkjaer** would most likely be picked up, no prior

art combination is necessary with such a broad interpretation. However, **Melrose** teaches finger

grip protrusions as noted above in 1.4.a., which could be applied to the walls of the container of

Vidkjaer if desired to provide a more distinct handle for better or more secure gripping. [As

noted by the first examiner, use of a handle with the container of Vidkjaer would be an obvious

modification, but the examiner based this assertion on a different secondary reference.]


*1.5    a flexible closure removably attached and sealed to said protuberance;*

a.  [Melrose v, Goglio] **Goglio** discloses, a "peelable diaphragm 2 that is removed on

opening the container" (column 2, lines 28-30) for use where the product produces an off-gas

(like coffee) and the container is desired to be "air-tight" (column 1, lines 8-11); which container

includes a protuberance as noted in 1.3.a above.  Since (see 1.3.a. above) it would be obvious to

have a large opening and associated protuberance in Melrose if a larger opening for scooping out

of coffee or the like were desired, and it would likewise be obvious to use the peelable

diaphragm (and one-way valve, see 1.8 below) for convenience of removal as also taught in

Goglio.

b.  [Newcomb v. Melrose] **Newcomb** teaches "laminated paper aluminum foil stock may

be used to form the container ends" (column 3, lines 16-17), which would obviously be applied

to one of the protuberances, and most easily by glue to (protuberance) lip 4 as notoriously known

in the art.  If such is not considered obvious, then Goglio can be added to positively show the

attachment of a flexible closure to a protuberance is old in the art and a design choice.

Exhibit ___2___
Page ___143___

REQUEST for Reexamination of 7,169,418                                    By Dalton et al.
Issued: 01/30/2007                                                        SN 10/155,338
                              DETAILED EXPLANATION

    c.  [Lane v. Goglio] **Goglio** teaches as stated in 1.5.a. above.

    d.  [Old Hargraves v. Goglio] Hargraves teaches that a one-way valve is not necessary. However, Hargraves also teaches that if a larger opening is desired, the forces on the closure would be increased (as the square of the distance, or as the area increases) (see column 16, lines 9-16) making it harder for the screw-on top to be maintained in place. Thus, if an opening large enough for scooping were desired as taught in **Goglio**, it would be obvious (and necessary) to use a flexible closure (<u>with</u> a one-way valve) such as also taught in Goglio as stated in 1.5.a. above.

    e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** and **Goglio** teach as stated in 1.5.d. above.

    f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches a flexible closure 7. [As noted by the examiner.]


*1.6*   *wherein said bottom and said body are constructed from a material having a **tensile modulus number** ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm);*

    a.  [Melrose v. Goglio] **Melrose** teaches a container made of PET, which is a polyester. Thus, as noted by the examiner during prosecution of the present patent (see Office Action of 06/15/2005, middle of page 3), Old <u>Mark's Handbook</u> , it is a well known <u>property</u> of polyester that it has a tensile modulus of 400-600 ksi (or 400,000 to 600,000 psi) so this limitation is met by the use of polyester in the container of Melrose. Such a known tensile modulus value is also shown by tables 1 and 2 of USP 7,169,418.

Exhibit _2_<br>Page _144_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    b.  [Newcomb v. Melrose] **Melrose** teaches as stated above in 1.6.a.

    c.  [Lane v. Goglio] **Lane** teaches a container made of PET, so the same discussion with respect to Melrose in 1.6.a. above applies.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches a container made of oriented polyester, so the same discussion with respect to Melrose in 1.6.a. above applies.

    e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches a container made of oriented polyester, so the same discussion with respect to Melrose in 1.6.a. above applies.

    f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches a container made of PET/PE, whose property of tensile modulus is expected to be in the noted range. [As noted by the examiner, using the Old Mark's Handbook referred to above in 1.6.a.]


*1.7   wherein said container has a **top load capacity** of at least about 16 pounds (7.3 kg); and*

    a.  [Melrose v. Goglio] **Melrose** teaches a container with "post strength to improve container top loading capability" (column 3, lines 61-63) as well as all of the structural claimed limitations. Thus, as similarly noted by the examiner during prosecution of the present patent (see Office Action of 06/15/2005, 2nd paragraph of page 4), where a reference "meets all of the structural claimed limitations, therefore the top load capacity ... would be considered inherent to the container of Vidkjaer absent convincing evidence or arguments to the contrary". This assertion by the examiner was not challenged by applicant, and in view of the additional statement made in Melrose, it must be considered that Melrose also inherently has this limitation, or alternatively it would be a **mere design choice**.

