REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a.  [Melrose v. Goglio] **Melrose** teaches that "the panels 22 . . . react to the forces created by hot-fill processing" (column 4, lines 4-8).

b.  [Newcomb v. Melrose] **Melrose** teaches as noted in 19.0.a. above.

c.  [Lane v. Goglio] **Lane** teaches: "After being filled with a hot product, capped and cooled, the product within the container 10 decreases in volume.  This reduction in volume produces a reduction in pressure.  The front and rear panels 24 and 26 of the container 10 controllably accommodate this pressure reduction by being capable of pulling inward, under the influence of the reduced pressure, as shown in phantom lines 34 in FIG. 1 and as further shown in FIG. 3*b*" (column 5, lines 52-59).

d.  [Old Hargraves v. Goglio] **Hargraves** teaches that "the semi-rigid container is allowed to undergo limited, but predetermined deformation when subjected to the internal pressures generated by coffee off gassing prior to initial opening, said changes being confined to predetermined portions of the semi-rigid container" (column 2, lines 34-39).

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as stated in 19.0.d. above.

f.  [Old Vidkjaer v. Melrose] As noted in 1.2.f. above, **Vidkjaer** teaches regions of deflection consisting of panels between reinforcement ribs, so with a pressure build up in the container as taught, such panels will deflect in response to such a force.


**Claims 20-21** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio, and further in view of Old Vidkjaer;

b.  Melrose in view of Goglio, and further in view of Old Haas;

Exhibit _2_
Page _173_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

   c.  Melrose in view of Goglio, and further in view of Old Encyclopedia;

   d.  Newcomb in view of Melrose;

   e.  Newcomb in view of Melrose, and further in view of Old Vidkjaer;

   f.  Newcomb in view of Melrose, and further in view of Old Haas;

   g.  Newcomb in view of Melrose, and further in view of Old Encyclopedia;

   h.  Lane in view of Goglio, and further in view of Old Vidkjaer;

   i.  Lane in view of Goglio, and further in view of Old Haas;

   j.  Lane in view of Goglio, and further in view of Old Encyclopedia;

   k.  Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

   l.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Haas;

   m.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Encyclopedia;

   n.  Old Vidkjaer in view of Melrose;

   o.  Old Vidkjaer in view of Melrose, and further in view of Old Haas; and

   p.  Old Vidkjaer in view of Melrose, and further in view of Old Encyclopedia

Obviousness is shown by the following comparison in which the claim elements are recited in

italics for easier identification, and each prior art combination used for rejection identified by the

same letter and abbreviated identification of the prior art combination as shown above.


**Claim 20.**

20.0   *The packaging system as claimed in claim 1 wherein said tensile modulus number ranges*

     *from at least about 40,000 pounds per square inch (2,721 atm) to at least about 260,000*

     *pounds per square inch (17,692 atm).*

Exhibit
Page

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a.  [Melrose v. Goglio + Old Vidkjaer] While Melrose teaches a container made of PET as noted in 1.6.a. above, **Vidkjaer** teaches that other plastics such as PE could be used instead as a design choice, and PE has a modulus (29,000 to 101,000) that falls with this range.

b.  [Melrose v. Goglio + Old Haas] **Haas** teaches a container made of high density polyethylene (column 1, lines 39-47), which has a tensile modulus of 155,000 psi (*see, e.g.,* Old Marks' Handbook , page 17, line 68, column 3).  It would have been obvious to use the materials of Haas in combination with the Melrose container with the top closure of Goglio to package ground coffee because Haas teaches these materials as a way to extend the shelf life of oxygen-sensitive products (column 1, lines 22-31).

c.  [Melrose v. Goglio + Old Encyclopedia] **Encyclopedia** teaches use of high density polyethylene with a tensile modulus of 60,000-150,000 psi in food packaging applications (page 305 and page 328, table 20).  It would have been obvious to use the disclosed high density polyethylene with the Melrose container with the top closure of Goglio to package ground coffee because high density polyethylene is a widely used, inexpensive and chemically resistant material and an ordinarily-skilled artisan would have referred to teachings of known plastics in the art such as those in Encyclopedia.

d.  [Newcomb in view of Melrose] While Melrose teaches PET as one possible plastic as noted in 1.6.a., it would be obvious to use another known plastic such as PE whose tensile modulus would fall in this range.

e.  [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches as stated above in 20.0.a.

f.  [Newcomb v. Melrose + Old Haas] **Haas** teaches as stated above in 20.0.b.; and it would have been obvious to use the material of Haas for the container of Newcomb.

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

DETAILED EXPLANATION

By Dalton et al.
SN 10/155,338

g.  [Newcomb v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as stated above in 20.0.c.; and it would have been obvious to use the material taught therein for the container of Newcomb.

h.  [Lane v. Goglio + Old Vidkjaer] While Lane teaches a container made of PET as noted in 1.6.c. above, **Vidkjaer** teaches that other plastics such as PE could be used instead as a design choice, and PE has a modulus (29,000 to 101,000) that falls with this range.

i.  [Lane v. Goglio + Old Haas] **Haas** teaches as noted in 20.0.b. above.

j.  [Lane v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

k.  [Old Hargraves v. Goglio + Old Vidkjaer] While Hargraves teaches a container made of PET as noted in 1.6.d. above, Vidkjaer teaches that other plastics such as PE could be used instead as a design choice, and PE has a modulus (29,000 to 101,000) that falls with this range.

l.  [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as noted in 20.0.b. above.

m.  [Old Hargraves v. Goglio + Old Ota + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

n.  [Old Vidkjaer v. Melrose] As noted in 1.6.a. above, **Vidkjaer** also teaches a container made of PE whose modulus (29,000 to 101,000) falls with this range.

o.  [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as noted in 20.0.b. above.

p.  [Old Vidkjaer v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

Exhibit 2
Page 126

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007
By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

**Claim 21.**

*21.0  The packaging system as claimed in claim 20 wherein said tensile modulus number ranges from at least about 90,000 pounds per square inch (6,124 atm) to at least about 150,000 pounds per square inch (10,207 atm).*

a. [Melrose v. Goglio + Old Vidkjaer] As noted in 20.0.a. above, **Vidkjaer** teaches a container made of PE whose modulus falls with this range.

b. [Melrose v. Goglio + Old Haas] **Haas** teaches as noted in 20.0.b. above.

