QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Michael D. Powell (Bar No. 202850)
  mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
  randygarteiser@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTOR & GAMBLE COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>    Defendant. | CASE NO. C 07-04413 PJH<br><br>KRAFT FOODS GLOBAL, INC.'S ANSWER AND COUNTERCLAIMS TO THE PROCTOR & GAMBLE COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Defendant and counterclaimant Kraft Foods Global, Inc. ("Kraft"), by their undersigned attorneys, answer the original Complaint for Patent Infringement ("Complaint") of plaintiff and counterclaim defendant The Proctor & Gamble Company ("P&G"), as follows:

# I.  ANSWER

## THE PARTIES

1. Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint and therefore denies them.

2. Kraft admits the allegations in paragraph 2 of the Complaint.

## JURISDICTION

3. Kraft admits that P&G purports to invoke subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Kraft admits that it is subject to personal jurisdiction in this Court with respect to the claims asserted in the Complaint.  Kraft denies that it has committed any acts of infringement within this district or otherwise.  Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 3 of the Complaint and therefore denies them.

## VENUE

4. Kraft denies that it has committed any acts of infringement within this district or otherwise.  Kraft admits that it operates a manufacturing facility in San Leandro, California, that makes the 39-ounce plastic containers used for its Maxwell House brand coffee.  Kraft further admits that its Maxwell House brand coffee is sold within this district and that venue is proper in this district.  Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 4 of the Complaint and therefore denies them.

## INTRADISTRICT ASSIGNMENT

5. Kraft denies that it has committed any acts of infringement within this district or otherwise.  Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5 of the Complaint and therefore denies them.

51282/2223125.1

-2-                                Case No. C 07-04413 PJH
ANSWER AND COUNTERCLAIMS TO THE PROCTOR AND GAMBLE COMPANY'S
COMPLAINT FOR PATENT INFRINGEMENT

**INFRINGEMENT OF U.S. PATENT NO. 7,169,418**

6. Kraft admits that U.S. Patent 7,169,418 (the "'418 Patent"), entitled "Packaging system to provide fresh packed coffee," issued on January 30, 2007. Kraft further admits that David Dalton, James Smith, James Bono, Sameer Mungur, Douglas Zeik, Aisha Barry and Jennifer Ruth Floyd appear as named inventors on the face of the '418 Patent. Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 6 of the Complaint and therefore denies them.

7. Kraft denies that it has committed any acts of infringement within this district or otherwise. Kraft admits that it is manufacturing, using, selling, and/or offering to sell 39-ounce plastic containers of Maxwell House brand coffee. Kraft is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7 of the Complaint and therefore denies them.

8. Kraft denies the allegations of paragraph 8 of the Complaint.

9. Kraft denies the allegations of paragraph 9 of the Complaint.

**PRAYER FOR RELIEF**

10. Kraft denies that P&G is entitled to the relief it seeks or any relief at all from Kraft.

**JURY DEMAND**

11. Kraft admits that P&G demands a jury trial. Except as expressly admitted, Kraft denies the remaining allegations in P&G's demand for a jury trial.

**II. AFFIRMATIVE DEFENSES**

For its Affirmative Defenses to the Complaint, Kraft alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**STAY OF ACTION**

12. P&G's complaint, and all proceedings in furtherance thereof, before this Court are improper and should be stayed pending completion of any pending reexamination of the '418 patent.

51282/2223125.1

-3-    Case No. C 07-04413 PJH
ANSWER AND COUNTERCLAIMS TO THE PROCTOR AND GAMBLE COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT

**SECOND AFFIRMATIVE DEFENSE**

**NON-INFRINGEMENT OF THE '418 PATENT**

13. Kraft has not infringed, and currently does not infringe, the '418 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

**THIRD AFFIRMATIVE DEFENSE**

**INVALIDITY OF THE '418 PATENT**

14. The claims of the '418 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

**EQUITABLE ESTOPPEL OF THE '418 PATENT**

15. The relief sought by P&G as to the '418 Patent is barred, in whole or in part, under the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**PROSECUTION HISTORY ESTOPPEL OF THE '418 PATENT**

16. Kraft is informed and believes, and thereon alleges, that the relief sought by P&G as to the '418 Patent is barred under the doctrine of prosecution history estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**DEDICATION OF THE '418 PATENT**

17. Kraft is informed and believes, and thereon alleges, that the relief sought by P&G is barred because all embodiments not literally claimed in the '418 Patent were dedicated to the public.

