1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Claude M. Stern (Bar No. 96737)
2   claudestern@quinnemanuel.com
    Evette D. Pennypacker (Bar No. 203515)
3   evettepennypacker@quinnemanuel.com
    Michael D. Powell (Bar No. 202850)
4   mikepowell@quinnemanuel.com
    Randy Garteiser (Bar No. 231821)
5   randygarteiser@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
6  Redwood Shores, California  94065-2139
   Telephone:    (650) 801-5000
7  Facsimile:    (650) 801-5100

8  Attorneys for Kraft Foods Global, Inc.

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

13 THE PROCTER & GAMBLE COMPANY,          CASE NO. C 07-04413 PJH

14            Plaintiff,                   Honorable Phyllis J. Hamilton

15     vs.                                **MOTION TO SHORTEN TIME ON
                                          HEARING AND BRIEFING SCHEDULE
16 KRAFT FOODS GLOBAL, INC.,              FOR KRAFT 'S MOTION FOR STAY,
                                          OR, IN THE ALTERNATIVE, MOTION
17            Defendant.                  TO EXPEDITE DISCOVERY AND
                                          CONTINUE PRELIMINARY
18                                        INJUNCTION MOTION HEARING DATE**

19                                        Date: September 26, 2007
                                          Time: 9:00 a.m.
20                                        Place: Courtroom 3, 17th Floor

21       **NOTICE OF MOTION AND MOTION TO SHORTEN TIME**

22         By this Motion, Defendant Kraft Foods Global, Inc. ("Kraft") seeks an Order shortening

23 time for hearing and briefing with respect to its accompanying Motion For Stay, or in the

24 alternative, Motion To Expedite Discovery and to Continue Preliminary Injunction Hearing Date

25 ("Motion to Stay") with respect to The Procter & Gamble Company's ("P&G") motion for a

26 preliminary injunction filed last Friday .

27         Good cause exist to shorten time to hear Kraft's motion to stay the present litigation

28 pending the outcome of a currently pending *inter partes* reexamination proceeding involving the

quinn emanuel

1   patent at issue in this lawsuit or, in the alternative, to continue the hearing date on P&G's motion

2   for preliminary injunction by 60 days to December 19, 2007 to allow Kraft sufficient time to take

3   limited expedited discovery concerning P&G's just-filed motion for preliminary injunction.

4       This motion is based on this Notice of Motion and Motion and the accompanying

5   Memorandum of Points and Authorities; the Declaration of Claude M. Stern; the pleadings and

6   papers on file in this action; and such further evidence and argument as may be presented at or

7   before the hearing on this matter.

8   **MEMORANDUM OF POINTS AND AUTHORITIES**

9   **I.     INTRODUCTION**

10      In this suit, P&G claims that Kraft infringes U.S. Patent Number 7,169,418, entitled

11  "Packaging System to Provide Fresh Packed Coffee" (the "'418 Patent").  That same patent is

12  currently the subject of an *inter partes* reexamination proceeding before the PTO.

13      This Court should stay the present litigation pending the outcome of the *inter partes*

14  reexamination proceeding that involves the very same patent asserted against Kraft in this case.  If

15  the Court declines to stay these proceedings pending the outcome of the reexamination, Kraft

16  requests, in the alternative, that the Court issue an order continuing the hearing on P&G's motion

17  for preliminary injunction by 60 days to December 19, 2007 in order to allow Kraft to take limited

18  expedited discovery concerning the issues raised, and evidence presented, by P&G's motion.

19      Hearing Kraft's motion on the regular schedule provided for in the Civil Local Rules would

20  thwart the very purpose of Kraft's motion to stay the litigation, or, in the alternative to continue the

21  hearing date on P&G's motion for preliminary injunction.

22  **II.     PARTIES HAVE MET AND CONFERRED**

23      Counsel for Kraft has complied with its meet and confer obligations under Local Rule 6-3

24  and 37-1(a).  Declaration of Claude M. Stern ("Stern Decl.") ¶13.

25  **III.     FACTUAL AND PROCEDURAL BACKGROUND**

26      P&G filed this patent infringement lawsuit against Kraft just three weeks ago, on August

27  27, 2007, alleging that, through Kraft's manufacture and sale of Maxwell House® brand coffee in

28  plastic containers, Kraft is infringing one or more claims of the '418 Patent, which P&G claims it

quinn emanuel

1   owns. *Id*. at ¶ 5.  Just last Friday, P&G filed a motion for preliminary injunction in this case, the

2   hearing on which is set for Wednesday, October 24, 2007, before this Court. *Id*.  In its motion,

3   P&G seeks to, among other things, enjoin Kraft from any further manufacture and sale of Maxwell

4   House® brand coffee in plastic containers. *Id*.

5        P&G is threatening to cause Kraft serious economic and business injury through the

6   injunction. *Id*.  at 6.  P&G's motion seeks to cause Kraft no less than approximately $250 million

7   in damages, plus adversely affects to Kraft's market share in the ground coffee market, the

8   relationship between Kraft and its distributor, retailer, partnering and customer relationships. *Id*.

9                            **IV.    ARGUMENT**

10       A.    <u>Kraft's Motion to Stay.</u>

11       At the time this suit was filed and continuing to day,  Kraft is in the midst of an *inter*

12  *partes* re-examination proceeding seeking re-examination of all 55 claims of the '418 patent (on

13  the grounds that, as urged by Kraft, those claims are invalid over cited prior art).  Although the

14  PTO issued a decision confirming the '418 patent claims on or about June 7, 2007, this re-

15  examination proceeding is not yet final.  Kraft fully intends to file an appeal of that decision to the

16  Board of Patent Appeals and Interferences once the PTO issues the Right to Appeal Notice.  Kraft

17  believes that it has compelling invalidity arguments to be made in that re-exam proceeding. *Id*. at

18  7.

19       In light of the pending re-exam, and based on substantial precedent, that this action should

20  be stayed by this Court, pending the finality of the re-exam proceedings.  Kraft is filing herewith,

21  a motion to stay this proceeding. *Id*.  at. ¶ 8.  The primary purpose of the motion is to obtain a stay

22  of these proceedings pending the re-examination becoming final. *Id*.  But a secondary, and

23  alternative, remedy sought by the motion is that, should this Court deny Kraft's motion to stay (or

24  choose not to hear it at this stage), Kraft should be allowed to obtain discovery of numerous

25  matters asserted by P&G in it preliminary injunction motion, so that Kraft may use the fruits of

26  this discovery in preparing its opposition to P&G's preliminary injunction motion.

27       To this end, this alternative motion for discovery  asks the Court to continue the hearing on

28  the preliminary injunction from Wednesday, October 24, 2007, to approximately 7 weeks later, or

quinn emanuel

1  Wednesday, December 19, 2007, and to allow Kraft to obtain discovery from P&G and third

2  parties in the interim and use this discovery in opposing the motion for preliminary injunction.

3      B.    Prejudice to Kraft from Not Ordering Shortened Time on Motion to Stay.

4      The hearing on Kraft's motion to stay, or in the alternative for expedited discovery from

5  P&G, would normally be heard no less than 35 days from the filing of this motion, or no sooner

6  than October 24, 2007, which is the same date that P&G has set for its preliminary injunction

7  motion. *Id.* at ¶ 9. Kraft's opposition papers to P&G's motion for preliminary injunction, if filed

8  on regular time as per Local Rule 7-3, are due October 3, 2007. *Id.* If the hearing for a Motion to

9  Stay is not heard before October 3, 2007, then Kraft will be required to prepare a full opposition to

10 P&G's preliminary injunction motion including presentation of substantial evidence regarding the

11 interpretation of claim terms, proof of non-infringement, and proof of the patent's invalidity. *Id.*

12 If this motion is not heard on shortened time, Kraft will suffer the following prejudice and

13 unnecessary burden and expense:

14      a.    Kraft will incur many, many hundreds of thousand of dollars (if not more) in

15 attorneys fees, legal costs and expert fees to prepare and present an opposition to P&G's motion

16 for preliminary injunction, all of which will be essentially wasted should this Court ultimately

17 decide, at a regularly noticed Motion to Stay, that this matter should be stayed. *Id.*

18      b.    The attention and business of numerous Kraft employees, including managers,

19 scientists and others, would be distracted from the important business of Kraft and instead devoted

20 to assisting to the preparation of an opposition to a preliminary injunction motion, which, if the

21 stay is ultimately granted, would be entirely wasted and unnecessary. *Id.*

22      c.    There has already been substantial press coverage of this case, including of the

23 pending preliminary injunction motion, which presents the threat of an unnecessary cloud over

24 Kraft's business. *Id.* Considering the Motion to Stay earlier serves to eliminate any threat. *Id.*

25      C.    Prejudice to Kraft from Not Ordering Shortened Time on Alternative Motion to
            Continue Hearing Date.

26

27      Similarly, should this Court decide to not stay this proceeding but instead allow expedited

28 discovery, this Court would not have an opportunity to grant order such discovery until the

1  hearing on this regularly-noticed motion on October 24, 2007; by that date, the discovery would

2  be of no use to Kraft, since, under the current timetable, Kraft's opposition to the preliminary

3  injunction would have been due by about October 3, 2007.  Id. at ¶ 10.

4       For this reason, Kraft is asking, as an alternative to the motion to stay that this Court (a)

5  continue the hearing date on P&G's preliminary injunction motion from October 24, 2007 to

6  Wednesday, December 19, 2007; (b) allow Kraft to take the discovery of P&G and third parties

7  that is attached to my declaration in support of Kraft's Motion to Stay, or in the Alternative, a

8  Motion for Expedited Discovery from P&G and Rescheduling of Preliminary Injunction Hearing

9  and Briefing Dates; (c) extend the time for Kraft's opposition papers to the P&G's motion for

10  preliminary injunction from October 3, 2007 to November 28, 2007, and (d) extend the time for

11  P&G's reply papers October 10, 2007 to December 5, 2007.  Id.  The expedited discovery Kraft

12  seeks is specifically tailored to the P&G's preliminary injunction motion.  Id. at ¶ 11.

### V.    CONCLUSION

13

14       Kraft asks the Court to set the following dates on the accompanying Motion to Stay:

15       a.    The hearing would be Wednesday, September 26, 2007 at 9 a.m.

16       b.    P&G's opposition to this motion shall be filed and hand served no later than

17  12 noon on Monday, September 24, 2007.

18       c.    Kraft's reply papers, if any, to this opposition, shall be filed and hand served

19  no later than noon on Tuesday, September 25, 2007.

20

21  DATED:  September 19, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
22

23

24                                      By  Claude M. Stern  /s/
                                           Claude M. Stern
25                                         Evette D. PennyPacker
                                           Michael D. Powell
26                                         Randy Garteiser

27                                      Attorneys for Kraft Foods Global, Inc.

28