QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Mike D. Powell (Bar No. 202850)
    mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
    randygarteiser@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC, a Delaware Corporation,<br><br>Defendant. | CASE NO. C 07-4413 PJH<br><br>**DECLARATION OF CLAUDE M. STERN IN SUPPORT OF MOTION FOR STAY, OR, IN THE ALTERNATIVE MOTION TO EXPEDITE DISCOVERY AND TO CONTINUE PRELIMINARY INJUNCTION MOTION HEARING DATE** |

I, Claude M. Stern, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner of the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for the Defendant Kraft Foods Global, Inc. ("Kraft") in this matter.

2. I make this declaration in support of Kraft's Motion for Stay, or, In the Alternative, Motion For Expedited Discovery and to Continue Preliminary Injunction Hearing Date ("Motion for Stay"). I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

3. **Background**. The Proctor and Gamble Company ("P&G") filed this patent infringement lawsuit against Kraft just three weeks ago, on August 27, 2007. The complaint in this case seeks unspecified damages for patent infringement and also seeks injunctive relief. In the complaint, P&G alleges that, through Kraft's manufacture and sale of Maxwell House® brand coffee in plastic 39-ounce containers, Kraft is infringing one or more claims of U.S. Patent No. 7,169,418, entitled "Packaging System to provide Fresh Packed Coffee" ("'418 patent"), which P&G claims it owns.

4. **P&G's Preliminary Injunction Motion**. Just last Friday, and nearly three weeks after the complaint was filed in this suit, P&G filed a motion for preliminary injunction in this case, the hearing on which is set for Wednesday, October 24, 2007, before this Court. In its motion, P&G seeks to, among other things, enjoin Kraft from any further manufacture and sale of Maxwell House® brand coffee in plastic containers. There has been no discovery in this case to date, no meeting under Rule 26(f), and no meeting between counsel regarding a Rule 16 required coordination of the case. Moreover, the parties have not exchanged proposed claim construction terms nor supporting materials under the Patent Local Rules. Finally, no *Markman* hearing date has been set, and no trial date has been set. This case is literally at its very beginning.

5. Kraft takes P&G's motion for preliminary injunction very seriously, since P&G is threatening to cause Kraft serious economic and business injury through the injunction. P&G submits documents with its motion that indicate that Kraft has historically sold on an annual basis

1  approximately $500,000,000 - - or half a billion dollars - - of its Maxwell House® brand coffee.
2  (*See, e.g.*, Exhibit 3 to the Declaration of Jason Gemeiner in Support of the Procter & Gamble
3  Company's Motion for a Preliminary Injunction.)  According to various personnel I have spoken
4  with at Kraft, were an injunction to issue in this case as requested by P&G, Kraft would be unable
5  to re-shift to manufacturing and selling its Maxwell House® brand coffee in the previous metal
6  (or "tin") cans for approximately 25 weeks, or almost half a year.  So, by its own terms, P&G's
7  motion seeks to cause Kraft no less than approximately $250 million in damages (i.e. 25 weeks of
8  no shipment/52 weeks per year x $500 million/year of Maxwell House® brand coffee = $240.4
9  million).  I say "no less" because I understand from Kraft that, in addition to lost revenues from
10  the sale of its coffee, any such injunction could or likely would adversely affect Kraft's market
11  share in the ground coffee market, cause lost inventory (since existing inventory in the plastic
12  container could not be sold), and also adversely affect numerous distributor, retailer, partnering
13  and customer relationships, and likely cause other collateral damages resulting from the injunction
14  P&G seeks.

15  Finally, Kraft believes it has compelling invalidity and non-infringement arguments that
16  preclude P&G from obtaining a preliminary injunction in this case.  Kraft will present evidence
17  that each and every element of the asserted claims were present in the art before June 4, 2001 —
18  not just in the prior art patent and printed publication art before the PTO on reexamination, but
19  also product packaging art that has never been presented to (and is not properly considered in
20  reexam by) the PTO.  Kraft also has substantial non-infringement arguments.

21  6.    **Motivation to Stay this Court Proceeding: Pending PTO/BPAI Re-exam**.  As
22  part of its preliminary injunction motion, P&G has submitted the declarations of no fewer than 10
23  individuals, 9 of whom appear to be long-term, if not career, P&G employees (the only declaration
24  not submitted by a P&G employee is from a Howrey lawyer, who represents P&G in this suit).
25  What is remarkable about P&G's motion and supporting papers is that they devote negligible
26  space to the fact that (a) *at the time this suit was filed and continuing to day*, Kraft is in the midst
27  of an *inter partes* re-examination proceeding seeking re-examination of all 55 claims of the '418
28

patent (on the grounds that, as urged by Kraft, those claims are invalid over cited prior art), and (b) that as of this date, *this re-examination proceeding is not yet final*. Kraft filed its petition for re-exam on or about January 31, 2007. The PTO issued a decision confirming the '418 patent claims on or about June 7, 2007. The PTO's decision is by no means final. Kraft has a right to appeal this decision once the PTO issues a Right to Appeal Notice, and has every intention of doing so. As of the date of this declaration, the PTO has not issued the Right to Appeal Notice. However, Kraft informs me that it has already considered the PTO's June 7, 2007 decision, and fully intends to file an appeal of that decision to the Board of Patent Appeals and Interferences once the PTO issues the Right to Appeal Notice. I am also informed that Kraft sincerely believes that it has compelling invalidity arguments to be made in that re-exam proceeding.

7.   In light of the pending reexamination proceedings, it is Kraft's position, based on substantial precedent, that this action - - including P&G's motion for a preliminary injunction - - should be stayed by this Court, pending the finality of the re-exam proceedings (including all appeals, which are allowed from each stage of the re-exam proceeding). For this reason, my firm has prepared, and is filing herewith, a motion to stay this proceeding, or in the alternative, a motion to obtain expedited discovery from P&G as well as third parties that relate to testimony and arguments that P&G has advanced in its preliminary injunction motion, and to continue the hearing and briefing dates regarding the preliminary injunction motion. The primary purpose of the motion is to obtain a stay of these proceedings pending the re-examination becoming final. (In my view, the case law cited in this motion supports, if not compels, the stay being requested.) But a secondary, and alternative, remedy sought by the motion is that, should this Court deny Kraft's motion to stay (or choose not to hear it at this stage), Kraft should be allowed to obtain discovery of numerous matters asserted by P&G in it preliminary injunction motion, so that Kraft may use the fruits of this discovery in preparing its opposition to P&G's preliminary injunction motion.

8.   The expedited discovery Kraft seeks is limited and specifically tailored to the materials P&G submitted with its preliminary injunction motion. As an example only, P&G

51282/2226167.2

-4-
DECLARATION OF CLAUDE M. STERN IN SUPPORT MOTION FOR STAY OR MOTION FOR EXPEDITED DISCOVERY AND TO CONTINUE HEARING DATE
Case No. C 07-4413 PJH

grounds its claims of infringement on certain "tests" it conducted on Kraft's packaging. P&G provides what it claims to be the results of these test, but P&G has not included with its motion the tests' documentation or materials. By the same token, although P&G claims conclusorily that it has information that Kraft's packaging "is poised" to cause injury to P&G, it has provided no documentation or economic analyses supporting this conclusion. These are just some of examples of the type of discovery Kraft would like to have sufficient time to take in order to respond to P&G's preliminary injunction motion.

9. **Compliance with Local Rule 6-3, Local Rule 37-1(a).** There have been no prior continuances sought or obtained in this action. Earlier today, I contacted William Rooklidge at Howrey LLP, counsel of record for P&G in this lawsuit. I asked Mr. Rooklidge whether P&G would agree to stay this proceeding or allow a motion to stay to be heard on shortened time, continue the hearing date on P&G's motion for preliminary injunction by about 7 weeks, and allow Kraft to take limited expedited discovery in connection with preparing its opposition to P&G's preliminary injunction motion. Mr. Rooklidge objected to staying this proceeding, objected to having Kraft's Motion to Stay being heard on shortened time, and refused to continue the hearing date on P&G's preliminary injunction motion (and associated briefing schedule). Mr. Rooklidge did agree in principle to allow Kraft to take discovery from P&G, but insisted that Kraft must complete such discovery by the current deadline for Kraft's opposition to P&G's motion for preliminary injunction, which, again, is October 3, 2007. I informed Mr. Rooklidge that, under the current schedule, and as a practical matter, P&G is not in a position to give to Kraft all the discovery that Kraft will be seeking, and Kraft is not in a position to complete such discovery (including taking all necessary depositions), while at the same time collecting information and analyzing and otherwise responding to P&G's preliminary injunction motion all in a period of just over 2 weeks.

10. Attached hereto as Exhibit 1 is a true and correct copy of Kraft Foods Global, Inc.'s First Set of Request For Production of Documents And Things To Plaintiff that it intends to serve on plaintiff.

11. Attached hereto as Exhibit 2 is a true and correct copy of Kraft Foods Global, Inc.'s First Set of Request For Admissions To Plaintiff that it intends to serve on plaintiff.

12. Attached hereto as Exhibit 3 is a true and correct copy of Kraft Foods Global, Inc.'s First Set of Interrogatories To Plaintiff that it intends to serve on plaintiff.

13. Attached hereto as Exhibit 4 is a true and correct copy of Kraft Foods Global, Inc.'s First 30(b)(6) Notice to Plaintiff Procter & Gamble Company that it intends to serve on plaintiff.

14. Attached hereto as Exhibit 5 are true and correct copies of the individual Notice of Depositions that Kraft intends to serve on plaintiff.

I declare under penalty of perjury under the laws of the United States that the above statements are true and correct, except where matter is stated in information and belief, and as to that matter, I declare that I am informed and believe such matter. Executed this 19th day of September, 2007, in the City of Redwood Shores, California.

DATED: September 19, 2007                    _____/s/_____
                                             Claude Stern