# EXHIBIT 3

## To The Declaration of Claude M. Stern

quinn emanuel

The Procter and Gamble Company v. Kraft Foods Global, Inc.,
Case No. C-07-4413-PJH (N.D. Cal. 2007)

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
  Michael D. Powell (Bar No. 202850)
  mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
  randygarteiser@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>       Plaintiff,<br><br>       vs.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>       Defendant. | CASE NO. C 07-04413 PJH<br><br>**KRAFT FOODS GLOBAL, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Kraft Foods Global, Inc., by and through its undersigned attorneys, hereby requests that plaintiff Procter & Gamble Company in the above-captioned action respond to the following interrogatories within ten (10) days of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

As used in this first set of requests for interrogatories, the following terms shall have the meanings indicated below:

1.      "Kraft" shall mean Kraft Foods Global, Inc., defendant in the above-captioned action.

51282/2225009.2

KRAFT FOODS GLOBAL, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

2.    "P&G," "PLAINTIFF," "YOU," or "YOUR" shall mean The Procter & Gamble Company, plaintiff in the above-captioned action and its subsidiaries, including Folders Coffee Company, and their officers, directors, employees, agents, successors, assigns, attorneys or persons or entities acting for or on behalf of The Procter & Gamble Company or Folders Coffee Company.

3.    "DOCUMENT" has the same meaning as the term is defined in Fed. R. Civ. P. 34(a) and as the term "writing" is defined in Fed. R. Evid. 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail.

4.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, ANY transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by ANY medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail ("E-mail").

5.    "PERSON" refers to ANY individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

51282/2225009.2

6.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside the scope.

7.    "Any" shall include "all" and "all" shall include "any."

8.    "Including" shall mean including but not by way of limitation.

9.    The use of any pronoun herein shall include the masculine, the feminine and the neuter.

10.    The use of any singular construction shall include the plural, and the use of the plural shall include the singular.

11.    The terms "REFLECT," "RELATE," "REFER," "REFLECTING," "RELATING," or "REFERRING" shall mean relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.    The "'418 patent" or "ASSERTED PATENT" shall mean U.S. Patent No. 7,169,418.

14.    "ACCUSED PRODUCT" shall mean Kraft's thirty-nine ("39") ounce plastic coffee container as identified in P&G's complaint in paragraph 7.

**Instructions**

1.    When an interrogatory requests disclosure of a DOCUMENT or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each person who participated in or had knowledge of the DOCUMENT or other information and provide the following:

(a)    the privilege or protection that YOU claim precludes disclosure;

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

51282/2225009.2

1        (b)     the date on which the privilege allegedly attached;

2        (c)     the subject matter of the DOCUMENT or information (without revealing

3 the content as to which the privilege is claimed); and

4        (d)     any additional facts or grounds on which YOU base YOUR claim of

5 privilege or protection.

6      2.     When an interrogatory requests that YOU provide information, YOU are required

7 to supply all information known by or available to YOU or YOUR employees, officers, directors,

8 agents, representatives, attorneys and experts.  If YOU cannot completely answer the interrogatory

9 after making diligent efforts to do so, please so state.  Then describe in detail all efforts made to

10 answer the interrogatory; identify every person involved in such efforts; and state the additional

11 information YOU need, if any, to respond completely to the interrogatory.

12 **INTERROGATORIES**

13 **INTERROGATORY NO. 1:**

14      Describe in detail the coffee "aroma value" tests YOU performed in connection

15 with the conception, research, development, and reduction to practice of the purported inventions

16 disclosed in ASSERTED PATENT, including the names of the persons that performed the testing,

17 the number and names of the participants of the test, the names of people that did not pass the

18 "scratch and sniff" prescreening test identified at col. 15:54-61 of the '418 patent, the date the test

19 was conducted, and the physical characteristics of the polyolefinic container tested and described

20 in the '418 patent.

21 **INTERROGATORY NO. 2:**

22      Describe in detail any infringement analysis or testing YOU conducted on the

23 ACCUSED PRODUCT.

24 **INTERROGATORY NO. 3:**

25      Describe in detail all formulas, calculations, assumptions or analyses for each type

26 of injury, including loss revenues, loss profits, loss market share, loss of goodwill, loss of

27 reputation, that YOU have or will sustain as a result of sales of the ACCUSED PRODUCT.  A

51282/2225009.2    28

4

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

quinn emanuel

1  sufficient response to this interrogatory cannot be obtained through a citation to documents

2  pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

3  **INTERROGATORY NO. 4**:

4          Identify the individuals that tested YOUR Folgers 39-ounce plastic coffee container

5  for at least one "region of deflection" and an "overall coffee aroma value" as those terms are used

6  in claim 33 of the ASSERTED PATENT.  A sufficient response to this interrogatory cannot be

7  obtained through a citation to documents pursuant to Rule 33(d) of the Federal Rules of Civil

8  Procedure.

9  **INTERROGATORY NO. 5**:

10         Identify the individuals that tested ACCUSED PRODUCT for at least one "region

11 of deflection" and an "overall coffee aroma value" as those terms are used in claim 33 of the

12 ASSERTED PATENT.  A sufficient response to this interrogatory cannot be obtained through a

13 citation to documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

14 **INTERROGATORY NO. 6**:

15         Identify in detail all areas of the ACCUSED PRODUCT that constitute a "region of

16 deflection," as that term is used in claim 33 of the ASSERTED PATENT.  A sufficient response to

17 this interrogatory cannot be obtained through a citation to documents pursuant to Rule 33(d) of the

18 Federal Rules of Civil Procedure.

19 **INTERROGATORY NO. 7**:

20         Identify in detail all areas of the ACCUSED PRODUCT that constitute "the body

21 of said container proximate to said region of deflection," as that term is used in claim 33 of the

22 ASSERTED PATENT.  A sufficient response to this interrogatory cannot be obtained through a

23 citation to documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

24 **INTERROGATORY NO. 8**:

25         Identify all of the tests and the results of those tests that YOU conducted that aided

26 in the calculation of or resulted in an "overall coffee aroma value" for the ACCUSED PRODUCT

27 as the term "aroma coffee aroma value" is used in claim 33 of the ASSERTED PATENT.  A

28

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

quinn emanuel

1  sufficient response to this interrogatory cannot be obtained through a citation to documents

2  pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

3  **INTERROGATORY NO. 9**:

4  Identify all areas of YOUR 39 ounce plastic container YOU currently sale

5  containing Folgers Classic Roast coffee that constitute a "region of deflection," as that term is used

6  in claim 33 of the ASSERTED PATENT.  A sufficient response to this interrogatory cannot be

7  obtained through a citation to documents pursuant to Rule 33(d) of the Federal Rules of Civil

8  Procedure.

9  **INTERROGATORY NO. 10**:

10  Identify all areas of YOUR 39 ounce plastic container YOU currently sale

11  containing Folgers Classic Roast coffee that constitute "the body of said container proximate to

12  said region of deflection," as that term is used in claim 33 of the ASSERTED PATENT.  A

13  sufficient response to this interrogatory cannot be obtained through a citation to documents

14  pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

15  **INTERROGATORY NO. 11**:

16  Identify all of the tests and the results of those tests that YOU conducted that aided

17  in the calculation of or resulted in an "overall coffee aroma value" for one of YOUR 39 ounce

18  plastic container YOU currently sale containing Folgers Classic Roast coffee.  A sufficient

19  response to this interrogatory cannot be obtained through a citation to documents pursuant to Rule

20  33(d) of the Federal Rules of Civil Procedure.

21  **INTERROGATORY NO. 12**:

22  For the area or areas of the containers identified in response to Interrogatory Nos. 6

23  and 9, identify in detail the means or methods used to determine each said "region of deflection,"

24  including all documents supporting, contradicting, or RELATING TO YOUR conclusions.  A

25  sufficient response to this interrogatory cannot be obtained through a citation to documents

26  pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

27  **INTERROGATORY NO. 13**:

28

51282/2225009.2

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413

1       To the extent P&G's response to a request for admission served in this action is

2    anything other than an unqualified admission, state in detail the factual bases for each such

3    response.

4

5    DATED:  September __, 2007    QUINN EMANUEL URQUHART OLIVER &
                 HEDGES, LLP

6

7              By_____

8               Claude M. Stern
           Evette D. Pennypacker

9               Michael D. Powell
           Randy Garteiser

10               Attorneys for Kraft Foods Global, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

51282/2225009.2  28

KRAFT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
Case No. 07-4413