# EXHIBIT 4

## To The Declaration of Claude M. Stern

quinn emanuel

The Procter and Gamble Company v. Kraft Foods Global, Inc.,
Case No. C-07-4413-PJH (N.D. Cal. 2007)

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3    evettepennypacker@quinnemanuel.com
     Michael D. Powell (Bar No. 202850)
4    mikepowell@quinnemanuel.com
     Randy Garteiser (Bar No. 231821)
5    randygarteiser@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
6  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
7  Facsimile:    (650) 801-5100

8  Attorneys for Kraft Foods Global, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  THE PROCTER & GAMBLE COMPANY,          CASE NO. C 07-04413 PJH

14             Plaintiff,                  KRAFT FOODS GLOBAL, INC.'S FIRST
                                           30(b)(6) NOTICE TO PLAINTIFF PROCTER
15        vs.                              & GAMBLE COMPANY

16  KRAFT FOODS GLOBAL, INC.,

17             Defendant.

18

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

22  Civil Procedure, defendant Kraft Foods Global, Inc., ("Kraft"), by and through its attorneys of

23  record, will depose plaintiff the Procter & Gamble Company ("P&G") at _____ a.m. on

24  _____, 2007, at the offices of Howrey LLP, 2020 Main Street, Irvine, California 92614, and

25  shall continue day-to-day, Saturdays, Sundays and holidays excluded, thereafter until completed.

26  The deposition shall be recorded stenographically and shall be conducted before a notary public or

27  other officer duly authorized by law to take depositions and administer oaths.

28

KRAFT FOODS GLOBAL, INC.'S FIRST 30(b)(6) NOTICE TO PLAINTIFF
CASE NO. C 07-04413 PJH

         PLEASE TAKE FURTHER NOTICE that Kraft will videotape said deposition pursuant to Fed. R. Civ. P. 30(b). Kraft also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

         P&G shall designate one or more of its officers, directors, managing agents, or other persons who consent to testify on P&G's behalf as to all matters known or reasonably available to P&G with respect to the Topics of Examination set forth in the attached Exhibit A.

DATED: September __, 2007              Respectfully submitted,

                                       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                       By_____
                                           Claude M. Stern
                                           Evette D. PennyPacker
                                           Michael D. Powell
                                           Randy Garteiser

                                       Attorneys for Kraft Foods Global, Inc.

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "Kraft" shall mean Kraft Foods Global, Inc., defendant in the above-captioned action.

2. "P&G," "PLAINTIFF," "YOU," or "YOUR" shall mean The Procter & Gamble Company, plaintiff in the above-captioned action and its subsidiaries, including Folgers Coffee Company, and their officers, directors, employees, agents, successors, assigns, attorneys or persons or entities acting for or on behalf of The Procter & Gamble Company or Folgers Coffee Company.

3. "DOCUMENT" has the same meaning as the term is defined in Fed. R. Civ. P. 34(a) and as the term "writing" is defined in Fed. R. Evid. 1001, and shall include within its meaning any and all papers, videotapes or video recordings, photographs, films, recordings, memoranda, books, records, accounts, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writing or by means of any mechanical or electrical recording device, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs and any differing versions of the foregoing whether denominated formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in any form, including electronic form, on a computer or in a computer database or otherwise, including electronic mail.

4. The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, ANY transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by ANY medium, whether by written, oral or other means, including but not limited to electronic communications and electronic mail ("E-mail").

5.  "PERSON" refers to ANY individual, corporation, proprietorship, association, joint venture, company, partnership or other business or legal entity, including governmental bodies and agencies.

6.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each request all responses that might otherwise be construed to be outside the scope.

7.  "Any" shall include "all" and "all" shall include "any."

8.  "Including" shall mean including but not by way of limitation.

9.  The use of any pronoun herein shall include the masculine, the feminine and the neuter.

10. The use of any singular construction shall include the plural, and the use of the plural shall include the singular.

11. The terms "REFLECT," "RELATE," "REFER," "REFLECTING," "RELATING," or "REFERRING" shall mean relating to referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13. The "'418 patent" or "ASSERTED PATENT" shall mean U.S. Patent No. 7,169,418.

14. "ACCUSED PRODUCT" shall mean Kraft's thirty-nine ("39") ounce plastic coffee container as identified in P&G's complaint in paragraph 7.

15. "ProductScan" shall mean a searchable database of new products made available by Marketing Intelligence Service, Ltd., 6473D Route 64, Naples, NY 14512-9726.

### Instructions

1.  Each deposition subject herein shall include the identity of employees of P&G and other persons having discoverable information concerning the deposition subject.

2. Each deposition subject herein shall include the identity of all documents and facts relating to the deposition subject.

## TOPICS OF EXAMINATION

1. The irreparable harm, damages, financial injury, loss of goodwill, injury to reputation, loss of profits, loss of market share, loss of revenue, or other negative impact that PLAINTIFF contends it will suffer should the Court not grant its Motion For A Preliminary Injunction, *The Procter & Gamble Company v. Kraft Foods Global, Inc.*, Case No. C-07-04413-PJH (N.D. Cal. 2007), Docket Item 15, including studies, reports, and surveys concerning the same.

2. The research, development, testing, and commercialization efforts of P&G concerning its current and past plastic coffee containers, including all efforts related to the purported inventions disclosed in U.S. Patent No. 4,966,780 and the ASSERTED PATENT.

3. The "coffee aroma value" tests described in the ASSERTED PATENT.

4. The databases that P&G has access to in connection with product development, including databases containing new products, such as ProductScan, and the databases actually used by the named inventors or anyone else in connection with the conception and reduction to practice of the purported inventions disclosed in the ASSERTED PATENT, in U.S. Patent No. 4,966,780, or in connection with the development of any other plastic consumer packaging.

5. Any study, analysis, investigation, testing and/or evaluation conducted by or on behalf of P&G concerning the ACCUSED PRODUCT.

6. The prosecution of the ASSERTED PATENT, including but not limited to the circumstances and other details associated with the filing and prosecution of the ASSERTED PATENT and any related applications identified in prosecution history of the ASSERTED PATENT.

7. The first public disclosure of each of the inventions disclosed in the ASSERTED PATENT.

8. The first sale of any product practicing or embodying any claim of the ASSERTED PATENT.

9. The research, surveys, focus groups, consumer comments, studies or marketing studies conducted by YOU or at YOUR direction concerning the packaging of coffee in a plastic container.

10. P&G's responses to Kraft's Interrogatories and Request for Production of Documents and Things.

11. P&G's efforts to gather and produce documents in response to Kraft's Request of Production of Documents and Things.

12. The document retention policies of P&G, including retention of physical samples tested and described in patent applications submitted to United States Patent And Trademark Office with YOU as the named assignee.

13. The authenticity of documents, including physical samples, produced by YOU in this action.

14. Describe in detail and define what constitutes a "region of deflection" in the 39 ounce plastic container YOU currently sale containing Folgers Classic Roast coffee as the term "region of deflection" is used in claim 33 of the ASSERTED PATENT.

15. Describe in detail what constitutes the "overall coffee aroma value" of YOUR 39 ounce plastic container YOU currently sale containing Folgers Classic Roast coffee as the term "overall coffee aroma value" is used in claim 33 of the ASSERTED PATENT.

16. Describe in detail what constitutes "region of deflection," as that term appears in claim 33 of the ASSERTED PATENT, in the ACCUSED PRODUCT.

17. Describe in detail what constitutes an "overall coffee aroma value," as that term appears in claim 33 of the ASSERTED PATENT, in the ACCUSED PRODUCT.

18. Describe in detail what constitutes the "body of said container proximate to said region of deflection," as that term appears in claim 33 of the ASSERTED PATENT, in YOUR 39 ounce plastic container that YOU currently sale containing Folgers Classic Roast coffee.

19. Describe in detail and define what constitutes the "body of said container proximate to said region of deflection," as that term appears in claim 33 of the ASSERTED PATENT, in ACCUSED PRODUCT.

DATED: September __, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
   Claude M. Stern
   Evette D. Pennypacker
   Michael D. Powell
   Randy Garteiser
   Attorneys for Kraft Foods Global, Inc.