QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Mike D. Powell (Bar No. 202850)
    mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
    randygarteiser@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| THE PROCTER & GAMBLE COMPANY, a Delaware corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>KRAFT FOODS GLOBAL, INC, a Delaware Corporation,<br><br>                Defendant. | CASE NO. C 07-4413 PJH<br><br>**DECLARATION OF CLAUDE M. STERN IN SUPPORT OF MOTION FOR AN ORDER SHORTENING TIME FOR HEARING AND BRIEFING SCHEDULE ON MOTION FOR STAY, OR, IN THE ALTERNATIVE MOTION TO EXPEDITE DISCOVERY AND TO CONTINUE PRELIMINARY INJUNCTION MOTION HEARING DATE**<br><br>Date: September 26, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor |

51282/2226179.1

-1-
DECLARATION OF CLAUDE M. STERN IN SUPPORT OF MOTION FOR AN ORDER SHORTENING TIME
Case No. C 07-4413 PJH

I, Claude M. Stern, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner of the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel of record for the Defendant Kraft Foods Global, Inc. ("Kraft") in this matter.

2. I make this declaration in support of Kraft's Motion for an Order Shortening Time for Hearing and Briefing Schedule on Motion for Stay, or, In the Alternative, Motion For Expedited Discovery and to Continue Preliminary Injunction Hearing Date. I have personal knowledge of the facts stated herein and if called to testify could and would competently testify thereto.

3. **Objective of this Motion for Shortening Time**. The purpose of this declaration is to provide support to Kraft's request to hear its accompanying Motion to Stay, or in the Alternative, Motion for Expedited Discovery and to Continue the Preliminary Injunction Hearing Date ("Motion to Stay") on shortened time. In particular, the purpose of this motion is to seek the following hearing and briefing dates regarding the accompanying Motion to Stay:

   a. The hearing on this Motion to Stay would be Wednesday, September 26, 2007 at 9 a.m.

   b. P&G's opposition to the Motion to Stay shall be filed and hand served no later than 12 noon on Monday, September 24, 2007.

   c. Kraft's reply papers, if any, to this opposition to the Motion to Stay, shall be filed and hand served no later than noon on Tuesday, September 25, 2007.

4. **Background**. The Proctor and Gamble Company ("P&G") filed this patent infringement lawsuit against Kraft just three weeks ago, on August 27, 2007. The complaint in this case seeks unspecified damages for patent infringement and also seeks injunctive relief. In the complaint, P&G alleges that, through Kraft's manufacture and sale of Maxwell House® brand coffee in plastic 39-ounce containers, Kraft is infringing one or more claims of U.S. Patent No. 7,169,418, entitled "Packaging System to provide Fresh Packed Coffee" ("'418 patent"), which P&G claims it owns.

5. **P&G's Preliminary Injunction Motion**. Just last Friday, and nearly three weeks after the complaint was filed in this suit, P&G filed a motion for preliminary injunction in this case, the hearing on which is set for Wednesday, October 24, 2007, before this Court. In its motion, P&G seeks to, among other things, enjoin Kraft from any further manufacture and sale of Maxwell House® brand coffee in plastic containers. There has been no discovery in this case to date, no meeting under Rule 26(f), and no meeting between counsel regarding a Rule 16 required coordination of the case. This case is literally at its very beginning.

6. Kraft takes P&G's motion for preliminary injunction very seriously, since P&G is threatening to cause Kraft serious economic and business injury through the injunction. P&G submits documents with its motion that indicate that Kraft has historically sold on an annual basis approximately $500,000,000 - - or half a billion dollars - - of its Maxwell House® brand coffee. (*See, e.g.*, Exhibit 3 to the Declaration of Jason Gemeiner in Support of the Procter & Gamble Company's Motion for a Preliminary Injunction.) According to various personnel I have spoken with at Kraft, were an injunction to issue in this case as requested by P&G, Kraft would be unable to re-shift to manufacturing and selling its Maxwell House® brand coffee in the previous metal (or "tin") cans for approximately 25 weeks, or almost half a year. So, by its own terms, P&G's motion seeks to cause Kraft no less than approximately $250 million in damages. I say "no less" because I understand from Kraft that, in addition to lost revenues from the sale of its coffee, any such injunction could or likely would adversely affect Kraft's market share in the ground coffee market, and also affect numerous distributor, retailer, partnering and customer relationships, and likely cause other collateral damages resulting from the injunction P&G seeks.

7. **Motivation to Stay this Court Proceeding: Pending PTO/BPAI Re-exam**. As part of its preliminary injunction motion, P&G has submitted the declarations of no fewer than 10 individuals, 9 of whom appear to be long-term, if not career, P&G employees (the only declaration not submitted by a non-P&G employee is from a Howrey lawyer, who represents P&G in this suit). What is remarkable about P&G's motion and supporting papers is that they devote negligible space to the fact that (a) *at the time this suit was filed and continuing to day*, Kraft is in the midst of an *inter partes* re-examination proceeding seeking re-examination of all 55 claims of

1  the '418 patent (on the grounds that, as urged by Kraft, those claims are invalid over cited prior
2  art), and(b) that as of this date, *this re-examination proceeding is not yet final*.  Kraft filed its
3  petition for re-exam on or about January 31, 2007.  The PTO issued a decision confirming the '418
4  patent claims on or about June 7, 2007.  The PTO's decision is by no means final.  Kraft has a
5  right to appeal this decision once the PTO issues a Right to Appeal Notice, and has every intention
6  of doing so.  As of the date of this declaration, the PTO has not issued the Right to Appeal Notice.
7  However,  Kraft informs me that it has already considered the PTO's June 7, 2007 decision, and
8  fully intends to file an appeal of that decision to the Board of Patent Appeals and Interferences
9  once the PTO issues the Right to Appeal Notice.  I am also informed that Kraft sincerely believes
10 that it has compelling invalidity arguments to be made in that re-exam proceeding.

11        8.        In light of the pending re-examination proceedings, it is Kraft's position, based on
12 substantial precedent, that this action - - including P&G's motion for a preliminary injunction - -
13 should be stayed by this Court, pending the finality of the re-exam proceedings (including all
14 appeals, which are allowed from each stage of the re-exam proceeding).  For this reason, my firm
15 has prepared, and is filing herewith, a motion to stay this proceeding, or in the alternative, a
16 motion to obtain expedited discovery from P&G as well as third parties that relate to testimony
17 and arguments that P&G has advanced in its preliminary injunction motion, and to continue the
18 hearing and briefing dates regarding the preliminary injunction motion.  The primary purpose of
19 the motion is to obtain a stay of these proceedings pending the re-examination becoming final.  (In
20 my view, the case law cited in this motion supports, if not compels, the stay being requested.)
21 But a secondary, and alternative, remedy sought by the motion is that, should this Court deny
22 Kraft's motion to stay (or choose not to hear it at this stage), Kraft should be allowed to obtain
23 discovery of numerous matters asserted by P&G in it preliminary injunction motion, so that Kraft
24 may use the fruits of this discovery in preparing its opposition to P&G's preliminary injunction
25 motion. To this end, this alternative motion for discovery  -- again, which would only be material
26 if this action is not stayed - - asks the Court to continue the hearing on the preliminary injunction
27 from Wednesday, October 24, 2007, to approximately 7 weeks later, or Wednesday, December 19,
28 2007, to modify the parties' remaining briefing schedule and to allow Kraft to obtain discovery

from P&G and third parties in the interim and use this discovery in opposing the motion for preliminary injunction.

9. **<u>Prejudice to Kraft from Not Ordering Shortened Time on Motion to Stay</u>**. Under Rule 7-2 of the Local Rules of the Northern District of California ("Local Rules"), the hearing on Kraft's motion to stay, or in the alternative for expedited discovery from P&G, would normally be heard no less than 35 days from the filing of this motion, or no sooner than October 24, 2007, which is the same date that P&G has set for its preliminary injunction motion. Kraft's opposition papers to P&G's motion for preliminary injunction, if filed on regular time as per Local Rule 7-3, are due October 3, 2007. If the hearing for a Motion to Stay is not heard before October 3, 2007, then in effect Kraft will be required to prepare and file a full opposition on the merits to P&G's preliminary injunction motion. This will necessarily involve Kraft's presentation of substantial evidence and argument regarding the interpretation of the claim terms at issue in the case, why the asserted claims of the '418 patent are not infringed by Kraft, as well as evidence and argument as to why relevant claims of the patent are invalid. (In is important in this regard to note that P&G's motion for preliminary injunction has no argument, and no testimony, devoted at all to specific interpretation of any claim terms at issue in the case.) Based on my analysis of this case and the information which would be appropriate to present in opposition to the motion for preliminary injunction, if this motion is not heard on shortened time, I believe Kraft will suffer the following prejudice and unnecessary burden and expense:

a. I believe that Kraft will incur many, many hundreds of thousand of dollars (if not more) in attorneys fees, legal costs and expert fees to prepare and present this opposition to P&G's motion for preliminary injunction. Kraft's entire investment in the opposition on the merits of the preliminary injunction motion will be essentially wasted should this Court ultimately decide, on a regularly noticed Motion to Stay, that this matter should be stayed.

b. In addition, if the Motion to Stay is not heard on shortened time, the attention and business of numerous Kraft employees, including managers, scientists and others, would be distracted from the important business of Kraft and instead devoted to assisting with the

preparation of an opposition to a preliminary injunction motion, which, if the stay is ultimately granted, would be entirely wasted and unnecessary.

      c. There has already been substantial press coverage of this case, including of the pending preliminary injunction motion. (In fact, P&G issued a press release regarding its preliminary injunction motion.) It is fair to assume that this coverage of the suit and the preliminary injunction motion proceedings will continue unless and until the Motion to Stay is granted. This press presents the threat of an unnecessary cloud over Kraft and its business. Considering the Motion to Stay on shortened time would serve to eliminate any such threat.

10. **Alternative Motion for Expedited Discovery; Prejudice from Not Hearing on Shortened Time**. By the same token, should this Court decide to not stay this proceeding because of the pending re-examination proceeding but instead allow discovery from P&G, this Court would not have an opportunity to grant any such motion to allow discovery until the hearing on this regularly-noticed motion on October 24, 2007; but by that date, the discovery would be of no use to Kraft, since, under the current timetable set by the Local Rules, Kraft's opposition to the preliminary injunction would have been due by about October 3, 2007. For this reason, Kraft is asking, as an alternative to the motion to stay (and in the event the Court denies or does not hear that motion) that this Court (a) continue the hearing date on P&G's preliminary injunction motion from October 24, 2007 to Wednesday, December 19, 2007; (b) allow Kraft to take the discovery of P&G and third parties that is attached to my declaration in support of Kraft's Motion to Stay, or in the Alternative, a Motion for Expedited Discovery from P&G and Rescheduling of Preliminary Injunction Hearing and Briefing Dates; (c) extend the time for Kraft's opposition papers to the P&G's motion for preliminary injunction from October 3, 2007 to November 28, 2007, and (d) extend the time for P&G's reply papers October 10, 2007 to December 5, 2007.

11. The expedited discovery Kraft seeks is limited and specifically tailored to the materials P&G submitted with its preliminary injunction motion. As an example only, P&G grounds its claims of infringement on certain "tests" it conducted on Kraft's packaging. P&G provides what it claims to be the results of these test, but P&G has not included with its motion the tests' documentation or materials. By the same token, although P&G claims conclusorily that it

has information that Kraft's packaging "is poised" to cause injury to P&G, it has provided no documentation or economic analyses supporting this conclusion. These are just some of examples of the type of discovery Kraft would like to have sufficient time to take in order to respond to P&G's preliminary injunction motion.

12. **Relief Sought on Shortened Time**. Based on the above, we ask the Court to set the following dates on the accompanying Motion to Stay, or in the Alternative, Motion for Expedited Discovery and to Continue the Preliminary Injunction Hearing (and briefing) Date to the following dates:

   a. The hearing on Kraft's Motion to Stay would be Wednesday, September 26, 2007 at 9 a.m.

   b. P&G's opposition to Kraft's Motion to Stay shall be filed and hand served no later than 12 noon on Monday, September 24, 2007.

   c. Kraft's reply papers, if any, to this opposition, shall be filed and hand served no later than noon on Tuesday, September 25, 2007.

13. **Compliance with Local Rule 6-3, Local Rule 37-1(a).** There have been no prior continuances sought or obtained in this action. Earlier today, I contacted William Rooklidge at Howrey LLP, counsel of record for P&G in this lawsuit. I asked Mr. Rooklidge whether P&G would agree to stay this proceeding or allow a motion to stay to be heard on shortened time, continue the hearing date on P&G's motion for preliminary injunction by about 7 weeks, and allow Kraft to take limited expedited discovery in connection with preparing its opposition to P&G's preliminary injunction motion. Mr. Rooklidge objected to staying this proceeding, objected to having Kraft's Motion to Stay being heard on shortened time, and refused to continue the hearing date on P&G's preliminary injunction motion (and associated briefing schedule). Mr. Rooklidge did agree in principle to allow Kraft to take discovery from P&G, but insisted that Kraft must complete such discovery by the current deadline for Kraft's opposition to P&G's motion for preliminary injunction, which, again, is October 3, 2007. I informed Mr. Rooklidge that, under the current schedule, and as a practical matter, P&G is not in a position to give to Kraft all the discovery that Kraft will be seeking, and Kraft is not in a position to complete such discovery

1  (including taking all necessary depositions), while at the same time collecting information and
2  analyzing and otherwise responding to P&G's preliminary injunction motion all in a period of just
3  over 2 weeks.
4      I declare under penalty of perjury under the laws of the United States that the above
5  statements are true and correct, except where matter is stated in information and belief, and as to
6  that matter, I declare that I am informed and believe such matter. Executed this 19th day of
7  September, 2007, in the City of Redwood Shores, California.
8
9  Dated: September 19, 2007      By: _____/s/_____
                                                    Claude M. Stern

-8-
DECLARATION OF CLAUDE M. STERN IN SUPPORT OF MOTION FOR AN ORDER SHORTENING TIME
Case No. C 07-4413 PJH

-1-

DECLARATION OF CLAUDE M. STERN IN SUPPORT MOTION FOR AN ORDER SHORTENING TIME, MOTION FOR STAY OR MOTION TO CONTINUE HEARING DATE
Case No. C 07-4413 PJH

51282/2226179.1