1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2       claudestern@quinnemanuel.com
     Evette D. Pennypacker (Bar No. 203515)
3       evettepennypacker@quinnemanuel.com
     Mike D. Powell (Bar No. 202850)
4       mikepowell@quinnemanuel.com

5  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065
6  Telephone:  (650) 801-5000
   Facsimile:  (650) 801-5100

7

   Attorneys for Defendant
8  KRAFT FOODS GLOBAL, INC.

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

| 12  THE PROCTER & GAMBLE COMPANY, a Delaware corporation, | CASE NO. C 07-4413 PJH |
|---|---|
| 13 | **DECLARATION OF JOHN LEBOUTILLIER IN SUPPORT OF KRAFT FOODS GLOBAL, INC.'S MOTION FOR STAY, OR, ALTERNATIVE MOTION TO EXPEDITE DISCOVERY AND TO CONTINUE PRELIMINARY INJUNCTION HEARING** |
| Plaintiff, |
| 14 |
| vs. |
| 15 |
| KRAFT FOODS GLOBAL, INC, a Delaware Corporation, | Date: October 24, 2007 |
| 16 | Time: 9:00 AM |
| | Place: Courtroom 3, 17th Floor |
| 17  Defendant. |
| 18 |

19

20

21

22

23

24

25

26

27

28

09177/2217533.1

1

DECLARATION OF JOHN LEBOUTILLIER
CASE NO. C 07-4413 PJH

1    I, John LeBoutillier, declare as follows:

2        1.    I am the Senior Vice President and General Manager for U.S. Coffee at Kraft

3    Foods Global Inc. ("Kraft"), defendant in the above-referenced action. I make this declaration

4    upon personal knowledge and, if called and sworn as a witness, I could and would testify as to the

5    matters set forth in this declaration.

6        2.    I have been a Kraft employee since 1992 and the Senior Vice President and General

7    Manager for U.S. Coffee at Kraft since 2006. As the General Manager of Kraft's Coffee Division,

8    I am responsible for overseeing the marketing activities of the division.

9        **Kraft Intends to Appeal the Reexamination Decision Concerning the '418 Patent**

10        3.    As part of my responsibilities at Kraft, I was involved in the decision for Kraft to

11   file a petition to the U.S. Patent and Trademark Office ("PTO") seeking reexamination of all 55

12   claims of U.S. Patent No. 7,169,418, entitled "Packaging System to provide Fresh Packed Coffee"

13   ("'418 patent") on January 30, 2007. Kraft filed that petition for reexamination on January 31,

14   2007. I understand that the PTO issued a decision confirming all the '418 patent claims on June 7,

15   2007. I further understand that Kraft has a right to appeal this decision by the PTO once the PTO

16   issues a Right to Appeal Notice. As of the date of this declaration, the PTO has not issued the

17   Right to Appeal Notice. However, Kraft has already considered the PTO's June 7, 2007 decision

18   and fully intends to file an appeal of that decision to the Board of Patent and Interference once the

19   PTO issues the Right to Appeal Notice.

20        **Harm to Kraft If An Injunction Were to Issue**

21        4.    In its motion for preliminary injunction, the Procter & Gamble Company ("P&G")

22   implies that Kraft can simply switch back to its tin container if Kraft is enjoined from selling its

23   Maxwell House coffee products in plastic containers. Such a switch is far from easy for Kraft, and

24   would be devastatingly expensive for my business unit and would cause collateral problems for

25   our business.

26        5.    In particular, it could take Kraft up to approximately 25 weeks to switch back to

27   using tin containers for its Maxwell House coffee. This means that, as a practical matter, Kraft

28   would not have its 39 ounce Maxwell House coffee product on the market for up to 6 months.

09177/2217533.1

2

DECLARATION OF JOHN LEBOUTILLIER
CASE NO. C 07-4413 PJH

1    This loss in sales (assuming the full 25 weeks) alone would amount to at least an estimated $250

2    million for Kraft.  Kraft would also lose all of its current internal inventory, an additional

3    estimated $15 million loss, and cause its retailer inventory an additional $62 million loss.

4         6.        The losses estimated in paragraph 5, above, which total no less than $250 million,

5    plus loss inventory of $77 million, do not include other losses or costs, such as monetary penalties

6    Kraft would be required to pay for failing to meet its minimum monthly commitment to plastic

7    container manufacturer, monetary penalties Kraft would be required to pay for ordering the

8    required grade of steel for tin containers on an accelerated basis, paying surge fees to replace store

9    shelves with a steel can after being off the market, the disruption to Kraft's retailers and the effect

10   such disruption would have on Kraft's business as a whole, and broken customer marketing

11   agreements.

12        I declare under penalty of perjury of the laws of the United States that the foregoing is true

13   and correct.  Executed on September 20, 2007, at Tarrytown, New York.

14

15

16

17   JOHN LEBOUTILLIER

18

19

20

21

22

23

24

25

26

27

28

09177/2217533.1

3

DECLARATION OF JOHN LEBOUTILLIER
CASE NO. C 07-4413 PJH