QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Mike D. Powell (Bar No. 202850)
    mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
    randygarteiser@quinnemanuel.com

555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC, a Delaware Corporation,<br><br>Defendant. | CASE NO. C 07-4413 PJH<br><br>**KRAFT FOODS GLOBAL, INC.'S MOTION FOR ADMINISTRATIVE RELIEF** |

**NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF**

By this Motion, Defendant Kraft Foods Global, Inc. ("Kraft") seeks an Order continuing the hearing and briefing schedule with respect to The Procter & Gamble Company's ("P&G") motion for a preliminary injunction. Under the current schedule, Kraft's opposition to P&G's motion is due on October 3, 2007 — the same day the Court is scheduled to hear Kraft's Motion to Stay, or in the Alternative, Motion to Expedite Discovery and to Continue Preliminary Injunction Hearing Date ("Motion to Stay"). Thus, Kraft requests that the following schedule on P&G's motion for a preliminary injunction be entered:

(a) The Court shall vacate the current October 24, 2007, preliminary injunction hearing date and all related briefing dates.

(b) The Court currently has scheduled for October 3, 2007, a hearing on Kraft's Motion to Stay. If the Court does not grant Kraft's Motion to Stay, Kraft's opposition to P&G's motion for a preliminary injunction shall be due two weeks after the Court issues an order on Kraft's Motion to Stay;

(c) If the Court does not grant Kraft's Motion to Stay, P&G's reply in support of its motion for a preliminary injunction shall be due one week after the service and filing of Kraft's opposition to P&G's motion for a preliminary injunction papers;

(d) If the Court does not grant Kraft's Motion to Stay, the hearing on P&G's motion for a preliminary injunction shall be set for two weeks after P&G files and serves its preliminary injunction reply papers; and

(e) In the event the Court denies Kraft's Motion to Stay but grants Kraft's Motion to Expedite Discovery and Continue Hearing Date on Motion for Preliminary Injunction, the parties shall meet and confer and submit an agreed upon discovery, briefing and hearing schedule concerning P&G's motion for a preliminary injunction to the Court within one week after the Court issues an Order on Kraft's Motion to Stay.

**Argument**

On Friday, September 14, 2007, P&G filed a motion for preliminary injunction seeking to enjoin Kraft from selling its Maxwell House® brand coffees in plastic containers. (Dkt. 15) The

51282/2226167.2

2
DECLARATION OF CLAUDE M. STERN IN SUPPORT MOTION FOR AN ORDER SHORTENING TIME, MOTION FOR STAY OR MOTION TO CONTINUE HEARING DATE
Case No. C 07-4413 PJH

hearing on P&G's motion is currently set for October 24, 2007. Under the Civil Local Rules, Kraft's opposition briefing and supporting papers related to P&G's motion are currently due on October 3, 2007. (Declaration of Claude M. Stern ¶2)

On September 19, 2007, Kraft filed its Motion to Stay and a Motion to Shorten Time On Hearing and Briefing Schedule for it's Motion to Stay. (Dkt. 31, 34) Through its Motion to Shorten Time, Kraft sought to have its Motion to Stay heard by the Court on September 26, 2007 — before the October 3, 2007 due date for Kraft's opposition to P&G's motion for a preliminary injunction. (Stern Decl. ¶3) Although Kraft was aware that its request entailed a very truncated briefing and hearing schedule, Kraft's request was geared towards preserving time and resources by having the issue of a stay and expedited discovery decided before its opposition would be due. (*Id.* ¶¶3&4) In particular, if the Court were to grant Kraft's Motion to Stay, opposing P&G's preliminary injunction motion would not be necessary at this time. Alternatively, if the Court granted Kraft's motion to expedite discovery, Kraft could use the discovery in its opposition to P&G's motion for a preliminary injunction. (*Id.*)

By Order dated September 21, 2007, the Court granted Kraft's Motion to Shorten Time. (Dkt. 43) In its Order, the Court states: "**The stay and discovery issues raised by defendant are precisely the type of issues that the court wishes to consider prior to the completion of briefing on any motion for preliminary injunction**." (*Id.* at 1 (emphasis added)) The Court further set the hearing for Kraft's Motion to Stay for October 3, 2007. (*Id.* at 2) The Court did not address the briefing and hearing schedule for P&G's motion for a preliminary injunction. (*Id.*)

The October 3, 2007 hearing date for Kraft's Motion to Stay is the same day that Kraft's opposition to P&G's motion for a preliminary injunction is currently due. (Stern Decl. ¶3) Thus, under the current schedule, Kraft is in the position of fully briefing its opposition to P&G's motion for a preliminary injunction to be ready for filing on October 3, 2007 even though the Court may (a) stay the case on October 3, 2007 (or shortly thereafter) or (b) deny Kraft's request for a stay but grant Kraft's request for expedited discovery in connection with P&G's preliminary injunction motion. (*Id.*) Kraft respectfully submits that a brief continuance of the briefing and hearing schedule on P&G's motion for a preliminary injunction is warranted to allow the Court to fully

51282/2226167.2

3

DECLARATION OF CLAUDE M. STERN IN SUPPORT MOTION FOR AN ORDER SHORTENING TIME, MOTION FOR STAY OR MOTION TO CONTINUE HEARING DATE
Case No. C 07-4413 PJH

consider Kraft's Motion to Stay without unnecessarily wasting the Court's and the parties' resources on a motion that might be mooted by the Court's decision on Kraft's Motion to Stay.

### Compliance with Local Rule 7-11

On Friday afternoon, shortly after the Court issued its Order granting Kraft's Motion to Shorten Time, Kraft contacted P&G to see whether it would agree to a continuance of the briefing and hearing schedule on its motion for a preliminary injunction to allow the Court to fully consider Kraft's Motion to Stay. (Stern Decl. ¶6) In particular, Kraft suggested the parties agree to the following schedule with respect to P&G's motion for a preliminary injunction: (a) continue the deadline for the service and filing of Kraft's preliminary injunction opposition papers to two weeks after the Court rules on Kraft's Motion to Stay (if the Court does not grant Kraft's Motion to Stay, but instead grants the alternative motion to expedite discovery); (b) continue the deadline for the service and filing of P&G's preliminary injunction reply papers to one week after the service and filing of Kraft's preliminary injunction opposition papers; and (c) continue the hearing date on P&G's preliminary injunction motion to two weeks after P&G files and serves its preliminary injunction reply papers. (*Id.*) Kraft attempted to contact P&G regarding this proposal by both telephone and email on Friday, September 21, 2007. (*Id.*) On the morning of September 24, 2007, Kraft received an email from P&G stating that P&G would oppose Kraft's administrative motion. (*Id.*)

### Conclusion

Accordingly, through this Motion, Kraft asks the Court to set the following dates on P&G's preliminary injunction motion:

(a) The Court shall vacate the current October 24, 2007 preliminary injunction hearing date and all related briefing dates. If the Court does not grant Kraft's Motion to Stay, Kraft's opposition to P&G's motion for a preliminary injunction shall be due two weeks after the Court issues an order on Kraft's Motion to Stay;

(b) If the Court does not grant Kraft's Motion to Stay, P&G's reply in support of its motion for a preliminary injunction shall be due one week after the service and filing of Kraft's opposition to P&G's motion for a preliminary injunction papers;

1      (c) If the Court does not grant Kraft's Motion to Stay, the hearing on P&G's motion for a preliminary injunction shall be set for two weeks after P&G files and serves its preliminary injunction reply papers; and

4      (d) In the event the Court denies Kraft's Motion to Stay but grants Kraft's Motion to Expedite Discovery and Continue Hearing Date on Motion for Preliminary Injunction, the parties shall meet and confer and submit an agreed upon discovery, briefing and hearing schedule to the Court within one week after the Court issues an Order on Kraft's Motion to Stay.

DATED: September 24, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/_____
    Claude M. Stern

Attorneys for Kraft Foods Global, Inc.

51282/2226167.2

5

DECLARATION OF CLAUDE M. STERN IN SUPPORT MOTION FOR AN ORDER SHORTENING TIME, MOTION FOR STAY OR MOTION TO CONTINUE HEARING DATE
Case No. C 07-4413 PJH