William C. Rooklidge (SBN 134483)
Ben M. Davidson (SBN 181464)
Gregory S. Cordrey (SBN 190144)
Jesse D. Mulholland (SBN 222393)
HOWREY LLP
2020 Main  Street
Irvine, California 92614
949-721-6900
949-721-6910
E-mail:  rooklidgew@howrey.com
E-mail:  davidsonb@howrey.com
E-mail:  cordreyg@howrey.com
E-mail:  mulhollandj@howrey.com

Mark D. Wegener (*admitted pro hac vice*)
HOWREY LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004
Telephone:  202-783-0800
Facsimile:  202-383-6610
E-mail:  wegenerm@howrey.com

Attorneys for Plaintiff
The Procter & Gamble Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>       Plaintiff and Counter-Defendant,<br><br>     v.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>       Defendant and Counter-Claimant. | Case No.: C07-04413 PJH<br><br>**Honorable Phyllis J. Hamilton**<br><br>**THE PROCTER & GAMBLE COMPANY'S OBJECTIONS TO THE DECLARATION OF CLAUDE M. STERN IN SUPPORT OF MOTION FOR STAY, OR, IN THE ALTERNATIVE MOTION TO EXPEDITE DISCOVERY AND TO CONTINUE PRELIMINARY INJUNCTION MOTION HEARING DATE**<br><br>**Date:  October 3, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor** |

## I.    INTRODUCTION

Plaintiff The Procter & Gamble Company ("P&G") objects to portions of the Declaration of Claude M. Stern in Support of Motion for Stay, or, in the Alternative to Expedite Discovery and to Continue Preliminary Injunction Motion Hearing Date ("Stern Declaration") submitted by Defendant Kraft Foods Global, Inc.'s ("Kraft"). The declaration includes many statements that constitute inadmissible hearsay, lack foundation, or are mere attorney arguments offered in the form of trial counsel's testimony in violation of the Local Rules. P&G requests that the Court strike the inadmissible portions of the declaration.

A declaration must contain facts that are personally known to the declarant and as to which the declarant is competent to testify. L.R. 7-5 (requiring all declarations submitted in the Northern District of California to set forth only factual evidentiary matter, avoid conclusions and arguments and comport with requirements of Fed. R. Civ. P. 56(e)). The Federal Rules of Evidence preclude the admission of evidence that is irrelevant, not based on personal knowledge, opinions and conclusions by lay witnesses that require specialized knowledge, and hearsay. Fed. R. Evid. 401, 402, 601, 602, 701, 702, 801, 802. Courts in the Ninth Circuit regularly strike declarations that do not meet the requirements of Rule 56(e). *See Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge of facts); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.,* 627 F.2d 919, 928 (9th Cir. 1980) (agreeing with district court's decision to strike portions of affidavit "on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony"); *see e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (striking declaration not based on personal knowledge and amounting to unsupported conclusory allegations).

This Court should sustain P&G's objections and strike portions of the Stern Declaration identified below because they fail to set forth admissible evidence.

## II.    SPECIFIC OBJECTIONS.

### A.    Objection: Paragraph 5 (2:25-26)

On page 2, lines 25-26, the Stern Declaration states:  "P&G is threatening to cause Kraft serious economic and business injury through its injunction."  This statement lacks foundation, is not made on personal knowledge, and is impermissible argument.  Fed. R. Evid. 610, 602; *see also Kim,* 121 F.3d at 1276-77; Fed. R. Civ. P. 56(e); *Taylor,* 880 F.2d at 1045; L.R. 7-5.

### B.    Objection: Paragraph 5 (3:3-14)

On page 3, lines 3-14, the Stern Declaration states:

> According to various personnel I have spoken with at Kraft, were an injunction to issue in this case as requested by P&G, Kraft would be unable to re-shift to manufacturing and selling its Maxwell House® brand coffee in the previous metal (or 'tin') cans for approximately 25 weeks, or almost half a year.  So, by its own terms, P&G's motion seeks to cause Kraft no less than approximately $250 million in damages (i.e. 25 weeks of no shipment/52 weeks per year x $500 million/year of Maxwell House® brand coffee = $240.4 million).  I say 'no less' because I understand from Kraft that, in addition to lost revenues from the sale of its coffee, any such injunction could or likely would adversely affect Kraft's market share in the ground coffee market, cause lost inventory (since existing inventory in the plastic container could not be sold), and also adversely affect numerous distributor, retailer, partnering and customer relationships, and likely cause other collateral damages resulting from the injunction P&G seeks.

These assertions are inadmissible hearsay based on what "various personnel" have told the declarant.  Fed. R. Evid. 801, 802; *see Block v. L.A.,* 253 F.3d 410, 419 (9th Cir. 2001) (affidavit not made on personal knowledge and relying on information from other individuals is inadmissible hearsay); *In re Houghton,* 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because the evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *see also Kim,* 121 F.3d at 1276-77 (affidavit rejected because it "was not based on personal knowledge and because it relied on inadmissible hearsay testimony").

The assertions also constitute inadmissible opinions that lack foundation.  There is no support for the premise of Mr. Stern's statement that P&G's preliminary injunction motion—which is directed only to 39-ounce plastic containers currently used by Kraft—would cause "no shipment" of Maxwell

DM_US:20719938_1

1    House® coffee for 25 weeks or that sales would be delayed at all.  Fed. R. Evid. 601, 602; *see Block,*

2    253 F.3d  at 419; *In re Houghton,* 123 B.R. at 871; Fed. R. Civ. P. 56(e).

3         **C.    Objection: Paragraph 5 (3:15-20)**

4         At page 3, lines 15-20, the Stern Declaration states:

5              Kraft believes it has compelling invalidity and non-infringement
              arguments that preclude P&G from obtaining a preliminary injunction in
6              this case.  Kraft will present evidence that each and every element of the
              asserted claims were present in the art before June 4, 2001 — not just in
7              the prior art patent and printed publication art before the PTO on
              reexamination, but also product packaging art that has never been
8              presented to (and is not properly considered in reexam by) the PTO.  Kraft
              also has substantial non-infringement arguments.
9

10    What Kraft and its employees have said about their belief that Kraft has invalidity and non-

11    infringement defenses is inadmissible hearsay.  Fed. R. Evid. 801, 802.

12         Mr. Stern's assertions regarding the alleged strength of Kraft's non-infringement and invalidity

13    defenses also should be stricken under Local Rule 7-5(b).  The rule provides that "[a]n affidavit or

14    declarations may contain only facts, must conform as much as possible to the requirements of FRCivP

15    56(e), and must avoid conclusions and argument."  The Stern declaration does not state the facts

16    regarding Kraft's alleged defenses, only improper conclusions and arguments that Kraft has

17    "substantial" defenses to infringement and validity.  These assertions also lack foundation as Kraft's

18    counsel does not state that he has personal knowledge of the defenses, but was "informed [by others]

19    that Kraft sincerely believes that it has compelling invalidity arguments . . . ."  Stern Decl. at 4:9-10.

20         **D.    Objection: Paragraph 6 (4:7-10)**

21         On page 4, lines 7-10, the Stern declaration states:

22              Kraft informs me that it has already considered the PTO's June 7, 2007
              decision, and fully intends to file an appeal of that decision to the Board of
23              Patent Appeals and Interferences once the PTO issues the Right to Appeal
              Notice.  I am also informed that Kraft sincerely believes that it has
24              compelling invalidity arguments to be made in that re-exam proceeding.
25

26         Kraft's statements to Mr. Stern regarding its consideration of the PTO decision, its intent to

27    appeal, and whether it "sincerely believes that it has compelling invalidity arguments," is hearsay.

28

1    Fed. R. Evid. 801, 802; *see Block,* 253 F.3d at 419; *In re Houghton,* 123 B.R. at 871; *Kim,* 121 F.3d at

2    1276-77.

3         **E.      Objection: Paragraph 7 (4:11-14)**

4         On page 4, lines 11-14, the declaration states:

5              In light of the pending reexamination proceedings, it is Kraft's position,
              based on substantial precedent, that this action - - including P&G's motion
6              for a preliminary injunction - - should be stayed by this Court, pending the
              finality of the re-exam proceedings (including all appeals, which are
7              allowed from each stage of the re-exam proceeding).

8    The argument that there is "substantial precedent" supporting Kraft's position or that this case should

9    be stayed does not comply with the requirement of Local Rule 7-5 that declarations "contain only

10   facts," not arguments.

11        **F.      Objection: Paragraph 7 (4:19-25)**

12        On page 4, lines 19-25, Mr. Stern states:

13             (In my view, the case law cited in this motion supports, if not compels, the
              stay being requested.)  But a secondary, and alternative, remedy sought by
14             the motion is that, should this Court deny Kraft's motion to stay (or
              choose not to hear it at this stage), Kraft should be allowed to obtain
15             discovery of numerous matters asserted by P&G in it preliminary
              injunction motion, so that Kraft may use the fruits of this discovery in
16             preparing its opposition to P&G's preliminary injunction motion.

17

18        An advocate's personal view of the case law is irrelevant under Federal Rule of Evidence 402.

19   In addition, Mr. Stern's legal opinions regarding the ultimate legal issues before the Court—whether

20   this case should be stayed or whether the hearing on P&G's preliminary injunction motion should be

21   delayed—also are inadmissible under Federal Rule of Evidence 704.  Federal courts typically prohibit

22   witnesses from interpreting the law for the court or from advising the court about how the law should

23   apply to the facts of a particular case.  *Mannick v. Kaiser Found. Health Plan, Inc.*, No. C 03-5905

24   PJH, 2006 U.S. Dist. LEXIS 38430, at *48 (N.D. Cal. June 9, 2006) ("Testimony as to ultimate issues

25   is not permitted when it consists of legal conclusions or opinions.")  *See also Traumann v. Southland*

26   *Corp.*, 858 F. Supp. 979 (N.D. Cal. 1994) (opinions regarding franchise laws or their application were

27   not proper subject for expert testimony).

28

1    The electronic filer hereby attests that the individual whose name appears below has signed this

2    document.  See General Order 45. Section X.

3                                                    Respectfully submitted,

4

5

6    DATED: September 25, 2007                       HOWREY LLP

7

8                                                    By   /s/  William C. Rooklidge

9                                                           William C. Rooklidge
                                                      Attorneys for THE PROCTER AND GAMBLE
10                                                    COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-                    P&G's Objections to Declation of Claude M. Stern
                                               Case No.: C07-04413 PJH

DM_US:20719938_1