Exhibit _2_
Page _145_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

b.  [Newcomb v. Melrose] This top load capacity is considered a **mere design choice**, but with the use of **Melrose**, the discussion in 1.7.a. above also applies with this prior art combination as well.

c.  [Lane v. Goglio] **Lane** teaches that the container is designed to have "resistance to top loadings" (see column 2, line 52) and how that force is dissipated (see column 6, lines 6-11). Thus, like Melrose above, Lane teaches all of the structural claimed limitations and the discussion of Melrose in 1.7.a. above also applies to this teaching; as well as top load capacity being a **mere design choice**.

d.  [Old Hargraves v. Goglio] **Hargraves** teaches a container which withstands substantial internal pressure increases and which "will not dent or break under normal shipping and handling conditions" (column 15, lines 29-30), which conditions inherently include top loadings. This top load capacity is considered a **mere design choice**, which is additionally obvious in view of the need for the container to withstand "conditions" as specifically disclosed in Hargraves. In addition, like Melrose above, Hargraves teaches all of the structural claimed limitations and the discussion of Melrose in 1.7.a. above also applies to this teaching.

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 1.7.d.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches the base web of the container "is more or less rigid"; and thus inherently that a top load capacity is provided. This top load capacity is thus considered a **mere design choice**; and in view of the various materials suggested for the base web, the range of thicknesses suggested (200-1000 microns), and the use of reinforcing ribs 3 for the walls, it is evident that top load capacity could be varied many different ways further showing that it is a mere design choice.

Exhibit _2_
Page _146_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

DETAILED EXPLANATION

By Dalton et al.
SN 10/155,338

*1.8    wherein said closure has a one-way valve disposed therein.*

    a.    [Melrose v. Goglio] As noted above, **Goglio** teaches not only the protuberance and associated flexible closure attached thereto, but also the use of a "degassing valve … 4, this valve being heat-welded or glued to sheet 2" (or "peelable diaphragm 2" – see column 2, lines 27-34). Thus, as it is obvious to use the other features of Goglio in combination with Melrose, the use of the one-way or de-gassing valve is likewise obvious for the same reasons and as a design choice.

    b.    [Newcomb v. Melrose] **Newcomb** teaches a vent 22 which "acts a one-way valve permitting gases to escape from the container" (see column 2, lines 29-31).

    c.    [Lane v. Goglio] **Goglio** teaches as noted above in 1.8.a.

    d.    [Old Hargraves v. Goglio] **Goglio** teaches as noted above in 1.8.a.

    e.    [Old Hargraves v. Goglio + Old Ota] **Goglio** teaches as noted above in 1.8.a.

    f.    [Old Vidkjaer v. Melrose] **Vidkjaer** teaches one-way valve 8 in flexible closure 7.


    **Claim 2** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.    Melrose in view of Goglio, and further in view of Old Vidkjaer;

    b.    Newcomb in view of Melrose;

    c.    Newcomb in view of Melrose, and further in view of Old Vidkjaer;

    d.    Lane in view of Goglio, and further in view of Old Vidkjaer;

    e.    Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

Exhibit _2_
Page _141_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                                    By Dalton et al.
                              DETAILED EXPLANATION              SN 10/155,338

f.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Vidkjaer; and

g.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 2.**

2.0    *The packaging system as claimed in claim 1 wherein said flexible closure comprises a foil.*

a.  [Melrose v. Goglio + Old Vidkjaer] While Goglio has not identified the material of the peelable diaphragm 2, making such diaphragms of foil is notoriously old, as evidenced by **Vidkjaer** which teaches the use of a metal layer for flexible closure 7 – which has been interpreted in the prosecution to be a foil (see Office Action of 06/15/2005, page 3, middle of last paragraph).

b.  [Newcomb v. Melrose] As noted above in 1.5.b., **Newcomb** teaches "laminated paper aluminum foil stock may be used to form the container ends" (column 3, lines 16-17), which thus meets this claim limitation.

c.  [Newcomb v. Melrose + Old Vidkjaer] **Newcomb** teaches as noted above in 2.0.b.

d.  [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 2.0.a.

e.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 2.0.a.

f.  [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Vidkjaer** teaches as noted above in 2.0.a.

Exhibit  2
Page  148

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

g. [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 2.0.a.


**Claim 3** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a. Melrose in view of Goglio, and further in view of Old Vidkjaer;

b. Melrose in view of Goglio, and further in view of Old Bruke;

c. Newcomb in view of Melrose;

d. Newcomb in view of Melrose, and further in view of Old Vidkjaer;

e. Newcomb in view of Melrose, and further in view of Old Bruke;

f. Lane in view of Goglio, and further in view of Old Vidkjaer;

g. Lane in view of Goglio, and further in view of Old Bruke;

h. Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

i. Old Hargraves in view of Goglio, and further in view of Old Ota and Old Bruke;

j. Old Vidkjaer in view of Melrose; and

k. Old Vidkjaer in view of Melrose, and further in view of Old Bruke.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.


**Claim 3.**

*3.0    The packaging system as claimed in claim 1 wherein said flexible closure is a laminate comprising a first layer, a second layer, and a barrier layer disposed therebetween.*

Exhibit _2_
Page _149_

DETAILED EXPLANATION

a.  [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches the use of a metal layer as a barrier layer together with a PET/PE layer for a flexible closure; so the use of the metal layer between the PET and PE layers is only a **design choice**.

b.  [Melrose v. Goglio + Old Bruke] **Bruke** teaches a multilayered flexible closure comprising outer layers of polyethylene (which is a polyolefin) and an inner barrier layer of polyvinylidene chloride (column 4, lines 48-65).  It would have been obvious to use this material with the Melrose container with the top closure of Goglio in order to make an impermeable foil.

c.  [Newcomb v. Melrose] As noted above, **Newcomb** teaches "laminated paper aluminum foil stock may be used to form the container ends" (column 3, lines 16-17), which ends would be a flexible closure.  Thus,  the aluminum foil would be a barrier layer, and the addition of another paper layer on the other side of the metal layer is only a **design choice**.

d.  [Newcomb v. Melrose + Old Vidkjaer] Newcomb teaches as noted above in 3.0.c., and **Vidkjaer** teaches another foil which could be substituted therefor as a design choice and which teaches as noted in 3.0.a. above.

e.  [Newcomb v. Melrose + Old Bruke] Newcomb teaches as noted above in 3.0.c., and **Bruke** teaches as noted above in 3.0.b; and it would be obvious to use the taught material of Bruke for that of Newcomb.

f.  [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 3.0.a.

g.  [Lane v. Goglio + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

h.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 3.0.a.

i.  [Old Hargraves v. Goglio + Old Ota + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

Exhibit _2_
Page _150_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

j.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 3.0.a.

k.  [Old Vidkjaer v. Melrose + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

**Claim 4** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio, and further in view of Old Vidkjaer;

b.  Melrose in view of Goglio, and further in view of Old Bruke;

c.  Newcomb in view of Melrose, and further in view of Old Vidkjaer;

d.  Newcomb in view of Melrose, and further in view of Old Bruke;

e.  Lane in view of Goglio, and further in view of Old Vidkjaer;

f.  Lane in view of Goglio, and further in view of Old Bruke;

g.  Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

h.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Bruke;

i.  Old Vidkjaer in view of Melrose; and

j.  Old Vidkjaer in view of Melrose, and further in view of Old Bruke.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 4.**

4.0    *The packaging system as claimed in claim 3 wherein said first layer* [of said flexible
closure] *is a polyolefin.*

Exhibit _2_
Page _151_

123LT:1931:42497:2:ALEXANDRIA                    17

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

[Note: polyethylene or PE is a polyolefin.]

    a.  [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches polyethylene (PE) for a flexible closure, so it would be an obvious design choice to include a polyethylene first layer in the flexible closure.

    b.  [Melrose v. Goglio + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

    c.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as noted above in 4.0.a., which would be a mere design choice substitution for the laminated paper layer of Newcomb.

    d.  [Newcomb v. Melrose + Old Bruke] **Bruke** teaches as noted above in 4.0.b., which would be a mere design choice substitution for the laminated paper layer of Newcomb.

    e.  [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 4.0.a.

    f.  [Lane v. Goglio + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

    g.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as noted above in 4.0.a.

    h.  [Old Hargraves v. Goglio + Old Ota + Old Bruke] **Bruke** teaches as noted above in 3.0.b.

    i.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 4.0.a.

    j.  [Old Vidkjaer v. Melrose + Old Bruke] **Bruke** teaches as noted above in 3.0.b.


**Claims 5-7** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.  Melrose in view of Goglio, and further in view of Old Vidkjaer;

    b.  Newcomb in view of Melrose, and further in view of Old Vidkjaer;

    c.  Lane in view of Goglio, and further in view of Old Vidkjaer;

Exhibit _2_
Page _152_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

d.  Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Vidkjaer; and

f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 5.**

5.0    *The packaging system as claimed in claim 4 wherein said valve is responsive to internal pressures within said container exceeding 10 millibars.*

a.  [Melrose v. Goglio + Old Vidkjaer] **Goglio** teaches that the valve opens when a "slight" (column 1, line 27) overpressure occurs. **Vidkjaer** teaches that the "valve operates as soon as the inside pressure reaches between 3 to 7 mbar above the atmospheric pressure" (column 5, lines 2-4).

b.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as noted above in 5.0.a.

c.  [Lane v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

d.  [Old Hargraves v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

e.  [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 5.0.a.

Exhibit  *2*
Page  *153*

123LT:1931:42497:2:ALEXANDRIA                    19

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

## Claim 6.

6.0    *The packaging system as claimed in claim 5 wherein said valve is responsive to internal*
*pressures within said container exceeding 20 millibars.*

a.  [Melrose v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in 5.0.a.
above.

b.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as noted in 5.0.a. above.

c.  [Lane v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in 5.0.a. above.

d.  [Old Hargraves v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in
5.0.a. above.

e.  [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as
noted above in 5.0.a.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 5.0.a.

## Claim 7.

7.0    *The packaging system as claimed in claim 6 wherein said valve is responsive to internal*
*pressures within said container exceeding 30 millibars.*

a.  [Melrose v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in 5.0.a.
above.

b.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as noted in 5.0.a. above.

c.  [Lane v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in 5.0.a. above.

d.  [Old Hargraves v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted in
5.0.a. above.

Exhibit 2
Page 154

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

e. [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

f. [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted above in 5.0.a.

**Claim 8** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a. Melrose in view of Goglio;

b. Newcomb in view of Melrose;

c. Lane in view of Goglio;

d. Old Hargraves in view of Goglio;

e. Old Hargraves in view of Goglio, and further in view of Old Ota; and

f. Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 8.**

8.0    *The packaging system as claimed in claim 1 wherein said bottom and said body are formed from a **blow-moldable** material.*

a. [Melrose v. Goglio] **Melrose** teaches a blow molded (see the Title) "plastic" container, such as made of PET.

Exhibit 2
Page 155

123LT:1931:42497:2:ALEXANDRIA                    21

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

b.  [Newcomb v. Melrose] Newcomb broadly teaches that the container could be made of "certain plastic compositions" (column 3, lines 15-17), so the choice of a blow-moldable material would be a mere **design choice**. Additionally, it would be obvious to use the blow molded material of **Melrose** (as stated above in 8.0.a.) for the plastic composition suggested in Newcomb.

c.  [Lane v. Goglio] **Lane** teaches a blow-molded container (see the Title) made of a plastic material such as PET.

d.  [Old Hargraves v. Goglio] **Hargraves** teaches that container 300 is a blow molded container made of oriented PET, disclosing that "support ring 318 required for the blow molding process to produce oriented PET containers 300 is sized with a minimum diameter . . ." (column 16, lines 45-47).

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted in 8.0.d. above.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches that the bottom and body can be formed from a variety of blow-moldable materials, including PET/PE, PP/EVOH/PE, or PVC/PE (column 2, lines 32-38).


**Claim 9** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Melrose in view of Goglio, and further in view of Old Haas;

c.  Melrose in view of Goglio, and further in view of Old Encyclopedia;

d.  Newcomb in view of Melrose;

Exhibit _2_
Page _156_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    e.  Newcomb in view of Melrose, and further in view of Old Encyclopedia;

    f.  Newcomb in view of Melrose, and further in view of Old Haas;

    g.  Lane in view of Goglio;

    h.  Lane in view of Goglio, and further in view of Old Haas;

    i.  Lane in view of Goglio, and further in view of Old Encyclopedia;

    j.  Old Hargraves in view of Goglio;

    k.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Haas;

    l.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Encyclopedia;

and

    m.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.


**Claim 9.**

*9.0    The packaging system as claimed in claim 8 wherein said material* [of said bottom and said body] *is a polyolefin.*

[Note: polyolefins would include PE as well PET.]

    a.  [Melrose v. Goglio] **Melrose** teaches a blow molded container made of PET.

    b.  [Melrose v. Goglio + Old Haas] **Haas** teaches a container made of high density polyethylene (column 1, lines 39-47), which is a polyolefin. It would have been obvious to use the materials disclosed in Old Haas in a container to package ground coffee because Old Haas

Exhibit ~~2~~
Page ~~157~~

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

teaches these materials as a way to extend the shelf life of an oxygen-sensitive product (column 1, lines 22-31).

c.    [Melrose v. Goglio + Old Encyclopedia] **Encyclopedia** teaches the use of polyolefins for food packaging applications and applications involving blow molding (page 328, table 20 and page 323). It would have been obvious to use the materials of Old Encyclopedia in a container to package ground coffee because they are widely used, inexpensive and chemically resistant materials and an ordinarily-skilled artisan would have referred to teachings of known plastics in the art such as those in Old Encyclopedia.

d.    [Newcomb v. Melrose] **Melrose** teaches as stated above in 8.0.b., and additionally as stated above in 9.0.a.

e.    [Newcomb v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as noted in 9.0.c above, and such a material would be a design choice for the material of the Newcomb container.

f.    [Newcomb v. Melrose + Old Haas] **Haas** teaches as noted in 9.0.b. above, and such a material would be a design choice for the material of the Newcomb container.

g.    [Lane v. Goglio] **Lane** teaches a blow-molded container made of PET.

h.    [Lane v. Goglio + Old Haas] **Haas** teaches as noted in 9.0.b. above.

i.    [Lane v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as noted in 9.0.c. above.

j.    [Old Hargraves v. Goglio] **Hargraves** teaches a container made of PET.

k.    [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as noted in 9.0.b. above.

l.    [Old Hargraves v. Goglio + Old Ota + Old Encyclopedia] **Encyclopedia** teaches as noted in 9.0.c. above.

Exhibit ___2___
Page ___158___

123LT:1931:42497:2:ALEXANDRIA                    24

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                                    By Dalton et al.
                                                                     SN 10/155,338
DETAILED EXPLANATION

m. [Old Vidkjaer v. Melrose] **Vidkjaer** teaches a container made of PET/PE, as noted in 8.0.f. above.


**Claim 10** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Newcomb in view of Melrose;

c.  Lane in view of Goglio;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.


**Claim 10.**

10.0    *The packaging system as claimed in claim 8 wherein said blow-moldable material is*

*selected from the group consisting of polycarbonate, low density polyethylene, high*

*density polyethylene, **polyethylene terephthalate**, polypropylene, polystyrene, polyvinyl*

*chloride, co-polymers thereof, and combinations thereof.*

[Note: polyethylene terephthalate is commonly abbreviated as PET.]

Exhibit ___2___
Page __159__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a. [Melrose v. Goglio] **Melrose** teaches a blow molded container made of PET (column 1, lines 17-18).

b. [Newcomb v. Melrose] **Melrose** teaches as stated above in 8.0.b., and additionally as stated above in 10.0.a.

c. [Lane v. Goglio] **Lane** teaches a blow-molded container made of PET (column 3, lines 38-41).

d. [Old Hargraves v. Goglio] **Hargraves** teaches a container made of PET (column 16, lines 45-46).

e. [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted in 10.0.d. above.

f. [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted in 8.0.f. and 9.0.k. above.


**Claims 11-13** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a. Melrose in view of Goglio, and further in view of Old Vidkjaer;

b. Melrose in view of Goglio, and further in view of Old Haas;

c. Newcomb in view of Melrose, and further in view of Old Vidkjaer;

d. Newcomb in view of Melrose, and further in view of Old Haas;

e. Lane in view of Goglio, and further in view of Old Vidkjaer;

f. Lane in view of Goglio, and further in view of Old Haas;

g. Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

h. Old Hargraves in view of Goglio, and further in view of Old Ota and Old Haas;

i. Old Vidkjaer in view of Melrose; and

Exhibit ___1___
Page ___160___

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

j.   Old Vidkjaer in view of Melrose, and further in view of Old Haas.

Obviousness is shown by the following comparison in which the claim elements are recited in

italics for easier identification, and each prior art combination used for rejection identified by the

same letter and abbreviated identification of the prior art combination as shown above.

**Claim 11.**

11.0   *The packaging system as claimed in claim 1 wherein said material is a multi-layered*
*structure.*

a.   [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches a container made of the multi-
layer PET/PE, which would be an obvious substitute for the PET of Melrose.

b.   [Melrose v. Goglio + Old Haas] **Haas** teaches a container made of a multi-layered

material with an internal (to the container) polyolefin layer made of high density polyethylene

coated by an external oxygen-barrier layer (column 1, line 39 through column 2, line 2).  It

would have been obvious to use the materials disclosed in Old Haas in a container to package

ground coffee as described in 9.0.b. above.

c.   [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as stated above in 11.0.a.

d.   [Newcomb v. Melrose + Old Haas] **Haas** teaches as noted above in 11.0.b., so it
would be obvious to use the materials in the Newcomb container.

e.   [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches a container made of the multi-
layer  PET/PE, which would be an obvious substitute for the PET of Lane.

f.   [Lane v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

Exhibit 2
Page 161

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

g.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches a container made of the multi-layer PET/PE, which would be an obvious substitute for the PET of Hargraves.

h.  [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as stated above in 11.0.b.

i.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches a container made of the multi-layer PET/PE.

j.  [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as stated above in 11.0.b.


**Claim 12.**

*12.0    The packaging system as claimed in claim 11*


*12.1    wherein said multi-layered structure further comprises a **polyolefin layer proximate to said interior volume** and*

a.  [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches a container made of the multi-layer PET/PE, either of which is a polyolefin.

b.  [Melrose v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

c.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.1.a.

d.  [Newcomb v. Melrose + Old Haas] **Haas** teaches as noted above in 11.0.d.

e.  [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.1.a.

f.  [Lane v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

g.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.1.a.

Exhibit  2
Page  162

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

h.  [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as stated above in

11.0.b.

i.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as stated above in 12.1.a.

j.  [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as stated above in 11.0.b.


*12.2   at least one layer that is an oxygen barrier.*

a.  [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches a PET/EVOH/PE composite

and EVOH is a well-known oxygen barrier (column 2, lines 31-32, and 34-38).

b.  [Melrose v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

c.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.2.a.

d.  [Newcomb v. Melrose + Old Haas] **Haas** teaches as noted above in 11.0.d.

e.  [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.2.a.

f.  [Lane v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

g.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 12.2.a.

h.  [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as stated above in

11.0.b.

i.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as stated above in 12.2.a.

j.  [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as stated above in 11.0.b.


**Claim 13.**


Exhibit _ℓ_
Page _163_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

*13.0  The packaging system as claimed in claim 12 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.*

a.   [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches various polyethylenes which could be low or high density as well as PP (polypropylene).

b.   [Melrose v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

c.   [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as stated above in 13.0.a.

d.   [Newcomb v. Melrose + Old Haas] **Haas** teaches as noted above in 11.0.d.

e.   [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 13.0.a.

f.   [Lane v. Goglio + Old Haas] **Haas** teaches as stated above in 11.0.b.

g.   [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches as stated above in 13.0.a.

h.   [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as stated above in 11.0.b.

i.   [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as stated above in 13.0.a.

j.   [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as stated above in 11.0.b.


**Claim 14** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.   Melrose in view of Goglio;

b.   Newcomb in view of Melrose;

c.   Lane in view of Goglio;

d.   Old Hargraves in view of Goglio;

Exhibit ____2____
Page ____164____

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

    f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 14.**

*14.0   The packaging system as claimed in claim 1 wherein said handle is **integral** with said body.*

[Note: for 14.0.b., 14.0.e., and 14.0.f., see 1.4.b., 1.4.e., and 1.4.f. above where the use of a handle as taught in the secondary reference is shown to be obvious on the primary reference.]

    a.  [Melrose v. Goglio] **Melrose** teaches that the finger grip protrusions 132 [or 32] are integral.

    b.  [Newcomb v. Melrose] **Melrose** teaches as stated above in 14.0.a.

    c.  [Lane v. Goglio] **Lane** teaches that the ribbings 28 are integral.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches that the finger support bead 304 is integral.

    e.  [Old Hargraves v. Goglio + Old Ota] **Ota** teaches as stated in 1.4.e. above.

    f.  [Old Vidkjaer v. Melrose] **Melrose** teaches as stated above in 14.0.a.

Exhibit 2
Page 165

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

**Claim 15** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.   Melrose in view of Goglio;

b.   Newcomb in view of Melrose;

c.   Lane in view of Goglio;

d.   Old Hargraves in view of Goglio, and further in view of Melrose;

e.   Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.   Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 15.**

*15.0    The packaging system as claimed in claim 1 wherein said handle is substantially parallel to said longitudinal axis of said container.*

[Note: for 15.0.b., 15.0.e., and 15.0.f., see 1.4.b., 1.4.e., and 1.4.f. above where the use of a handle as taught in the secondary reference is shown to be obvious on the primary reference.]

a.   [Melrose v. Goglio] **Melrose** teaches that the finger grip protrusions 132 [or 32] are in a vertical pattern and hence parallel to the longitudinal axis.

b.   [Newcomb v. Melrose] **Melrose** teaches as stated above in 15.0.a.

Exhibit 2
Page 166

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    c.  [Lane v. Goglio] **Lane** teaches that the ribbings 28 are vertical and hence parallel to the longitudinal axis.

    d.  [Old Hargraves v. Goglio + Melrose] **Hargraves** teaches that the finger support bead 304 is circumferential, but it would be an obvious substitution to provide the vertical ribbings of **Melrose** (for example) as noted above in 15.0.a.

    e.  [Old Hargraves v. Goglio + Old Ota] **Ota** teaches a "grip" parallel to the longitudinal axis (Figure 5, element 27 and column 3, lines 29-28).

    f.  [Old Vidkjaer v. Melrose] **Melrose** teaches as stated above in 15.0.a., and where the longitudinal axis is usually the vertical axis, this limitation would be met. If longitudinal is taken strictly as the long (in this case a horizontal) axis, it would also be a mere design modification to make the container of Vidkjaer horizontally smaller and vertically taller, so that the longitudinal axis would then be vertical and this limitation would then be met.

    **Claims 16-17** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.  Melrose in view of Goglio, and further in view of Old Goglio;

    b.  Newcomb in view of Melrose, and further in view of Old Goglio;

    c.  Lane in view of Goglio, and further in view of Old Goglio;

    d.  Old Hargraves in view of Goglio, and further in view of Old Goglio;

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Goglio; and

    f.  Old Vidkjaer in view of Melrose, and further in view of Old Goglio.

Exhibit _2_
Page _160_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 16.**

16.0    *The packaging system as claimed in claim 1 further comprising an overcap having a **rib** disposed proximate to and along the perimeter of said overcap, said rib defining an **inner dome portion** and an **outer skirt portion** of said overcap.*

[Note 1: this claim is directed to rib 33 depicted in figures 4-6. ]

[Note 2: Goglio notes at column 2, lines 22-31, that the flexible closure and one-way valve thereon are usable with a container for coffee "for example of the type described in Italian patent application MI-91A001770"; which IT application is now IT patent No. 01248568, and which is equivalent to Old Goglio which claims priority of this IT application.]

a.    [Melrose v. Goglio + Old Goglio] **Old Goglio** teaches an overcap or lid 6, as shown in figures 7, 8 and 11, having a rib along its perimeter that defines an inner dome and an outer skirt; and Goglio specifically suggests the use thereof (see Note 2 above), so to that extent such an overcap is already taught in Goglio by itself.

b.    [Newcomb v. Melrose + Old Goglio]  It would be obvious to replace the (old-1963) lid of Newcomb with the overcap of **Old Goglio** having the features as noted above in 16.0.a. for an easier to use lid.

c.    [Lane v. Goglio + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

d.    [Old Hargraves v. Goglio + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

Exhibit    2
Page    168

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

 e.  [Old Hargraves v. Goglio + Old Ota + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

 f.  [Old Vidkjaer v. Melrose + Old Goglio] **Old Goglio** teaches an overcap as noted above in 16.0.a. which could be used with the container of Melrose or Vidkjaer if desired, especially for coffee as large openings in general are desired.

## Claim 17.

*17.0  The packaging system as claimed in claim 16 wherein said rib has a **height** at least equal to the maximum displacement of said dome portion.*

 a.  [Melrose v. Goglio + Old Goglio] **Old Goglio** teaches an overcap with a rib height shown in Figures 8 and 11 that is self-evidently sufficient for maximum displacement of the dome, especially where a one-way valve is used so the dome will not displace too far outwards; and if not, this would be a **design choice** made for better appearance.

 b.  [Newcomb v. Melrose + Old Goglio] **Old Goglio** teaches as noted above in 17.0.a.

 c.  [Lane v. Goglio + Old Goglio] **Old Goglio** teaches as noted above in 17.0.a.

 d.  [Old Hargraves v. Goglio + Old Goglio] **Old Goglio** teaches as noted above in 17.0.a.

 e.  [Old Hargraves v. Goglio + Old Ota + Old Goglio] **Old Goglio** teaches as noted above in 17.0.a.

 f.  [Old Vidkjaer v. Melrose + Old Goglio] **Old Goglio** teaches an overcap as noted above in 17.0.a.

Exhibit _X_
Page _169_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

**Claim 18** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.   Melrose in view of Goglio, and further in view of Old Goglio;

b.   Melrose in view of Goglio, and further in view of Old Goglio and Old Encyclopedia;

c.   Newcomb in view of Melrose, and further in view of Old Goglio;

d.   Newcomb in view of Melrose, and further in view of Old Goglio and Old Encyclopedia;

e.   Lane in view of Goglio, and further in view of Old Goglio;

f.   Lane in view of Goglio, and further in view of Old Goglio and Old Encyclopedia;

g.   Old Hargraves in view of Goglio, and further in view of Old Goglio;

h.   Old Hargraves in view of Goglio, and further in view of Old Ota, Old Goglio and Old Encyclopedia;

i.   Old Vidkjaer in view of Melrose, and further in view of Old Goglio; and

j.   Old Vidkjaer in view of Melrose, and further in view of Old Goglio and Old Encyclopedia.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 18.**

18.0   *The packaging system as claimed in claim 16 wherein said* <u>*overcap*</u> *is constructed from a material selected from the group consisting of polycarbonate, low density polyethylene,*

Exhibit ___

Page 170

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

*high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene,*

*polyvinyl chloride, co-polymers thereof, and combinations thereof.*

    a.  [Melrose v. Goglio + Old Goglio] **Melrose** teaches a container made of PET, so

making of an overcap of the same material would be an obvious design choice.

    c.  [Melrose v. Goglio + Old Goglio + Old Encyclopedia] **Encyclopedia** teaches use of

high density polyethylene for food packaging applications (page 328, table 20 and pages 305,

323). It would have been obvious to use the high density polyethylene disclosed in Encyclopedia

in the overcap of Old Goglio in a ground coffee package because high density polyethylene is a

widely used, inexpensive and chemically resistant material and an ordinarily-skilled artisan

would have referred to teachings of known plastics in the art such as those in Encyclopedia.

    c.  [Newcomb v. Melrose + Old Goglio] **Melrose** teaches as noted above in 18.0.a.

    d.  [Newcomb v. Melrose + Old Goglio + Old Encyclopedia] **Encyclopedia** teaches as

noted above in 18.0.c.

    e.  [Lane v. Goglio + Old Goglio] **Lane** teaches a container made of PET, so making of

an overcap of the same material would be an obvious design choice.

    f.  [Lane v. Goglio + Old Goglio + Old Encyclopedia] **Encyclopedia** teaches as noted

above in 18.0.c.

    g.  [Old Hargraves v. Goglio + Old Goglio] **Hargraves** teaches a container made of

PET, so making of an overcap of the same material would be an obvious design choice.

    h.  [Old Hargraves v. Goglio + Old Ota + Old Goglio + Old Encyclopedia]

**Encyclopedia** teaches as noted above in 18.0.c.

Exhibit 2
Page 171

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

i.  [Old Vidkjaer v. Melrose + Old Goglio] **Vidkjaer** teaches a container made of PET, so making of an overcap of the same material would be an obvious design choice.

j.  [Old Vidkjaer v. Melrose + Old Goglio + Old Encyclopedia] **Encyclopedia** teaches as noted above in 18.0.c.

**Claim 19** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Newcomb in view of Melrose;

c.  Lane in view of Goglio;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 19.**

*19.0    The packaging system of claim 1 wherein said at least one region of deflection is responsive to at least one force internal or external to said container.*

[Note: this is inherent in any region of deflection.]

Exhibit ___
Page ___