c. [Melrose v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

d. [Newcomb in view of Melrose] While Melrose teaches PET as one possible plastic as noted in 1.6.a., it would be obvious to use another known plastic such as PE whose tensile modulus would fall in this range.

e. [Newcomb v. Melrose] As noted in 20.0.b. above, **Vidkjaer** teaches a container made of PE whose modulus falls with this range.

f. [Newcomb v. Melrose + Old Haas] **Haas** teaches as stated above in 20.0.b

g. [Newcomb v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as stated above in 20.0.c.

h. [Lane v. Goglio] As noted in 20.0.c. above, **Vidkjaer** teaches a container made of PE whose modulus falls with this range.

i. [Lane v. Goglio + Old Haas] **Haas** teaches as noted in 20.0.b. above.

j. [Lane v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

Exhibit 2
Page 177

DETAILED EXPLANATION

k.  [Old Hargraves v. Goglio + Old Vidkjaer] As noted in 20.0.k. above, **Vidkjaer** teaches a container made of PE whose modulus falls with this range.

l.  [Old Hargraves v. Goglio + Old Ota + Old Haas] **Haas** teaches as noted in 20.0.b. above.

m.  [Old Hargraves v. Goglio + Old Ota + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.

n.  [Old Vidkjaer v. Melrose] As noted in 20.0.n. above, above, **Vidkjaer** teaches a container made of PE whose modulus falls with this range.

o.  [Old Vidkjaer v. Melrose + Old Haas] **Haas** teaches as noted in 20.0.b. above.

p.  [Old Vidkjaer v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as stated in 20.0.c. above.


**Claims 22-23** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Newcomb in view of Melrose;

c.  Lane in view of Goglio;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.


Exhibit _2_
Page _178_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 22.**

22.0   *The packaging system as claimed in claim 1 wherein coffee is placed therein.*

a.   [Melrose v. Goglio] **Goglio** teaches filling a container with ground coffee (column 3, lines 59-60), so it would be obvious that the container of Melrose could be used for coffee. Additionally, the use of coffee in a container such as that of Melrose would be an obvious **design choice**.

b.   [Newcomb v. Melrose] **Newcomb** teaches filling a container with ground coffee (column 1, lines 13-14).

c.   [Lane v. Goglio] **Goglio** teaches as noted above in 22.0.a., so it would be obvious that the container of Lane could be used for coffee.  Additionally, the use of coffee in a container such as that of Lane would be an obvious **design choice**.

d.   [Old Hargraves v. Goglio] **Hargraves** teaches a container with roast and "if desired" ground coffee (column 1, lines 14-15).

e.   [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 22.0.d.

f.   [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 22.0.d., and the use of coffee in a container such as that of Vidkjaer would be an obvious design choice.

Exhibit 2
Page 179

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

**Claim 23.**

23.0    *The packaging system as claimed in claim 22 wherein said coffee is **roast and ground**.*

    a.  [Melrose v. Goglio] **Goglio** teaches ground coffee as noted in 22.0.a. above, so also roasting the coffee would be an obvious design choice (as indicated in Hargraves as well).

    b.  [Newcomb v. Melrose] **Newcomb** teaches ground coffee as noted in 22.0.b above, so also roasting the coffee would be an obvious design choice (as indicated in Hargraves as well).

    c.  [Lane v. Goglio] **Goglio** teaches as noted above in 23.0.a.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches a container with roast and ground coffee as noted in 22.0.d. above.

    e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 23.0.d.

    f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 23.0.d.

     **Claims 24-25** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.  Melrose in view of Goglio, and further in view of Old Hargraves;

    b.  Newcomb in view of Melrose, and further in view of Old Hargraves;

    c.  Lane in view of Goglio, and further in view of Old Hargraves;

    d.  Old Hargraves in view of Goglio;

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

    f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Exhibit __2__
Page __180__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

## Claim 24.

24.0    *The packaging system as claimed in claim 23 wherein said container containing said roast and ground coffee is flushed with an inert gas.*

    a.   [Melrose v. Goglio + Old Hargraves] **Hargraves** teaches it is desirable to flush the container filled with roasted and ground coffee with an inert gas such as nitrogen (column 17, lines 59-61).

    b.   [Newcomb v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 24.0.a.

    c.   [Lane v. Goglio + Old Hargraves] **Hargraves** teaches as noted above in 24.0.a.

    d.   [Old Hargraves v. Goglio] **Hargraves** teaches as noted above in 24.0.a.

    e.   [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 24.0.a.

    f.   [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 24.0.a.

## Claim 25.

25.0    *The packaging system as claimed in claim 24 wherein said inert gas is selected from the group consisting of **nitrogen**, carbon dioxide, argon, and combinations thereof.*

    a.   [Melrose v. Goglio + Old Hargraves] As noted above in 24.0.a., **Hargraves** teaches nitrogen.

Exhibit
Page

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    b.  [Newcomb v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 25.0.a.

    c.  [Lane v. Goglio + Old Hargraves] **Hargraves** teaches as noted above in 25.0.a.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches as noted above in 25.0.a.

    e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 25.0.a.

    f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 25.0.a.

     **Claim 26** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.  Melrose in view of Goglio;

    b.  Newcomb in view of Melrose;

    c.  Lane in view of Goglio;

    d.  Old Hargraves in view of Goglio;

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

    f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 26.**

*26.0  The fresh packaging system as claimed in claim 1 wherein said top load capacity is at least about 48 pounds (21.8 Kg).*

Exhibit  2
Page  188

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a.  [Melrose v. Goglio] **Melrose** teaches as noted in 1.7.a. above.

b.  [Newcomb v. Melrose] **Melrose** teaches as noted in 1.7.a. above.

c.  [Lane v. Goglio] **Lane** teaches as noted in 1.7.c. above.

d.  [Old Hargraves v. Goglio] **Hargraves** teaches as noted in 1.7.d. above.

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted in 1.7.d. above.

f.  [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted in 1.7.f. above.


**Claim 27** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

a.  Melrose in view of Goglio, and further in view of Old Hargraves;

b.  Newcomb in view of Melrose, and further in view of Old Hargraves;

c.  Lane in view of Goglio, and further in view of Old Hargraves;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.


**Claim 27.**

Exhibit ___2___
Page ___183___

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

27.0    *A method for packing coffee using the fresh packaging system of claim 1 comprising the steps of: **filling** said container with roast and ground coffee; **flushing** said container with an inert gas; and, **sealing** said container with said flexible closure.*

[Note:  these steps recite the same limitations as present in <u>apparatus</u> claim 24 above; as claim 24 claims flushing with an inert gas, and claim 23 from which it depends claims roast and ground coffee.]

   a.   [Melrose v. Goglio + Old Hargraves] **Goglio** teaches ground coffee in the container, so also roasting the coffee would be an obvious design choice (as indicated in Hargraves as well).  **Hargraves** teaches it is desirable to flush the container filled with roasted and ground coffee with an inert gas such as nitrogen (column 17, lines 59-63) and then to seal it with a closure, which with this prior art combination would be the flexible closure.

   b.   [Newcomb v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 27.0.a.

   c.   [Lane v. Goglio + Old Hargraves] **Hargraves** teaches as noted above in 27.0.a.

   d.   [Old Hargraves v. Goglio] **Hargraves** teaches as noted above in 27.0.a.

   e.   [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted above in 27.0.a.

   f.   [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches as noted above in 27.0.a.

   **Claim 28** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

   a.   Melrose in view of Goglio, and further in view of Old Hargraves and Old Goglio;

   b.   Newcomb in view of Melrose, and further in view of Old Hargraves and Old Goglio;

Exhibit 2
Page 184

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    c.  Lane in view of Goglio, and further in view of Old Hargraves and Old Goglio;

    d.  Old Hargraves in view of Goglio, and further in view of Old Goglio;

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Goglio; and

    f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves and Old Goglio.

Obviousness is shown by the following comparison in which the claim elements are recited in

italics for easier identification, and each prior art combination used for rejection identified by the

same letter and abbreviated identification of the prior art combination as shown above.


**Claim 28.**

28.0   *The method of claim 27 further comprising the step of: placing an overcap over said*

       *flexible closure, said overcap having a rib disposed proximate to and along the perimeter*

       *of said overcap, said rib defining an inner dome portion and an outer skirt portion of*

       *said cap.*

[Note: These steps recite the same limitations as are present in apparatus claim 16 above, which

claimed the same overcap features.]

    a.  [Melrose v. Goglio + Old Hargraves + Old Goglio] **Old Goglio** teaches as noted in

16.0.a. above.

    b.  [Newcomb v. Melrose + Old Hargraves + Old Goglio] It would be obvious to replace

the (old-1963) lid of Newcomb with the overcap of **Old Goglio** having the features as noted

above in 16.0.a. for an easier to use lid.

    c.  [Lane v. Goglio + Old Hargraves + Old Goglio] **Old Goglio** teaches as noted above

in 16.0.a.

Exhibit _2_
Page _185_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

   d.  [Old Hargraves v. Goglio + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

   e.  [Old Hargraves v. Goglio + Old Ota + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

   f.  [Old Vidkjaer v. Melrose + Old Hargraves + Old Goglio] **Old Goglio** teaches as noted above in 16.0.a.

**Claim 29** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

   a.  Melrose in view of Goglio, and further in view of Old Hargraves;

   b.  Newcomb in view of Melrose, and further in view of Old Hargraves;

   c.  Lane in view of Goglio, and further in view of Old Hargraves;

   d.  Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

   e.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Vidkjaer; and

   f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 29.**

29.0   *The method of claim 27 further wherein said flexible closure further comprises a valve responsive to internal pressures within said container exceeding 10 millibars.*

Exhibit  *2*
Page  *186*

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

[Note: These steps recite the same limitations as are present in <u>apparatus</u> claim 5 above, which claimed the same valve opening pressure value.]

    a.  [Melrose v. Goglio + Old Hargraves] **Goglio** teaches as noted in 5.0.a. above.

    b.  [Newcomb v. Melrose + Old Hargraves] **Newcomb** teaches that the one-way valve opens at a predetermined pressure (column 1, lines 27-28). As no value is given for either reference, it is apparent that the amount of "slight" is a mere **design choice**.

    c.  [Lane v. Goglio + Old Hargraves] **Goglio** teaches as noted above in 5.0.a.

    d.  [Old Hargraves v. Goglio + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

    e.  [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Goglio** and **Vidkjaer** teach as noted above in 5.0.a.

    f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches as noted above in 5.0.a.

**Claim 30** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.  Melrose in view of Goglio, and further in view of Old Hargraves;

    b.  Newcomb in view of Melrose, and further in view of Old Hargraves;

    c.  Lane in view of Goglio, and further in view of Old Hargraves;

    d.  Old Hargraves in view of Goglio;

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

    f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Exhibit _2_
Page _181_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                    By Dalton et al.
                                                      SN 10/155,338

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 30.**

30.0    *The method of claim 27 wherein said handle is **integral** with said body.*

[Note: These steps recite the same limitations as are present in <u>apparatus</u> claim 14 above, which claimed the same integral handle.]

     a.   [Melrose v. Goglio + Old Hargraves] **Melrose** teaches as noted in 14.0.a. above.

     b.   [Newcomb v. Melrose + Old Hargraves] **Melrose** teaches as stated above in 14.0.a.

     c.   [Lane v. Goglio + Old Hargraves] **Lane** teaches as stated above in 14.0.c.

     d.   [Old Hargraves v. Goglio] **Hargraves** teaches as stated above in 14.0.d.

     e.   [Old Hargraves v. Goglio + Old Ota] **Ota** teaches as stated in 1.4.e. above.

     f.   [Old Vidkjaer v. Melrose + Old Hargraves] **Melrose** teaches as stated above in 14.0.a.

      **Claims 31-32** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

    a.   Melrose in view of Goglio;

    b.   Newcomb in view of Melrose;

    c.   Lane in view of Goglio;

    d.   Old Hargraves in view of Goglio, and further in view of Old Vidkjaer;

Exhibit _2_
Page _188_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                                                By Dalton et al.
                                                                                     SN 10/155,338

DETAILED EXPLANATION

    e.  Old Hargraves in view of Goglio, and further in view of Old Ota and Old Vidkjaer; and

    f.  Old Vidkjaer in view of Melrose.

Obviousness is shown by the following comparison in which the claim elements are recited in

italics for easier identification, and each prior art combination used for rejection identified by the

same letter and abbreviated identification of the prior art combination as shown above.

## Claim 31.

*31.0  The packaging system of Claim 1, wherein said container further comprises at least one*

*rib parallel to the longitudinal axis, said* **rib adding structural stability** *to said container with*

*respect to top load capacity.*

    a.  [Melrose v. Goglio] **Melrose** teaches that vertical columns 24 that "provide structural

reinforcement zones" (see column 4, lines 4-5) which is later noted as being "post strength"

(column 5, line 18).  Columns 24 thus meet the definition of "rib," or making columns 24 more

rib-like is a mere design choice.

    b.  [Newcomb v. Melrose] **Melrose** teaches as stated above in 31.0.a., and it would be

obvious if greater top load strength were desired for the container of Newcomb, particularly

where Newcomb is made of plastic as suggested, to add such reinforcing ribs.

    c.  [Lane v. Goglio] **Lane** teaches "more rigid column portions 30" which meet the

definition of a "rib", or the making of column portions 30 more rib-like is a mere design choice.

    d.  [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** discloses the use of

reinforcement ribs 3, which could be used to strengthen the bottle of Hargraves, particularly

Exhibit _2_
Page _189_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

where a one-way valve is used in the suggested prior art combination so that the Hargraves bottle would not have the additional internal pressure to reinforce the sidewall.

e.   [Old Hargraves v. Goglio + Old Ota + Old Vidkjaer] **Vidkjaer** teaches as noted in 31.0.d. above.

f.   [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as noted in 31.0.d. above.


**Claims 32.**

32.0   *The packaging system of Claim 31 wherein said at least one region of deflection is in the form of a rectangular panel and said at least one rib is proximate thereto.*

a.   [Melrose v. Goglio] **Melrose** teaches rectangular flex panels 22 which are proximate to ribs 24.

b.   [Newcomb v. Melrose] **Melrose** teaches as stated above in 32.0.a.

c.   [Lane v. Goglio] **Lane** teaches rectangular flex panels 24 and 26 which are proximate to ribs 30.

d.   [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches rectangular panels proximate to the reinforcement ribs 3.

e.   [Old Hargraves v. Goglio +Old Ota +  Old Vidkjaer] **Vidkjaer** teaches as noted in 32.0.d. above.

f.   [Old Vidkjaer v. Melrose] **Vidkjaer** teaches as stated above in 32.0.d. above.


**Claims 33-35** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

Exhibit _7_
Page _190_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a.  Melrose in view of Goglio;

b.  Melrose in view of Goglio, and further in view of Old Haas;

c.  Melrose in view of Goglio, and further in view of Old Encyclopedia;

d.  Newcomb in view of Melrose;

e.  Newcomb in view of Melrose, and further in view of Old Haas;

f.  Newcomb in view of Melrose, and further in view of Old Encyclopedia;

g.  Lane in view of Goglio;

h.  Lane in view of Goglio, and further in view of Old Haas;

i.  Lane in view of Goglio, and further in view of Old Encyclopedia;

j.  Old Hargraves in view of Goglio; and

k.  Old Hargraves in view of Goglio, and further in view of Old Haas;

l.  Old Hargraves in view of Goglio, and further in view of Old Encyclopedia;

m.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.


**INDEPENDENT CLAIM 33.**

*33.0    An article of manufacture comprising:*


*33.1    a closed bottom; an open top; a body forming an enclosed perimeter between said bottom and top; wherein said bottom, top, and body together define an interior volume;*

Exhibit ___2___
Page ___191___

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

[Note: this limitation is somewhat broader than corresponding limitation 1.1 discussed above, but as the same teachings apply, those teachings are merely incorporated by reference hereafter.]

a.  [Melrose v. Goglio] **Melrose** teaches all of these limitations as noted in 1.1.a. above.

b.  [Melrose v. Goglio + Old Haas] **Melrose** teaches all of these limitations as noted in 1.1.a. above.

c.  [Melrose v. Goglio + Old Encyclopedia] **Melrose** teaches all of these limitations as noted in 1.1.a. above.

d.  [Newcomb v. Melrose] **Newcomb** teaches all of these limitations as noted in 1.1.b. above.

e.  [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches all of these limitations as noted in 1.1.b. above.

f.  [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches all of these limitations as noted in 1.1.b. above.

g.  [Lane v. Goglio] **Lane** teaches all of these limitations as noted in 1.1.c. above.

h.  [Lane v. Goglio + Old Haas] **Lane** teaches all of these limitations as noted in 1.1.c. above.

i.  [Lane v. Goglio + Old Encyclopedia] **Lane** teaches all of these limitations as noted in 1.1.c. above.

j.  [Old Hargraves v. Goglio] **Hargraves** teaches all of these limitations as noted in 1.1.d. above.

Exhibit 2
Page 192

123LT:1931:42497:2:ALEXANDRIA                    58

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007                                                                    By Dalton et al.
                                                                                      SN 10/155,338

DETAILED EXPLANATION

k.  [Old Hargraves v. Goglio + Old Haas] **Hargraves** teaches all of these limitations as noted in 1.1.d. above.

l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Hargraves** teaches all of these limitations as noted in 1.1.d. above.

m.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations as noted in 1.1.f. above.


33.2  *wherein said body comprises at least one region of deflection disposed thereon, and*

*wherein said region of deflection allows flexion and thereby has less resistance to flexing*

*than the body of said container proximate to said region of deflection;*

[Note: this limitation is identical to the corresponding limitation 1.2 discussed above, so the

same teachings apply and those teachings are merely incorporated by reference

hereafter.]

a.  [Melrose v. Goglio] **Melrose** teaches all of these limitations as noted in 1.2.a. above.

b.  [Melrose v. Goglio + Old Haas] **Melrose** teaches all of these limitations as noted in 1.2.a. above.

c.  [Melrose v. Goglio + Old Encyclopedia] **Melrose** teaches all of these limitations as noted in 1.2.a. above.

d.  [Newcomb v. Melrose] **Melrose** teaches all of these limitations as noted in 1.2.b. above.

e.  [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches all of these limitations as noted in 1.2.b. above.

Exhibit 2
Page 193

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

f.  [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches all of these limitations as noted in 1.2.b. above.

g.  [Lane v. Goglio] **Lane** teaches all of these limitations as noted in 1.2.c. above.

h.  [Lane v. Goglio + Old Haas] **Lane** teaches all of these limitations as noted in 1.2.c. above.

i.  [Lane v. Goglio + Old Encyclopedia] **Lane** teaches all of these limitations as noted in 1.2.c. above.

j.  [Old Hargraves v. Goglio] **Hargraves** teaches all of these limitations as noted in 1.2.d. above.

k.  [Old Hargraves v. Goglio + Old Haas] **Hargraves** teaches all of these limitations as noted in 1.2.d. above.

l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Hargraves** teaches all of these limitations as noted in 1.2.d. above.

m.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations as noted in 1.2.f. above.


33.3  *wherein said body includes a protuberance continuously disposed around the perimeter of said body proximate to said top;,*

[Note: this limitation is broader than corresponding limitation 1.3 discussed above (the limitation that the protuberance forms a "ridge" is omitted), but as the same teachings apply, those teachings are merely incorporated by reference hereafter.]

a.  [Melrose v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.a. above.

Exhibit __2__
Page __194__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

 b.  [Melrose v. Goglio + Old Haas] **Goglio** teaches all of these limitations as noted in 1.3.a. above.

 c.  [Melrose v. Goglio + Old Encyclopedia] **Goglio** teaches all of these limitations as noted in 1.3.a. above.

 d.  [Newcomb v. Melrose] **Newcomb** teaches all of these limitations as noted in 1.3.b. above.

 e.  [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches all of these limitations as noted in 1.3.b. above.

 f.  [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches all of these limitations as noted in 1.3.b. above.

 g.  [Lane v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.c. above.

 h.  [Lane v. Goglio + Old Haas] **Goglio** teaches all of these limitations as noted in 1.3.c. above.

 i.  [Lane v. Goglio + Old Encyclopedia] **Goglio** teaches all of these limitations as noted in 1.3.c. above.

 j.  [Old Hargraves v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.d. above.

 k.  [Old Hargraves v. Goglio + Old Haas] **Goglio** teaches all of these limitations as noted in 1.3.d. above.

 l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Goglio** teaches all of these limitations as noted in 1.3.d. above.

Exhibit _1_
Page _195_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    **m.** [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations as noted in 1.3.f. above.


**33.4**   *wherein said bottom and body are constructed from a polyolefin;*

[Note: this limitation is identical to the corresponding limitation 9.0 discussed above, so the

    same teachings apply and those teachings are merely incorporated by reference

    hereafter.]

    **a.** [Melrose v. Goglio] **Melrose** teaches all of these limitations as noted in 9.0.a. above.

    **b.** [Melrose v. Goglio + Old Haas] **Haas** teaches all of these limitations as noted in 9.0.b. above.

    **c.** [Melrose v. Goglio + Old Encyclopedia] **Encyclopedia** teaches all of these limitations as noted in 9.0.c. above.

    **d.** [Newcomb v. Melrose] **Melrose** teaches all of these limitations as noted in 9.0.d. above.

    **e.** [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches all of these limitations as noted in 9.0.d. above, and Haas does as well as noted in 33.4.b. above.

    **f.** [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches all of these limitations as noted in 9.0.d. above, and Encyclopedia does as well as noted in 33.4.c. above.

    **g.** [Lane v. Goglio] **Lane** teaches all of these limitations as noted in 9.0.g. above.

    **h.** [Lane v. Goglio + Old Haas] **Haas** teaches all of these limitations as noted in 9.0.h. above.

Exhibit ___
Page _196_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    i.  [Lane v. Goglio + Old Encyclopedia] **Encyclopedia** teaches all of these limitations as noted in 9.0.i. above.

    j.  [Old Hargraves v. Goglio] **Hargraves** teaches all of these limitations as noted in 9.0.j. above.

    k.  [Old Hargraves v. Goglio + Old Haas] **Haas** teaches all of these limitations as noted in 9.0.k. above.

    l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Encyclopedia** teaches all of these limitations as noted in 9.0.l. above.

    m.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations as noted in 9.0.m. above.

**33.5**  *a flexible closure having a one-way valve disposed thereon, the closure removably attached to said protuberance wherein said closure forms a seal with said protuberance;* [Note: this recitation essentially combines limitations 1.5 "a **flexible closure** removably attached and sealed to said protuberance" and 1.8 "wherein said closure has a **one-way valve** disposed therein", so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

    a.  [Melrose v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.a. above, and a one-way valve as noted in 1.8.a. above.

    b.  [Melrose v. Goglio + Old Haas] **Goglio** teaches a flexible closure as noted in 1.5.a. above, and a one-way valve as noted in 1.8.a. above.

Exhibit _____2_____
Page _____191_____

REQUEST for Reexamination of 7,169,418
Issued:  01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

c.  [Melrose v. Goglio + Old Encyclopedia] **Goglio** teaches a flexible closure as noted in 1.5.a. above, and a one-way valve as noted in 1.8.a. above.

d.  [Newcomb v. Melrose] **Newcomb** teaches a flexible closure as noted in 1.5.b. above, and a one-way valve as noted in 1.8.b. above.

e.  [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches a flexible closure as noted in 1.5.b. above, and a one-way valve as noted in 1.8.b. above.

f.  [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches a flexible closure as noted in 1.5.b. above, and a one-way valve as noted in 1.8.b. above.

g.  [Lane v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.c. above, and a one-way valve as noted in 1.8.c. above.

h.  [Lane v. Goglio + Old Haas] **Goglio** teaches a flexible closure as noted in 1.5.c. above, and a one-way valve as noted in 1.8.c. above.

i.  [Lane v. Goglio + Old Encyclopedia] **Goglio** teaches a flexible closure as noted in 1.5.c. above, and a one-way valve as noted in 1.8.c. above.

j.  [Old Hargraves v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.d. above, and a one-way valve as noted in 1.8.d. above.

k.  [Old Hargraves v. Goglio + Old Haas] **Goglio** teaches a flexible closure as noted in 1.5.d. above, and a one-way valve as noted in 1.8.d. above.

l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Goglio** teaches a flexible closure as noted in 1.5.d. above, and a one-way valve as noted in 1.8.d. above.

m.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches a flexible closure as noted in 1.5.f. above, and a one-way valve as noted in 1.8.f. above.

Exhibit  2
Page  198

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

33.6    *roast and ground coffee contained within said interior volume; and,*

[Note: this limitation is substantially identical to the corresponding limitation 23.0 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

a.    [Melrose v. Goglio] **Goglio** teaches this limitation as noted in 23.0.a. above.

b.    [Melrose v. Goglio + Old Haas] **Goglio** teaches this limitation as noted in 23.0.a. above.

c.    [Melrose v. Goglio + Old Encyclopedia] **Goglio** teaches this limitation as noted in 23.0.a. above.

d.    [Newcomb v. Melrose] **Newcomb** teaches this limitation as noted in 23.0.b. above.

e.    [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches this limitation as noted in 23.0.b. above.

f.    [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches this limitation as noted in 23.0.b. above.

g.    [Lane v. Goglio] **Goglio** teaches this limitation as noted in 23.0.c. above.

h.    [Lane v. Goglio + Old Haas] **Goglio** teaches this limitation as noted in 23.0.c. above.

i.    [Lane v. Goglio + Old Encyclopedia] **Goglio** teaches this limitation as noted in 23.0.c. above.

j.    [Old Hargraves v. Goglio] **Hargraves** teaches this limitation as noted in 23.0.d. above.

Exhibit _2_
Page _199_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    k.  [Old Hargraves v. Goglio + Old Haas] **Hargraves** teaches this limitation as noted in 23.0.d. above.

    l.  [Old Hargraves v. Goglio + Old Encyclopedia] **Hargraves** teaches this limitation as noted in 23.0.d. above.

    m.  [Old Vidkjaer v. Melrose + Old Hargraves] **Hargraves** teaches this limitation as noted in 23.0.f. above.


*33.7*    *wherein said article of manufacture has an overall **coffee aroma value** of at least about 5.5.*

[Note: this is the first recitation of this limitation.]

    <u>Inherency</u>. During prosecution, the examiner stated that such an aroma value would be inherent in any structure meeting the claimed limitations, and such inherency is relied on hereafter. In addition, it will be noted that Hargraves teaches that:

    The permeable walls of semi-rigid plastic packages of the present invention retain a high level of aroma gas chromatograph counts compared to the impermeable prior art metal cans. See column 25, lines 21-24.

As the polyester (PET) material of the Hargraves container is likewise found in the prior art being considered, such a recitation also shows that such materials would likewise inherently have the disclosed aroma values.

    a.  [Melrose v. Goglio] As **Melrose** teaches a polyolefin as noted above in 33.4.a. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

Exhibit _2_
Page _200_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

b. [Melrose v. Goglio + Old Haas] As **Haas** teaches a polyolefin as noted above in 33.4.b. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

c. [Melrose v. Goglio + Old Encyclopedia] As **Encyclopedia** teaches a polyolefin as noted above in 33.4.c. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

d. [Newcomb v. Melrose] As **Melrose** teaches a polyolefin as noted above in 33.4.d. and as the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

e. [Newcomb v. Melrose + of Old Haas] **Newcomb** teaches a polyolefin as noted above in 33.4.d., and Haas teaches as well a polyolefin as noted in 33.7.b above, and as the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

f. [Newcomb v. Melrose + Old Encyclopedia] **Newcomb** teaches a polyolefin as noted above in 33.4.d., and Encyclopedia teaches as well a polyolefin as noted in 33.7.c. above, and as the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

g. [Lane v. Goglio] As **Lane** teaches a polyolefin as noted above in 33.4.g. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

Exhibit _C_
Page _201_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007
By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

h.  [Lane v. Goglio + Old Haas] As **Haas** teaches a polyolefin as noted above in 33.4.h. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

i.  [Lane v. Goglio + Old Encyclopedia] As **Encyclopedia** teaches a polyolefin as noted above in 33.4.i. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

j.  [Old Hargraves v. Goglio] As **Hargraves** teaches a polyolefin as noted above in 33.4.j. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

k.  [Old Hargraves v. Goglio + Old Haas] As **Haas** teaches a polyolefin as noted above in 33.4.k. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

l.  [Old Hargraves v. Goglio + Old Encyclopedia] As **Encyclopedia** teaches a polyolefin as noted above in 33.4.l. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.

m.  [Old Vidkjaer v. Melrose + Old Hargraves] As **Vidkjaer** teaches a polyolefin as noted above in 33.4.m. and the rest of the structural claim limitations are met, the combination would also be expected to have a coffee aroma value as recited.


**Claim 34.**

34.0    *The article of manufacture of claim 33 wherein said overall **coffee aroma value** is at least about 6.5.*

Exhibit _8_
Page _208_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    a.  [Melrose v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.a. above, this larger recited aroma value is also inherent.

    b.  [Melrose v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.b. above, this larger recited aroma value is also inherent.

    c.  [Melrose v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.c. above, this larger recited aroma value is also inherent.

    d.  [Newcomb v. Melrose] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

    e.  [Newcomb v. Melrose + of Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

    f.  [Newcomb v. Melrose + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

    g.  [Lane v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.g. above, this larger recited aroma value is also inherent.

    h.  [Lane v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.h. above, this larger recited aroma value is also inherent.

    i.  [Lane v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.i. above, this larger recited aroma value is also inherent.

    j.  [Old Hargraves v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.j. above, this larger recited aroma value is also inherent.

Exhibit _2_
Page _203_

REQUEST for Reexamination of 7,169,418                                          By Dalton et al.
Issued: 01/30/2007                                                              SN 10/155,338
                        DETAILED EXPLANATION

    k.  [Old Hargraves v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.k. above, this larger recited aroma value is also inherent.

    l.  [Old Hargraves v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.l. above, this larger recited aroma value is also inherent.

    m.  [Old Vidkjaer v. Melrose + Old Hargraves] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.m. above, this larger recited aroma value is also inherent.

**Claim 35.**

35.0   *The article of manufacture of claim 34 wherein said overall coffee aroma value is at least about 7.3.*

    a.  [Melrose v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.a. above, this larger recited aroma value is also inherent.

    b.  [Melrose v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.b. above, this larger recited aroma value is also inherent.

    c.  [Melrose v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.c. above, this larger recited aroma value is also inherent.

    d.  [Newcomb v. Melrose] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

    e.  [Newcomb v. Melrose + of Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

Exhibit _2_
Page _204_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

f.  [Newcomb v. Melrose + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.d. above, this larger recited aroma value is also inherent.

g.  [Lane v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.g. above, this larger recited aroma value is also inherent.

h.  [Lane v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.h. above, this larger recited aroma value is also inherent.

i.  [Lane v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.i. above, this larger recited aroma value is also inherent.

j.  [Old Hargraves v. Goglio] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.j. above, this larger recited aroma value is also inherent.

k.  [Old Hargraves v. Goglio + Old Haas] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.k. above, this larger recited aroma value is also inherent.

l.  [Old Hargraves v. Goglio + Old Encyclopedia] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.l. above, this larger recited aroma value is also inherent.

m.  [Old Vidkjaer v. Melrose + Old Hargraves] Just as this combination teaches an inherent coffee aroma value as recited in 33.7.m. above, this larger recited aroma value is also inherent.

**Claims 36** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the following combinations of references:

Exhibit  2
Page  205

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a. Melrose in view of Goglio, and further in view of Old Vidkjaer;

b. Melrose in view of Goglio, and further in view of Old Haas;

c. Melrose in view of Goglio, and further in view of Old Encyclopedia;

d. Newcomb in view of Melrose, and further in view of Old Vidkjaer;

e. Newcomb in view of Melrose, and further in view of Old Haas;

f. Newcomb in view of Melrose, and further in view of Old Encyclopedia;

g. Lane in view of Goglio, and further in view of Old Vidkjaer;

h. Lane in view of Goglio, and further in view of Old Haas;

i. Lane in view of Goglio, and further in view of Old Encyclopedia;

j. Old Hargraves in view of Goglio, and further in view of Old Vidkjaer; and

k. Old Hargraves in view of Goglio, and further in view of Old Haas; and

l. Old Hargraves in view of Goglio, and further in view of Old Encyclopedia; and

m. Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 36.**

36.0    *The article of manufacture of claim 33 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.*

Exhibit ___8___
Page ___206___

123LT:1931:42497:2:ALEXANDRIA                    72

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

a.   [Melrose v. Goglio + Old Vidkjaer] **Vidkjaer** teaches various polyethylenes as recited in 13.0.a. above.

b.   [Melrose v. Goglio + Old Haas] **Haas** teaches as recited in 11.0.b. above.

c.   [Melrose v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as recited in 20.0.c. above.

d.   [Newcomb v. Melrose + Old Vidkjaer] **Vidkjaer** teaches various polyethylenes as recited in 13.0.a. above.

e.   [Newcomb v. Melrose + of Old Haas] **Haas** teaches as recited in 11.0.b. above.

f.   [Newcomb v. Melrose + Old Encyclopedia] **Encyclopedia** teaches as recited in 20.0.c. above.

g.   [Lane v. Goglio + Old Vidkjaer] **Vidkjaer** teaches various polyethylenes as recited in 13.0.a. above.

h.   [Lane v. Goglio + Old Haas] **Haas** teaches as recited in 11.0.b. above.

i.   [Lane v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as recited in 20.0.c. above.

j.   [Old Hargraves v. Goglio + Old Vidkjaer] **Vidkjaer** teaches various polyethylenes as recited in 13.0.a. above.

k.   [Old Hargraves v. Goglio + Old Haas] **Haas** teaches as recited in 11.0.b. above.

l.   [Old Hargraves v. Goglio + Old Encyclopedia] **Encyclopedia** teaches as recited in 20.0.c. above.

m.   [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches various polyethylenes as recited in 13.0.a. above.

Exhibit  2
Page  201

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

**Claims 37-39** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious

over the following combinations of references:

a.  Melrose in view of Goglio;

b.  Newcomb in view of Melrose;

c.  Lane in view of Goglio;

d.  Old Hargraves in view of Goglio;

e.  Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.  Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Obviousness is shown by the following comparison in which the claim elements are recited in

italics for easier identification, and each prior art combination used for rejection identified by the

same letter and abbreviated identification of the prior art combination as shown above.


# INDEPENDENT CLAIM 37.

*37.0    A packaging system comprising:*


*37.1    a container for holding coffee having a longitudinal axis and comprising a closed*

*bottom, an open top, a handle, and a body having an enclosed perimeter between said*

*bottom and said top;*

*wherein said bottom, top, and body together define an interior volume;*

[Note: this limitation includes the same features for a <u>container</u> as corresponding limitation 1.1

discussed above.  In addition, this limitation broadly recites a <u>handle</u>, similar to the

Exhibit _2_
Page _208_

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

corresponding limitation 1.4; and the functional limitation for holding <u>coffee</u>, similar to corresponding limitation 22.0. As the same teachings apply as for claim 1 and dependent claim 22, those teachings are merely incorporated by reference hereafter.]

a.  [Melrose v. Goglio] **Melrose** teaches a container 10 as noted in 1.1.a. above and a handle as noted in 1.4.a. above; and **Goglio** teaches filling with ground coffee as noted in 22.0.a. above.

b.  [Newcomb v. Melrose] **Newcomb** teaches a cylindrical container 2 as noted in 1.1.b. above; **Melrose** teaches a handle as noted in 1.4.b. above; and **Newcomb** teaches filling with ground coffee as noted in 22.0.b. above.

c.  [Lane v. Goglio] **Lane** teaches a broadly cylindrical container 10 as noted in 1.1.c. above, and a handle as noted in 1.4.c. above; and **Goglio** teaches filling with ground coffee as noted in 22.0.c. above.

d.  [Old Hargraves v. Goglio] **Hargraves** teaches a cylindrical container 300 as noted in 1.1.d. above, a handle as noted in 1.4.d. above, and a container with coffee as noted in 22.0.d. above.

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches a cylindrical container 300 as noted in 1.1.e. above; **Ota** teaches a handle as noted in 1.4.e. above, and **Hargraves** teaches a container with coffee as noted in 22.0.e. above.

f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches a container 1 as noted in 1.1.f. above; **Vidkjaer** and **Melrose** teach a handle as noted in 1.4.f. above; and **Hargraves** teaches a container with coffee as noted in 22.0.f. above, if such is not inherent from the container of Vidkjaer.

Exhibit __7__
Page __209__

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

DETAILED EXPLANATION

By Dalton et al.
SN 10/155,338

37.2    *wherein said body comprises at least one **region of deflection** disposed thereon, and wherein said region of deflection allows flexion and thereby has less resistance to flexing than the body of said container proximate to said region of deflection;*

[Note: this limitation is identical to the corresponding limitation 1.2 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

  a.  [Melrose v. Goglio] **Melrose** teaches all of these limitations as noted in 1.2.a. above.

  b.  [Newcomb v. Melrose] **Melrose** teaches all of these limitations as noted in 1.2.b. above.

  c.  [Lane v. Goglio] **Lane** teaches all of these limitations as noted in 1.2.c. above.

  d.  [Old Hargraves v. Goglio] **Hargraves** teaches all of these limitations as noted in 1.2.d. above.

  e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches all of these limitations as noted in 1.2.e. above.

  f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations as noted in 1.2.f. above.

37.3    *a **protuberance** continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;*

Exhibit 8
Page 210

DETAILED EXPLANATION

[Note: this limitation is identical to the corresponding limitation 1.3 discussed above, so the
same teachings apply and those teachings are merely incorporated by reference
hereafter.]

  a.  [Melrose v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.a. above.

  b.  [Newcomb v. Melrose] **Newcomb** teaches all of these limitations as noted in 1.3.b.
above.

  c.  [Lane v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.c. above.

  d.  [Old Hargraves v. Goglio] **Goglio** teaches all of these limitations as noted in 1.3.d.
above.

  e.  [Old Hargraves v. Goglio + Old Ota] **Goglio** teaches all of these limitations as noted
in 1.3.e. above.

  f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches all of these limitations
as noted in 1.3.f. above.


*37.4*    *a flexible closure removably attached and sealed to said protuberance; and,*

[Note: this limitation is identical to the corresponding limitation 1.5 discussed above, so the
same teachings apply and those teachings are merely incorporated by reference
hereafter.]

  a.  [Melrose v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.a. above.

  b.  [Newcomb v. Melrose] **Newcomb** teaches a flexible closure as noted in 1.5.b. above.

  c.  [Lane v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.c. above.

  d.  [Old Hargraves v. Goglio] **Goglio** teaches a flexible closure as noted in 1.5.d. above.

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** and **Goglio** teach all of these limitations as noted in 1.5.e. above.

f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches a flexible closure as noted in 1.5.f. above.

37.5  *wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm); and*

[Note: this limitation is identical to the corresponding limitation 1.6 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

a.  [Melrose v. Goglio] **Melrose** teaches as noted in 1.6.a. above.

b.  [Newcomb v. Melrose] **Melrose** teaches as noted in 1.6.b. above.

c.  [Lane v. Goglio] **Lane** teaches as noted in 1.6.c. above.

d.  [Old Hargraves v. Goglio] **Hargraves** teaches as noted in 1.6.d. above.

e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted in 1.6.e. above.

f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches as noted in 1.6.f. above.

37.6  *wherein said container has a top load capacity of at least about 16 pounds (7.3 kg).*

[Note: this limitation is identical to the corresponding limitation 1.7 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

Exhibit 2
Page 212

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

    a.  [Melrose v. Goglio] **Melrose** teaches as noted in 1.7.a. above.

    b.  [Newcomb v. Melrose] **Melrose** teaches as noted in 1.7.b. above.

    c.  [Lane v. Goglio] **Lane** teaches as noted in 1.7.c. above.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches as noted in 1.7.d. above.

    e.  [Old Hargraves v. Goglio + Old Ota] **Hargraves** teaches as noted in 1.7.e. above.

    f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** teaches as noted in 1.7.f. above.

## Claim 38.

38.0   *The packaging system of Claim 37 wherein said handle is **disposed** on said body of said container.*

[Note: this limitation is identical to the corresponding limitation 1.4 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

    a.  [Melrose v. Goglio] **Melrose** teaches as noted in 1.4.a. above.

    b.  [Newcomb v. Melrose] **Melrose** teaches as noted in 1.4.b. above.

    c.  [Lane v. Goglio] **Lane** teaches as noted in 1.4.c. above.

    d.  [Old Hargraves v. Goglio] **Hargraves** teaches as noted in 1.4.d. above.

    e.  [Old Hargraves v. Goglio + Old Ota] **Ota** teaches as noted in 1.4.e. above.

    f.  [Old Vidkjaer v. Melrose + Old Hargraves] **Vidkjaer** and **Melrose** teach as noted in 1.4.f. above.

## Claim 39.

Exhibit 8
Page 213

REQUEST for Reexamination of 7,169,418
Issued: 01/30/2007

By Dalton et al.
SN 10/155,338

DETAILED EXPLANATION

*39.0    The packaging system of Claim 37 wherein said handle is **integral** with said body.*

[Note:  this limitation is identical to the corresponding limitation 14.0 discussed above, so the

same teachings apply and those teachings are merely incorporated by reference

hereafter.]

a.    [Melrose v. Goglio] **Melrose** teaches as noted in 14.0.a. above.

b.    [Newcomb v. Melrose] **Melrose** teaches as noted in 14.0.b. above.

c.    [Lane v. Goglio] **Lane** teaches as noted in 14.0.c. above.

d.    [Old Hargraves v. Goglio] **Hargraves** teaches as noted in 14.0.d. above.

e.    [Old Hargraves v. Goglio + Old Ota] **Ota** teaches as noted in 14.0.e. above.

f.    [Old Vidkjaer v. Melrose + Old Hargraves] **Melrose** teaches as noted in 14.0.f.

above.

**Claim 40** of USP 7,169,418 is unpatentable under 35 USC 103 as being obvious over the

following combinations of references:

a.    Melrose in view of Goglio;

b.    Newcomb in view of Melrose;

c.    Lane in view of Goglio;

d.    Old Hargraves in view of Goglio, and further in view of Melrose;

e.    Old Hargraves in view of Goglio, and further in view of Old Ota; and

f.    Old Vidkjaer in view of Melrose, and further in view of Old Hargraves.

Exhibit ___∂___
Page ___214___

DETAILED EXPLANATION

Obviousness is shown by the following comparison in which the claim elements are recited in italics for easier identification, and each prior art combination used for rejection identified by the same letter and abbreviated identification of the prior art combination as shown above.

**Claim 40.**

40.0   *The packaging system of Claim 37 wherein said handle is substantially **parallel to said longitudinal axis** of said container.*

[Note: this limitation is identical to the corresponding limitation 15.0 discussed above, so the same teachings apply and those teachings are merely incorporated by reference hereafter.]

   a.   [Melrose v. Goglio] **Melrose** teaches as noted in 15.0.a. above.

   b.   [Newcomb v. Melrose] **Melrose** teaches as noted in 15.0.b. above.

   c.   [Lane v. Goglio] **Lane** teaches as noted in 15.0.c. above.

   d.   [Old Hargraves v. Goglio + Melrose] **Hargraves** and **Melrose** teach as noted in 15.0.d. above.

   e.   [Old Hargraves v. Goglio + Old Ota] **Ota** teaches as noted in 15.0.e. above.

   f.   [Old Vidkjaer v. Melrose + Old Hargraves] **Melrose** teaches as noted in 15.0.f. above.

**Claims 41-43** of USP 7,169,418 are unpatentable under 35 USC 103 as being obvious over the following combinations of references:

   a.   Melrose in view of Goglio;

Exhibit ___
Page 215