**SIXTH AFFIRMATIVE DEFENSE**

**FAILURE TO STATE A CLAIM FOR THE '418 PATENT**

18. The Complaint fails to state a claim upon which relief can be granted.

51282/2223125.1

-4-   Case No. C 07-04413 PJH
ANSWER AND COUNTERCLAIMS TO THE PROCTOR AND GAMBLE COMPANY'S
COMPLAINT FOR PATENT INFRINGEMENT

### SEVENTH AFFIRMATIVE DEFENSE
### MARKING OF THE '418 PATENT

19. P&G's pre-lawsuit claims for damages as to the '418 Patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE
### LACHES OF THE '418 PATENT

20. P&G's pre-lawsuit claims for damages as to the '418 Patent are barred, in whole or in part, under the doctrine of laches.

### III. COUNTERCLAIMS

Kraft alleges as follows:

1. By asserting this counterclaim Kraft does not concede, and expressly disputes, the propriety of this action going forward in light of the pending reexamination of the '418 patent.

2. Kraft counterclaims against P&G pursuant to the patent laws of the United States in Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States in 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

### THE PARTIES

3. Kraft is a Delaware corporation with its principal place of business in Northfield, Illinois.

4. Upon information and belief, P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. This Court has personal jurisdiction over the P&G by virtue, *inter alia*, of P&G's having elected to file its Complaints in this Court.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM - DECLARATORY JUDGMENT

8. By virtue of the allegations of P&G's Complaint in this action and Kraft's Answer thereto, an actual controversy exists between Kraft and P&G as to whether the '418 patent is invalid, unenforceable and/or not infringed.

### FIRST COUNT

### DECLARATION OF NON-INFRINGEMENT OF THE '418 PATENT

9. Kraft restates and incorporate by reference each of the allegations of paragraphs 1 through 7 of Section III of this Answer and Counterclaims.

10. P&G claims to be the owner by assignment of all legal rights and interest in the '418 patent.

11. P&G alleges infringement of the '418 patent by Kraft.

12. Kraft is not infringing and has not infringed any valid claim of the '418 patent, and P&G is entitled to no relief for any claim in the Complaint.

### SECOND COUNT

### DECLARATION OF INVALIDITY OF '418 PATENT

13. Kraft restates and incorporates by reference each of the allegations of paragraphs 1 through 7 of Section III of this Answer and Counterclaims.

14. P&G claims to be the owner by assignment of all legal rights and interest in the '418 patent.

15. P&G, by its Complaint, contends that the '418 patent is valid and infringed by Kraft and the customers using Kraft's products or services.

16. Each and every claim of the '418 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and/or 112.

### JURY DEMAND

17. Kraft hereby demands a jury trial on all issues and claims so triable.

51282/2223125.1

-6-    Case No. C 07-04413 PJH
ANSWER AND COUNTERCLAIMS TO THE PROCTOR AND GAMBLE COMPANY'S
COMPLAINT FOR PATENT INFRINGEMENT

**PRAYER FOR RELIEF**

WHEREFORE, Kraft prays that this Court:

a. Enter judgment against P&G and in favor of Kraft on each of the claims set forth in the Complaint filed by P&G;

b. Dismiss the Complaint with prejudice;

c. Find and declare that the '418 patent is not infringed by Kraft;

d. Find and declare that each of the claims of the '418 patent are invalid and/or unenforceable;

e. Find that this is an exceptional case and award Kraft its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

g. Grant Kraft such other and further relief as the Court shall deem just and proper.

DATED: September 17, 2007            Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/Claude M. Stern
Claude M. Stern
Evette D. PennyPacker
Michael D. Powell
Randy Garteiser
Attorneys for Kraft Foods Global, Inc.

51282/2223125.1

-7-    Case No. C 07-04413 PJH
ANSWER AND COUNTERCLAIMS TO THE PROCTOR AND GAMBLE COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT