# EXHIBIT E

| ***Office Action Summary*** | Application No. | Applicant(s) | |
|---|---|---|---|
| | 10/155,338 | DALTON ET AL. | |
| | Examiner | Art Unit | |
| | Sarah L. Kuhns | 1761 | . |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒  Responsive to communication(s) filed on <u>17 October 2005</u>.

2a)☒  This action is **FINAL**.      2b)☐  This action is non-final.

3)☐  Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒  Claim(s) <u>1-4,6-14,17-32 and 34-57</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐  Claim(s) _____ is/are allowed.

6)☒  Claim(s) <u>1-4,6-14,17-32 and 34-57</u> is/are rejected.

7)☐  Claim(s) _____ is/are objected to.

8)☐  Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐  The specification is objected to by the Examiner.

10)☐  The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐  The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐  Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐  Certified copies of the priority documents have been received.

      2.☐  Certified copies of the priority documents have been received in Application No. _____ .

      3.☐  Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date _____ .

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail. Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____ .

Application/Control Number: 10/155,338                                      Page 2
Art Unit: 1761

## DETAILED ACTION

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

### *Claim Rejections - 35 USC § 103*

Claims 1, 2, 9-11, 21, 22, 25, 26 and 29 are rejected under 35 U.S.C. 103(*a*) as being unpatentable over Vidkjaer, U.S. Patent 6,733,803, in view of Ota, U.S. Patent 4,890,752.

Vidkjaer discloses a container (closed bottom; open top; body forming perimeter; interior volume) (see Figure 1, Reference number 1), with a protuberance formed around the perimeter of the body, proximate to the top (see Figure 1, Reference number 6). Vidkjaer discloses that the container is made of plastic and more specifically polyethylene and polyester (see Column 2, lines 33-38). As evidenced by Mark's Standard Handbook for Mechanical Engineers 10th Edition, polyester has a tensile modulus of 400-600 ksi and polyethylene has a tensile modulus of 7-158 ksi (depending on the polyethylene type). Therefore, it follows that a composite of polyester and polyethylene would have a tensile modulus between 35 and 650 ksi.

Vidkjaer further discloses that there is a flexible, removable closure attached to the protuberance (see Column 2, lines 38-52 and Figure 1, Reference number 7). Vidkjaer discloses that there are one-way valves disposed on the flexible closure (see Figure 1, Reference number 8 and Column 4, lines 63-68). Vidkjaer discloses that the

flexible closure is a metal, which is interpreted to be a foil (see Column 2, line 49).

Vidkjaer discloses that the valve is responsive when the pressure reaches between 3

and 7 mbar (see Column 5, lines 1-4), which means that the valve would also be

inherently responsive to pressures of 10 mbar, 20 mbar and 30 mbar.  The container of

Vidkjaer has regions of deflection on it (see Figure 1, Reference number 3 and Column

4, lines 56-60).  Vidkjaer discloses that the ribs on the container are for reinforcement

and it is interpreted that they would be responsive to an internal or external force on the

container.

    Vidkjaer does not disclose a handle disposed on the body of the container.  Ota

teaches a plastic container wherein said body has a handle disposed thereon (see

Figures 1-5, Column 3, lines 31-38 and 13-16), the handle being integral with said body

(see Column 2, lines 35-56 Figures 1-5) and wherein the handle is substantially parallel

to said longitudinal axis of said container (see Ota Figures 1-5).  It would have been

obvious to one of ordinary skill in the art at the time of the invention to put a handle as

taught by Ota on the container as disclosed by Vidkjaer, since both are directed to rigid

containers for food and the handle of Ota provides aid in holding the container without

deforming the container (see Ota, Column 1, lines 36-68 and Column 2, lines 1-2).


    Claims 1-4, 9-11, 16-27, 29-31 and 34-57 are rejected under 35 U.S.C. 103(a) as

being unpatentable over Bruke, U.S. Patent 3,944,127 in view of The Encyclopedia of

Polymer Science and Technology (herein referred to as Encyclopedia) and Ota.

Bruke discloses a container (closed bottom; open top; body forming perimeter;

interior volume) (see Figure 1, Reference number 1), for holding coffee (see Abstract),

with a protuberance formed around the perimeter of the body, proximate to the top (see

Figure 3, Reference number 7 and Column 6, lines 124). Bruke discloses that the

container is made of plastic and is a rigid container (see Column 5, lines 45-50). Bruke

discloses that there is a flexible, removable closure attached to the protuberance (see

Column 6, lines 1-4; Column 4, lines 48-65 and Column 6, lines 15-30). Bruke

discloses that there are one-way valves disposed on the flexible closure (see Column 5,

lines 26-40). Bruke discloses that the flexible closure is a multilayered structure

comprising layers of polyethylene and polyvinylidene chloride, with the polyethylene

layer on the outside wherein the polyvinylidene chloride is considered the barrier layer

(see Column 4, lines 48-65). Bruke also discloses the use of a metal in the closure

layer, which is interpreted to be a foil (see Column 5, lines 10-11). Bruke discloses that

the container containing the coffee is flushed with an inert gas (see Column 5, lines 28-

29). Bruke discloses the use of an overcap on the container (see Figures 19 and 20,

Reference numbers 25 and 26). The overcap as disclosed by Bruke contains a rib (see

Reference number 26) and an inner dome portion (see Reference number 25) and it is

interpreted from the Figure that the rib has a height at least equal to the maximum

displacement of said dome portion. Bruke discloses that the overcap is made of plastic,

like the body of the container (see Column 7, lines 20-35).

With regard to claim 30, Bruke discloses filling the container with coffee (see

Column 9, lines 20-23), flushing the container with inert gas (see Column 5, lines 27-28)

and sealing the container with the flexible closure (see Column 5, lines 26-27 and

Column 6, lines 1-16).

Bruke does not disclose that the container or overcap is made of a polyolefin.

Encyclopedia teaches the use of polyolefins for food packaging applications and

applications involving blow molding (see page 328, table 20 and page 323).

Encyclopedia teaches specifically the use of high density polyethylene, which has a

tensile modulus of 60,000-150,000 psi (see page 305 and page 328, Table 20).

Encyclopedia teaches that polyethylene is a very widely used plastic that is inexpensive

and has low chemical reactivity (see pages 275 and 299-300).

It would have been obvious to one of ordinary skill in the art at the time of the

invention to have used the plastic material of Encyclopedia for the plastic of Bruke since

Bruke does not specify a particular plastic to use, therefore the ordinarily-skilled artisan

would have necessarily referred to teachings of known plastics in the art in order to

produce the container, such as that of Encyclopedia.  Encyclopedia specifically states

that high density polyethylene disclosed therein may be used for blow-molded food

packaging applications, and thus it would not have involved an inventive step for one of

ordinary skill in the art to have utilized high density polyethylene for the container of

Bruke, especially since polyethylene is a widely used, inexpensive and chemically

resistant material.

Note that the invention as disclosed by Bruke in view of Encyclopedia meets all

the structural claimed limitations, therefore the overall aroma value as recited in claims

35-37 and the top load capacity of claims 1 and 29 would be considered inherent to the

Application/Control Number: 10/155,338                           Page 6
Art Unit: 1761

article of manufacture of Bruke absent convincing evidence or arguments' to the

contrary.  As the Patent Office does not possess the facilities to test the referenced

composition and that of the claimed invention, the burden then shifts to Applicant to

demonstrate any patentable difference between the two.

Bruke does not disclose a handle disposed on the body of the container.  Ota

teaches a plastic container wherein said body has a handle disposed thereon (see

Figures 1-5, Column 3, lines 31-38 and 13-16), the handle being integral with said body

(see Column 2, lines 35-56 Figures 1-5) and wherein the handle is substantially parallel

to said longitudinal axis of said container (see Ota Figures 1-5).  It would have been

obvious to one of ordinary skill in the art at the time of the invention to put a handle as

taught by Ota on the container as disclosed by Bruke, since both are directed to rigid

containers for food and the handle of Ota provides aid in holding the container without

deforming the container (see Ota, Column 1, lines 36-68 and Column 2, lines 1-2).

Claim 28 is rejected under 35 U.S.C. 103(a) as being unpatentable over Bruke in

view of Encyclopedia and Ota, as applied above, and further in view of Buckingham,

U.S. Patent 6,861,086.

Bruke in view of Encyclopedia discloses all the features of the instantly claimed

invention except for the type of inert gas to use.  Buckingham teaches the use of

nitrogen gas to flush containers wherein coffee is to be packaged (see Column 3, lines

51-68).  It would have been obvious to one of ordinary skill in the art at the time of the

invention to have used nitrogen gas as taught by Buckingham for the inert gas as

Application/Control Number: 10/155,338                                    Page 7
Art Unit: 1761

disclosed by Bruke in view of Encyclopedia since nitrogen gas is readily available and

inexpensive (see Buckingham, Column 3, lines 65-68).


        Claims 6-8 and 32 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Bruke in view of Encyclopedia and Ota, as applied above, and further in view of

Vidkjaer.

        Bruke in view of Encyclopedia discloses all the features of the instantly claimed

invention except for the pressure at which the one-way valve should respond to.

Vidkjaer teaches a one-way valve for a dough container that responds when the

pressure of the container reaches 3-7 mbar, (see Column 5, lines 1-4), which means

that the valve would also be inherently responsive to pressures of 10 mbar, 20 mbar

and 30 mbar as well.  It would have been obvious to one of ordinary skill in the art to

use the pressure of Vidkjaer for the valve of Bruke, since both are directed to containers

for carbon-dioxide producing products and since this pressure would ensure proper

release of the carbon dioxide in the container before the rupture or damage of the

container.


        Claims 12-14 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Bruke in view of Encyclopedia and Ota, as applied above, and further in view of Haas,

U.S. Patent 4,890,752.

        Bruke in view of Encyclopedia discloses all the features of the instantly claimed

invention except for the container being formed from a multilayered structure.  Hass

teaches a packaging system for oxygen sensitive food made of high density

polyethylene polymer, which is a polyolefin (see Column 2, lines 7-10), which has a

tensile modulus of 155,000 pounds per square inch as evidenced by Mark's Standard

Handbook for Mechanical Engineers, 10th Edition) (page 17 line 68 column 3) and a

container that is multilayered with an oxygen barrier layer (see Column 2, lines 26-33).

It would have been obvious to one of ordinary skill in the art at the time of the

invention to use a material as taught by Haas for the container as disclosed by Bruke

since both are directed to food containers and since the container of Haas is adapted

for use in packaging a food product, subject to change on exposure to oxygen (see

Column 1, lines 39-42 and 62-68), and coffee is such a product.


### Response to Arguments

Applicant's arguments with respect to the 35 U.S.C. 102 rejection of claims 1, 2,

9-11, 21, 22, 25, 26 and 29, have been considered but are moot in view of the new

ground(s) of rejection.

Applicant's other arguments filed October 17, 2005, have been fully considered

but they are not persuasive.

Applicant argues that the cited references fail to establish a likelihood of success.

Applicant states that neither the outer container nor the inner container of Burke alone

can provide a likelihood of success.  However, the Examiner has taken the container of

Burke to include both the inner portion and outer portion and therefore the container

does read on the claimed invention. Also, there is nothing in the claim language to exclude the container of Burke.

Applicant also argues that it is not clear that the container of Bruke could meet the present top load capacity requirements since the Bruke containers can be made of, for example, cardboard. While Bruke does disclose cardboard, it also teaches plastic. Encyclopedia teaches that plastics commonly used in the food packaging industry have a tensile strength within the claimed range and therefore, it would have been expected that container of Bruke also had a tensile strength within the claimed range.

In response to Applicant's argument that none of the references teach the present packaging system in the first instance, one cannot show nonobviousness by attacking references individually where the rejections are based on combinations of references. See *In re Keller*, 642 F.2d 413, 208 USPQ 871 (CCPA 1981); *In re Merck & Co.*, 800 F.2d 1091, 231 USPQ 375 (Fed. Cir. 1986).

In regard to Applicant's arguments concerning the claimed "coffee aroma value," it is not that thee arguments of counsel cannot take the place of evidence in the record. In re Schulze, 346 F.2d 600, 602, 145 USPQ 716, 718 (CCPA 1965). Examples of attorney statements which are not evidence and which must be supported by an appropriate affidavit or declaration include statements regarding unexpected results, commercial success, solution of a long-felt need, inoperability of the prior art, invention before the date of the reference, and allegations that the author(s) of the prior art derived the disclosed subject matter from the applicant. Additionally, the Patent Office does not possess the facilities to test the referenced container and that of the claimed

invention so the burden shifts to Applicant to demonstrate any patentable difference

between the two.  As such, Applicant is invited to submit clear and convincing evidence

that the container of Bruke would not have the "coffee aroma value" claimed.

Applicant also asserts that Bruke teaches away from a plastic container having

barrier properties, such as that as the present invention.  The Examiner respectfully

disagrees and once again notes that the container of Burke is understood to comprise

both the inner and outer portions.


### *Conclusion*

**THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Sarah L. Kuhns whose telephone number is 571-272-

Application/Control Number: 10/155,338                                    Page 11
Art Unit: 1761

1088.  The examiner can normally be reached on Monday - Friday from 8:00 am - 4:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Milton Cano can be reached at 571-272-1398.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

SLK

MILTON I. CANO
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 1700

## Search Notes

| Application No. | Applicant(s) |
|---|---|
| 10/155,338 | DALTON ET AL. |
| **Examiner** | **Art Unit** |
| Maureen C. Donovan | 1761 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 426 | 110 118 127 | 8/5/2004 | MCD |
| 426 | 126 395 396 | 8/5/2004 | MCD |
| 426 | 398 | 8/5/2004 | MCD |
| 220 | 495.03 227 | 8/5/2004 | MCD |
| 220 | 368.1 | 8/5/2004 | MCD |
| | | updated 6/3/05 | MCD |
| Updated Search above | | 11/18/2005 | SLK |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| KNOVEL: TENSILE MODULUS | 8/18/2004 | MCD |
| EAST : see attached search history | ~~8/6/2004~~ updated 6/3/05 | MCD MCD |
| PLUS search | 8/5/2004 | MCD |
| Google: blow molding polyester | 8/5/2004 | MCD |
| | | |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

U.S. Patent and Trademark Office

Part of Paper No. 20050607

513 634 3752                              RECEIVED 1:24 p.m.     02-28-2006     3/18
                                    CENTRAL FAX CENTER

                                       FEB 28 2006

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|   |   |   |
|---|---|---|
| | Application No. | : 10/155,338 |
| | Applicant(s) | : David A. Dalton et al. |
| 5 | Filed | : May 24, 2002 |
| | Title | : CONTAINER, METHOD AND APPARATUS TO PROVIDE FRESHER PACKED COFFEE |
| | TC/A.U. | : 1761 |
| | Examiner | : Sarah Louise Kuhns |
| 10 | Conf. No. | : 2258 |
| | Docket No. | : 8578M |
| | Customer No. | : 27752 |

<u>RESPONSE AND AMENDMENT WITH RCE</u>

15

MailStop RCE
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

20


Dear Sir:

25     In response to the Final Office Action dated November 29, 2005 for the above-identified patent application, please enter the following amendments and consider the following remarks.  Also enclosed is a Request for Continued Examination under 37 C.F.R. § 1.114.

<u>Amendments</u> begin on page 2 of this paper.

<u>Remarks</u> begin on page 9 of this paper.

30

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                2
Response to Action dated 2/28/2006
Docket No. 8578M

## AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1. (Currently Amended) A packaging system comprising:

a container having a longitudinal axis and comprising a closed bottom, an open top, and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon;

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a handle disposed on said body; and

a flexible closure removably attached and sealed to said protuberance;

wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm);

wherein said container has a top load capacity of at least about 16 pounds (7.3 kg); and wherein said closure has a one-way valve disposed thereon.

2. (Original) The packaging system as claimed in Claim 1 wherein said flexible closure comprises a foil.

3. (Original) The packaging system as claimed in Claim 1 wherein said flexible closure is a laminate comprising a first layer, a second layer, and a barrier layer disposed therebetween.

BEST AVAILABLE COPY

513 634 3752                                                                02:30:53 p.m.    02-28-2006        5 /18

U.S. Application No. 10/155,338                                3
Response to Action dated 2/28/2006
Docket No. 8578M

4. (Original) The packaging system as claimed in Claim 3 wherein said first layer is a polyolefin.

5. (Canceled)

6. (Previously Presented) The packaging system as claimed in Claim 4 wherein said valve is responsive to internal pressures within said container exceeding 10 millibars.

7. (Original) The packaging system as claimed in Claim 6 wherein said valve is responsive to internal pressures within said container exceeding 20 millibars.

8. (Original) The packaging system as claimed in Claim 7 wherein said valve is responsive to internal pressures within said container exceeding 30 millibars

9. (Original) The packaging system as claimed in Claim 1 wherein said bottom and said body are formed from a blow-moldable material.

10. (Original) The packaging system as claimed in Claim 9 wherein said material is a polyolefin.

11. (Original) The packaging system as claimed in Claim 9 wherein said blow-moldable material is selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof, and combinations thereof.

12. (Original) The packaging system as claimed in Claim 1 wherein said material is a multi-layered structure.

BEST AVAILABLE COPY

513 634 3752                                                    02:31:09 p.m.    02-28-2006    6 /18

U.S. Application No. 10/155,338                    4
Response to Action dated 2/28/2006
Docket No. 8578M

13. (Original) The packaging system as claimed in Claim 12 wherein said multi-layered structure further comprises a polyolefin layer proximate to said interior volume and at least one layer that is an oxygen barrier.

14. (Original)The packaging system as claimed in Claim 13 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.

15. (Canceled)

16. (Previously Presented) The packaging system as claimed in Claim 1 wherein said handle is integral with said body.

17. (Original) The packaging system as claimed in Claim 1 wherein said handle is substantially parallel to said longitudinal axis of said container.

18. (Original) The packaging system as claimed in Claim 1 further comprising an overcap having a rib disposed proximate to and along the perimeter of said cap, said rib defining an inner dome portion and an outer skirt portion of said overcap

19. (Original) The packaging system as claimed in Claim 18 wherein said rib has a height at least equal to the maximum displacement of said dome portion.

20. (Original) The packaging system as claimed in Claim 18 wherein said overcap is constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof, and combinations thereof.

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                    5
Response to Action dated 2/28/2006
Docket No. 8578M

21.  (Canceled)

22.  (Currently Amended) The packaging system of Claim 21 1 wherein said at least one region of deflection is responsive to at least one force internal or external to said container.

23.  (Original) The packaging system as claimed in Claim 1 wherein said tensile modulus number ranges from at least about 40,000 pounds per square inch (2,721 atm) to at least about 260,000 pounds per square inch (17,692 atm).

24. (Original) The packaging system as claimed in Claim 23 wherein said tensile modulus number ranges from at least about 90,000 pounds per square inch (6,124 atm) to at least about 150,000 pounds per square inch (10,207 atm).

25. (Original)The packaging system as claimed in Claim 1 wherein coffee is placed therein.

26. (Original)The packaging system as claimed in Claim 25 wherein said coffee is roast and ground.

27. (Original)The packaging system as claimed in Claim 26 wherein said container containing said roast and ground coffee is flushed with an inert gas.

28.  (Original)The packaging system as claimed in Claim 27 wherein said inert gas is selected from the group consisting of nitrogen, carbon dioxide, argon, and combinations thereof.

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                6
Response to Action dated 2/28/2006
Docket No. 8578M

29.  (Original)The fresh packaging system as claimed in Claim 1 wherein said top load
capacity is at least about 48 pounds (21.8 Kg).

30.  (Original) A method for packing coffee using the fresh packaging system of Claim 1
comprising the steps of:

filling said container with roast and ground coffee;

flushing said container with an inert gas; and,

sealing said container with said flexible closure.

31.  (Original) The method of Claim 30 further comprising the step of:

placing an overcap over said flexible closure, said overcap having a rib disposed
proximate to and along the perimeter of said cap, said rib defining an inner dome portion
and an outer skirt portion of said cap.

32. (Original) The method of Claim 30 further wherein said flexible closure further
comprises a valve responsive to internal pressures within said container exceeding 10
millibars.

33. (Canceled)

34. (Previously Presented) The method of Claim 30 wherein said handle is integral with
said body.

35. (Currently Amended) An article of manufacture comprising:

        a closed bottom;

        an open top;

        a body forming an enclosed perimeter between said bottom and top;

        wherein said bottom, top, and body together define an interior volume;



513 634 3752                                                                02:32:03 p.m.    02-28-2006        9/18

U.S. Application No. 10/155,338                    7
Response to Action dated 2/28/2006
Docket No. 8578M

wherein said body comprises at least one region of deflection disposed thereon;

wherein said body includes a protuberance continuously disposed around the perimeter of said body proximate to said top; and,

wherein said bottom and body are constructed from a polyolefin;

a flexible closure having a one-way valve disposed thereon, the closure removably attached to said protuberance wherein said closure forms a seal with said protuberance;

roast and ground coffee contained within said interior volume; and,

wherein said article of manufacture has an overall coffee aroma value of at least about 5.5.

36. (Original) The article of manufacture of Claim 35 wherein said overall coffee aroma value is at least about 6.5.

37. (Original) The article of manufacture of Claim 36 wherein said overall coffee aroma value is at least about 7.3.

38. (Original) The article of manufacture of Claim 35 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.

39. (Currently Amended) A packaging system comprising:

a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon;

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                8
Response to Action dated 2/28/2006
Docket No. 8578M

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a flexible closure removably attached and sealed to said protuberance; and,

wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm); and wherein said container has a top load capacity of at least about 16 pounds (7.3 kg).

40.  (Previously Presented) The packaging system of Claim 39 wherein said handle is disposed on said body of said container.

41.  (Previously Presented) The packaging system of Claim 39 wherein said handle is integral with said body.

42.  (Previously Presented) The packaging system of Claim 39 wherein said handle is substantially parallel to said longitudinal axis of said container.

43.  (Previously Presented) The packaging system of Claim 39 wherein said bottom and said body are formed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

44.  (Previously Presented) The packaging system of Claim 39 wherein said container contains coffee therein.

45.  (Previously Presented) The packaging system of Claim 39 wherein said container contains roast and ground coffee therein.

**BEST AVAILABLE COPY**

U.S. Application No. 10/155,338                    9
Response to Action dated 2/28/2006
Docket No. 8578M

46. (Currently Amended) A packaging system comprising:

    a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, a one-way valve and a body having an enclosed perimeter between said bottom and said top;

    wherein said bottom, top, and body together define an interior volume;

    <u>wherein said body comprises at least one region of deflection disposed thereon;</u>

    a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

    a flexible closure removably attached and sealed to said protuberance; and,

    wherein said bottom and said body are constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

47. (Previously Presented) The packaging system of Claim 46 wherein said handle is disposed on said body of said container.

48. (Previously Presented) The packaging system of Claim 46 wherein said handle is integral with said body.

49. (Previously Presented) The packaging system of Claim 46 wherein said handle is substantially parallel to said longitudinal axis of said container.

50. (Previously Presented) The packaging system of Claim 46 wherein said coffee is roast and ground.

BEST AVAILABLE COPY

513 634 3752                                              02:32:57 p.m.     02-28-2006     12 /18

U.S. Application No. 10/155,338                    10
Response to Action dated 2/28/2006
Docket No. 8578M

51. (Previously Presented) The packaging system of Claim 46 wherein said container contains coffee therein.

52. (Currently Amended) A packaging system comprising:

a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon;

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a flexible closure removably attached and sealed to said protuberance; and,

wherein said bottom and said body are constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

53. (Previously Presented) The packaging system of Claim 52 wherein said handle is disposed on said body of said container.

54. (Previously Presented) The packaging system of Claim 52 wherein said handle is integral with said body.

55. (Previously Presented) The packaging system of Claim 52 wherein said handle is substantially parallel to said longitudinal axis of said container.

56. (Previously Presented) The packaging system of Claim 52 wherein said coffee is roast and ground.

BEST AVAILABLE COPY

513 634 3752                                                02:33:16 p.m.    02-28-2006    13 /18

U.S. Application No. 10/155,338                    11
Response to Action dated 2/28/2006
Docket No. 8578M

57. (Previously Presented) The packaging system of Claim 52 wherein said container contains coffee therein.

**BEST AVAILABLE COPY**

513 634 3752                                                    02:33:22 p.m.     02-28-2006     14 /18

U.S. Application No. 10/155,338                          9
Response to Action dated 2/28/2006
Docket No. 8578M

## REMARKS

Applicants thank the Examiner for the consideration given the present application. Claims 1-4 and 6-14, 16-20, 22-32 and 34-57 are pending in the present application. Claims 1, 22, 35, 39, 46 and 52 are presently amended and Claim 21 is presently cancelled. No new claims have been added.

Specifically, Claims 1, 35, 39, 46 and 52 have been amended to add the language "wherein said body comprises at least one region of deflection disposed thereon." Support for these amendments can be found in Claim 21 as originally filed and throughout the specification.

Claim 22 has been amended to modify its dependency.

### Rejection under 35 USC §103

#### Claims 1-4, 9-11, 23-27, 29-31 and 35-38

Claims 1, 2, 9-11, 21, 22, 25, 26 and 29 have been rejected under 35 U.S.C. § 103 as being unpatentable over Vidkjaer, U.S. Patent 6,733,803 (herein "Vidkjaer") in view of Ota, U.S. Patent 4,890,752 (herein "Ota"). In general, Vidkjaer is relied on to teach a plastic container having a protuberance about the top and a flexible, removable closure attached to the protuberance. Moreover, it is asserted that Vidkjaer teaches that the closure has one-way valves disposed thereon that respond to pressure. Vidkjaer is also relied on to teach regions of deflection and ribs. However, it is pointed out that Bruke does not teach a container having a handle. Ota is relied on to remedy this deficiency.

#### Claims 1-4, 9-11, 16-27, 29-31 and 34-57

Claims 1-4, 9-11, 16-27, 29-31 and 34-57 are also rejected under 35 U.S.C. § 103 as being obvious over Bruke in view of The Encyclopedia of Polymer Science and Technology (herein "Encyclopedia") and further in view of Ota. More specifically, Bruke is relied on to teach a rigid, plastic container for holding coffee having a protuberance about the top and a flexible, removable closure attached to the protuberance.

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                    10
Response to Action dated 2/28/2006
Docket No. 8578M

Moreover, it is asserted that Bruke teaches that the closure is a multilayered structure
having a one-way valve and that a plastic overcap having a rib and inner dome may be
applied to the container. However, it is pointed out that Bruke does not teach that the
overcap is made of a polyolefin. The Encyclopedia is relied on to remedy this deficiency
because of its teachings that polyolefins may be used for food packaging applications. It
is stated that because the Bruke container arguably discloses all the structural features of
the presently claimed invention, the aroma value and top load would be considered
inherent. Additionally, it is admitted that Bruke does not teach a container having a
handle. Ota is relied upon to remedy this deficiency.

Claim 28

Claim 28 has also been rejected over Bruke in view of Encyclopedia and Ota for
the reasons set forth above, and further in view of Buckingham, U.S. Patent 6,861,086
(herein "Buckingham"). Buckingham is relied upon to teach types of inert gas useful for
flushing the container.

Claims 6-8 and 32

Claims 6-8 and 32 are also rejected under 35 U.S.C. § 103 as being obvious over
Bruke in view of the Encyclopedia and Ota as applied previously and further in view of
Vidkjaer, which is relied on to teach the pressures for response of the one way valve.

Claims 12-14

Claims 12-14 are also rejected under 35 U.S.C. § 103 as being obvious over Bruke
in view of the Encyclopedia as applied previously and further in view of Haas, which is
relied on to teach a multilayered structure with an oxygen barrier.

Applicants respectfully traverse all of these rejections for the following reasons.

The Examiner bears the burden of factually supporting any prima facie conclusion of
obviousness. In determining the differences between the cited art and the claims, the
question is not whether the differences themselves would have been obvious, but whether
the claimed invention as a whole would have been obvious. See Stratoflex, Inc. v.

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                    11
Response to Action dated 2/28/2006
Docket No. 8578M

Aeroquip Corp., 713 F.2d 1530 (Fe. Cir. 1983). If the Examiner does not prove a prima facie case of unpatentability, then without more, the Applicant is entitled to grant of the patent. *See* In re Oetiker, 977 F.2d 1443.

To establish a prima facie case of obviousness under 35 U.S.C. §103, the Examiner must meet three basic criteria, which are that there must be a motivation to combine references, there must be an expectation or likelihood of success, and all claim limitations must be taught. See, for example, In re Vaeck, 947 F.2d 488 (Fed. Cir. 1991). Applicants respectfully assert that the references cited in the Office Action fail to satisfy all of these criteria, and thus, fail to establish a prima facie case of obviousness under 35 U.S.C. §103.

The Vidkjaer Reference

Applicants respectfully assert that the Vidkjaer reference fails to teach all of the claims limitations. Vidkjaer, alone or in combination with the other cited references, fails to teach the present containers having regions of deflection, as amended herein. On page 3 of the Office Action the Examiner relies on reference number (3) of Vidkjaer to teach regions of deflection. The Examiner states that "the ribs on the container are for reinforcement and it is interpreted that they would be responsive to an internal or external force on the container." Page 3, paper No. 2. Thus, the Examiner has concluded that the reinforcement ribs in Vidkjaer can serve as both a reinforcement means and a region of deflection.

It is respectfully asserted that this is an improper conclusion. The present invention can comprise both ribs and regions of deflection, however, as described herein below, each serves a clearly distinct function. As taught presently, regions of deflection function "to isolate deflection of the container due to either pressures internal to the container or pressures due to forces exerted upon the container." Specification, page 10, lines 15-17. Incorporation of the regions of deflection is believed to allow flexion within the body portion of the container such that the body portion can deform uniformly without catastrophic failure or other defects, such as denting. Specification, page 11, lines 1-4. Moreover, the regions of deflection are designed to have *less resistance to deflection* than the regions of the container proximate to the regions of deflection (emphasis added). Specification, page 11, lines 18-20. In this way, any movements of

BEST AVAILABLE COPY

513 634 3752                                                                02:34:35 p.m.    02-28-2006    17 /18

U.S. Application No. 10/155,338                 12
Response to Action dated 2/28/2006
Docket No. 8578M

the container due to changes in pressure preferentially impact the regions of deflection rather than the remainder of the container. Id. lines 20-21. Moreover, the ribs of the present invention are designed to provide structural stability and further restrict movement of the container to the regions of deflection. Specification, page 11, line 27 through page 12, line 14.

In view of the above, it is respectfully asserted that the assumption that the reinforcement ribs of Vidkjaer can both reinforce the container (like the present ribs) and allow flexibility (like the present regions of deflection) is incorrect. The ribs of Vidkjaer cannot provide reinforcement *and* concurrently be less resistant to deflection. Thus, Applicants respectfully assert that it is improper to assume that the ribs of Vidkjaer can serve both functions simultaneously. Therefore, Vidkjaer fails to teach the present regions of deflection. The additional cited references do nothing to remedy this deficiency of Vidkjaer. Thus, it is respectfully asserted that Vidkjaer, either alone or in combination, fails to teach all of the claim limitations and, therefore, the Office Action fails to establish a prima facie case of obviousness.

The Bruke reference

Applicants respectfully assert that the Bruke reference, either alone or in combination with the other cited references, fails to provide a reasonable expectation of success. Bruke is essentially a bag-in-a box wherein the goods are packaged in a flexible inner container which is then placed in a supporting casing. When the goods are coffee, the inner container is evacuated to give it a stable form. Bruke, Col. 3, lines 15-23. Thus, the inner container would likely resemble a 'brick' of coffee that can then be placed into the supporting casing. Bruke, Col. 5, line 20. Applicants respectfully assert that this bag-in-a-box, double packaging configuration in no way provides any reasonable expectation of success of the present container which provides a single container for packaging coffee. More specifically, Bruke fails to provide any teaching that an off-gassing product, such as coffee, can be packaged in a container without the use of a protective inner container. For this reason alone, it is respectfully asserted that Bruke fails to provide a reasonable expectation of success and, therefore, a prima facie case of obviousness has not been established.

BEST AVAILABLE COPY

U.S. Application No. 10/155,338                    13
Response to Action dated 2/28/2006
Docket No. 8578M

Additionally, it is respectfully asserted that Bruke fails to teach or suggest all claim limitations for the reasons stated above in regards to Vidkjaer. Namely, Bruke, either alone or in combination with the other cited references, fails to teach or suggest a container having regions of deflections designed to account for and manage movements of the container due to changes in pressure. For this additional reason, it is respectfully asserted that a prima facie case of obviousness has not been established.

Findings of fact relied upon in making the obviousness rejection must be supported by substantial evidence within the record. See In re Gartside, 203 F.3d 1305, 1315 (Fed. Cir. 2000). Applicants respectfully assert that, for the above reasons, the Office Action fails to support the obviousness rejection with substantial evidence, and thus, fails to establish obviousness under 35 U.S.C. § 103. Therefore, Applicants respectfully request the rejection under 35 U.S.C. §103 be withdrawn.

<u>Conclusion</u>

In light of the above remarks, it is requested that the Examiner reconsider and withdraw the rejection under 35 U.S.C. § 103 in view of the present amendments and remarks. Early and favorable action in the case is respectfully requested.

Respectfully submitted,

THE PROCTER & GAMBLE COMPANY

By _____
Bryd T. Lorentz
Registration No. 55,668
(513) 634-2084

February 28, 2006

BEST AVAILABLE COPY

513 634 3752

RECEIVED
CENTRAL FAX CENTER     02:29:29 p.m.     02-28-2006     1/18

FEB 2 8 2006

## IMPORTANT CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally protected. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone (collect) to arrange for return of the telecopied document to us.

**TO:**     **Mail Stop RCE - United States Patent and Trademark Office**

Fax No.  571-273-8300          Phone No.

**FROM:**  **Bryn T. Lorentz  (Typed or printed name of person signing Certificate)**

Fax No.  513-634-3752          Phone No.  513-634-2084

Application No.:  10/155,338

Inventor(s):     David A. Dalton, et al.

Filed:           May 24, 2002

Docket No.:      8578M

Confirmation No.: 2258

## FACSIMILE TRANSMITTAL SHEET AND
## CERTIFICATE OF TRANSMISSION UNDER 37 C.F.R. §1.8

*I hereby certify that this correspondence is being facsimile transmitted to the United States Patent and Trademark Office on __February 28, 2006__ , to the above-identified facsimile number.*

_____ (Signature)

Listed below are the item(s) being submitted with this Certificate of Transmission:**

1) RCE Transmittal ( 1 page)

2) Response Amendment ( 13 pages)

3)

4)

Number of Pages Including this Page:  15

Comments:

**Note:  Each paper must have its own certificate of transmission, OR this certificate must identify each submitted paper.

*(FAX-USPTO.doc Revised 11/18/2005)*

## BEST AVAILABLE COPY

RECEIVED
CENTRAL FAX CENTER

FEB 2 8 2006

513 634 3752                                    02:29:50 p.m.    02-28-2006    2/18

PTO/SB/30 (04-05)

| REQUEST FOR CONTINUED EXAMINATION (RCE) TRANSMITTAL | Application Number | 10/155,338 |
|---|---|---|
| | Filing Date | May 24, 2002 |
| | First Named Inventor | David A. Dalton, et al. |
| Address to: | Art Unit | 1761 |
| Mail Stop RCE Commissioner for Patents P.O. Box 1450 Alexandria, VA 22313-1450 | Examiner Name | Sarah Louise Kuhns |
| | Attorney Docket Number | 8578M |
| | Confirmation Number | 2258 |

This is a Request for Continued Examination (RCE) under 37 C.F.R. § 1.114 of the above-identified application.
Request for Continued Examination (RCE) practice under 37 CFR 1.114 does not apply to any utility or plant application filed prior to June 8, 1995, or to any design application. See Instruction Sheet for RCEs (not to be submitted to the USPTO) on page 2.

1. **Submission required under 37 C.F.R. § 1.114** Note: If the RCE is proper, any previously filed unentered amendments and amendments enclosed with the RCE will be entered in the order in which they were filed unless applicant instructs otherwise. If applicant does not wish to have any previously filed unentered amendment(s) entered, applicant must request non-entry of such amendment(s).

  a. [ ] Previously submitted.   If a final Office action is outstanding, any amendments filed after the final Office action may be considered as a submission even if this box is not checked.
    i. [ ] Consider the arguments in the Appeal Brief or Reply Brief previously filed on _____.
    ii. [ ] Other _____
  b. Enclosed
    i. [X] Amendment/Reply
    ii. [ ] Affidavit(s)/Declaration(s)
    iii. [ ] Information Disclosure Statement (IDS)
    iv. [ ] Other _____

2. **Miscellaneous**

  a. [] Suspension of action on the above-identified application is requested under 37 C.F.R. §1.103(c) for a period of __ months.  (Period of suspension shall not exceed 3 months; Fee under 37 C.F.R. § 1.17(i) required)
  b. [] Other ___

3. **Fees** The RCE fee under 37 C.F.R. §1.17(e) is required by 37 C.F.R. §1.114 when the RCE is filed.

  [X] The Director is hereby authorized to charge the following fees, or credit any overpayments, to Deposit Account No. **16-2480**.
    i. [X] RCE fee required under 37 C.F.R. §1.17(e)
    ii. [] Extension of time fee (37 C.F.R. §§1.136 and 1.17)
    iii. [] Suspension of action fee under 37 C.F.R. 1.17(i)
    iv. [] Other _____

| **SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED** | |
|---|---|
| NAME (Print/Type) Bryn T. Lorentz | Reg. No. (Attorney/Agent) 55,668 |
| SIGNATURE | DATE February 28, 2006 |

| **CERTIFICATE OF MAILING OR TRANSMISSION** | |
|---|---|

I hereby certify that I have reasonable basis to expect that, on the date shown below, this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, or facsimile transmitted to the U.S. Patent and Trademark Office via fax number 571-273-8300 on the date shown below:

| NAME (Print/Type) Bryn T. Lorentz | |
|---|---|
| SIGNATURE | DATE February 28, 2006 |

This collection of information is required by 37 CFR 1.114. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. Send Fees and Completed forms to the following address: Mail Stop RCE, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
(Revised for P&G use 11/22/2005)

**BEST AVAILABLE COPY**

PTO/SB/06 (08-03)
Approved for use through 7/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875

Application or Docket Number: 10/155 338

### CLAIMS AS FILED – PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a)) | | | | $ | OR | | $ |
| TOTAL CLAIMS (37 CFR 1.16(c)) | minus 20 = | | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(b)) | minus 3 = | | X $ = | | OR | X $ = | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(d)) | | | + $ | | OR | + $ | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | OR | TOTAL | |

### CLAIMS AS AMENDED – PART II

**RCE**   2/28/06

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | 54 | Minus ** | 56 | 0 | X $ = | | OR | X $ = | |
| Independent (37 CFR 1.16(b)) | 5 | Minus *** | 5 | 0 | X $ = | | OR | X $ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $ = | | OR | + $ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | | Minus ** | | = | X $ = | | OR | X $ = | |
| Independent (37 CFR 1.16(b)) | | Minus *** | | = | X $ = | | OR | X $ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $ = | | OR | + $ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(c)) | | Minus ** | | = | X $ = | | OR | X $ = | |
| Independent (37 CFR 1.16(b)) | | Minus *** | | = | X $ = | | OR | X $ = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(d)) | | | | | + $ = | | OR | + $ = | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20"
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3"
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U S C 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U S Patent and Trademark Office, U S Department of Commerce, P O Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P O Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2

United States Patent and Trademark Office
                  - Sales Receipt -

2/28/06

03/03/2006 VSEAFORT 00000001 162480     10155338

01 FC:1801          790.00 DA



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/155,338 | 05/24/2002 | David Andrew Dalton | 8578M | 2258 |

| 27752 | 7590 | 04/04/2006 |
|---|---|---|

THE PROCTER & GAMBLE COMPANY
INTELLECTUAL PROPERTY DIVISION
WINTON HILL TECHNICAL CENTER - BOX 161
6110 CENTER HILL AVENUE
CINCINNATI, OH 45224

| EXAMINER |
|---|
| KUHNS, SARAH LOUISE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1761 | |

DATE MAILED: 04/04/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/155,338 | DALTON ET AL. |
| | Examiner | Art Unit | |
| | Sarah L. Kuhns | 1761 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS,
WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>28 February 2006</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
    closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-4,6-14,16-20,22-32 and 34-57</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-4,6-14,16-20,22-32 and 34-57</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All    b)☐ Some * c)☐ None of:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____.

        3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage
            application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
   Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail. Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____.

Application/Control Number: 10/155,338                                    Page 2
Art Unit: 1761

## DETAILED ACTION

The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

### Continued Examination Under 37 CFR 1.114

A request for continued examination under 37 CFR 1.114, including the fee set forth in 37 CFR 1.17(e), was filed in this application after final rejection. Since this application is eligible for continued examination under 37 CFR 1.114, and the fee set forth in 37 CFR 1.17(e) has been timely paid, the finality of the previous Office action has been withdrawn pursuant to 37 CFR 1.114. Applicant's submission filed on February 28, 2006, has been entered.

### Claim Rejections - 35 USC § 103

Claims 1, 2, 9-11, 22, 25, 26, and 29 are rejected under 35 U.S.C. 103(a) as being unpatentable over Vidkjaer, in view of Ota, for the reasons set forth in the previous Office Action.

Claims 1-4, 9-11, 16-20, 22-27, 29-31, and 34-37 are rejected under 35 U.S.C. 103(a) as being unpatentable over Bruke, in view of The Encyclopedia of Polymer Science and Technology and Ota, for the reasons set forth in the previous Office Action.

Application/Control Number: 10/155,338                               Page 3
Art Unit: 1761

Claim 28 is rejected under 35 U.S.C. 103(a) as being unpatentable over Bruke, in

view of The Encyclopedia of Polymer Science and Technology, Ota, and Buckingham,

for the reasons set forth in the previous Office Action.

Claims 6-8 and 32 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Bruke, in view of The Encyclopedia of Polymer Science and Technology, Ota, and

Vidkjaer, for the reasons set forth in the previous Office Action.

Claims 12-14 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Bruke, in view of The Encyclopedia of Polymer Science and Technology, Ota, and

Haas, for the reasons set forth in the previous Office Action.

### Response to Arguments

Applicant's arguments filed February 28, 2006, have been fully considered but

they are not persuasive.

Applicant argues that the reinforcement ribs in Vidkjaer cannot be deemed to

serve as both a reinforcement means and a region of deflection. Applicant states that

the reinforcement ribs of Vidkjaer cannot both reinforce the container and allow

flexibility. However, the claim language only requires a "region of deflection" and has no

flexibility requirement. As the prior art teaches ribs, which reinforce the container, and

these areas, being reinforced, are stronger, it would have been expected that they

would deflect forces on the container.

Applicant argues that Bruke relates to a bag-in-box container and fails to provide

any teaching that an off-gassing product, such as coffee, can be packaged in a blow-

Application/Control Number: 10/155,338                                Page 4
Art Unit: 1761

molded container without the use of a protective inner container.  However, nothing in

the claim language excludes an inner protective container.  It is also noted that The

Encyclopedia of Polymer Science and Technology is relied on for the teaching of blow-

molded containers and therefore, the combination does disclose all of the limitations of

the claimed invention.

Applicant arguments with respect to the regions of deflection in the Bruke

reference are unpersuasive for the same reasons discussed above with respect to the

Vidkjaer reference.


### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Sarah L. Kuhns whose telephone number is 571-272-

1088.  The examiner can normally be reached on Monday - Friday from 8:00 am - 4:30

pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Milton Cano can be reached at 571-272-1398.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/155,338                    Page 5
Art Unit: 1761

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

SLK

MILTON I. CANO
SUPERVISORY PATENT EXAMINER

| Search Notes | Application No. | Applicant(s) |
|---|---|---|
| | 10/155,338 | DALTON ET AL. |
| | Examiner | Art Unit |
| | Maureen C. Donovan | 1761 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 426 | 110 118 127 | 8/5/2004 | MCD |
| 426 | 126 395 396 | 8/5/2004 | MCD |
| 426 | 398 | 8/5/2004 | MCD |
| 220 | 495.03 227 | 8/5/2004 | MCD |
| 220 | 366.1 | 8/5/2004 | MCD |
| | | updated 6/3/05 MCD | |
| Updated Search above | | 11/18/2005 | SLK |
| Updated Search above | | 3/20/2006 | SLK |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| KNOVEL: TENSILE MODULUS | 8/18/2004 | MCD |
| EAST : see attached search history | ~~8/5/2004~~ updated 6/3/05 | MCD MCD |
| PLUS search | 8/5/2004 | MCD |
| Google: blow molding polyester | 8/5/2004 | MCD |
| | | |
| | | |
| | | |

Part of Paper No. 20050607

RECEIVED
CENTRAL FAX CENTER      09:44:16    06-28-2006         1/15

JUN 2 8 2006

## IMPORTANT CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally protected.  The information is intended only for the use of the individual or entity named below.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.  If you have received this telecopy in error, please immediately notify us by telephone (collect) to arrange for return of the telecopied document to us.

**TO:**    Official Application Related Correspondance - United States Patent and Trademark Office

     Fax No.  571/273-8300          Phone No.

**FROM:**  Bridget Harris for Jerry J. Yetter, Esq. **(Typed or printed name of person signing Certificate)**

     Fax No.  513/627-0318          Phone No.  513/627-2996

Application No.:  10/155,338

Inventor(s):      David A. Dalton et al.

Filed:            5/24/02

Docket No.:       8578M

Confirmation No.: 2258

## FACSIMILE TRANSMITTAL SHEET AND

## CERTIFICATE OF TRANSMISSION UNDER 37 C.F.R. §1.8

*I hereby certify that this correspondence is being facsimile transmitted to the United States Patent and Trademark Office on* __June 28, 2006__ *, to the above-identified facsimile number.*

                                    (Signature)

Listed below are the item(s) being submitted with this Certificate of Transmission:**

1) Amendment – 14 pgs.

Number of Pages Including this Page:  15

Comments:

**Note:  Each paper must have its own certificate of transmission, OR this certificate must identify each submitted paper.

*(FAX-USPTO.doc Revised 11/18/2005)*

513 627 0318

RECEIVED
CENTRAL FAX CENTER

09:44:37    06-28-2006    2 /15

JUN 2 8 2006

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | : | 10/155,338 |
| Inventor(s) | : | David A. Dalton et al. |
| Filed | : | 5/24/2002 |
| Art Unit | : | 1761 |
| Examiner | : | Kuhns |
| Docket No. | : | 8578M |
| Confirmation No. | : | 2258 |
| Customer No. | : | 27752 |
| Title | : | Container, Method and Apparatus to |
| | | Provide Fresher Packed Coffee |

### AMENDMENT

Commissioner for Patents
VIA FACSIMILE 571/273-8300

This is in response to the Office Action of 4/4/06.  Please amend the application and consider the following remarks in support of patentability.

Amendments to the Claims begin on page 2 of this paper.

Remarks/Arguments begin on page 13 of this paper.

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

AMENDMENTS TO THE CLAIMS

This listing of claims will replace all prior versions, and listings, of claims in the application:

<u>Listing of Claims:</u>

1.  (Currently Amended) A packaging system comprising:

a container having a longitudinal axis and comprising a closed bottom, an open top, and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon, <u>said region of deflection having less resistance to flexing than the body of said container proximate to said region of deflection</u>;

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a handle disposed on said body; and

a flexible closure removably attached and sealed to said protuberance;

wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm);

wherein said container has a top load capacity of at least about 16 pounds (7.3 kg); and wherein said closure has a one-way valve disposed thereon.


2. (Original) The packaging system as claimed in Claim 1 wherein said flexible closure comprises a foil.

Page 2 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

3. (Original)The packaging system as claimed in Claim 1 wherein said flexible closure is a laminate comprising a first layer, a second layer, and a barrier layer disposed therebetween.

4. (Original) The packaging system as claimed in Claim 3 wherein said first layer is a polyolefin.

5. (Cancelled)

6. (Previously Presented) The packaging system as claimed in Claim 4 wherein said valve is responsive to internal pressures within said container exceeding 10 millibars.

7. (Original) The packaging system as claimed in Claim 6 wherein said valve is responsive to internal pressures within said container exceeding 20 millibars.

8. (Original) The packaging system as claimed in Claim 7 wherein said valve is responsive to internal pressures within said container exceeding 30 millibars

9. (Original) The packaging system as claimed in Claim 1 wherein said bottom and said body are formed from a blow-moldable material.

10. (Original) The packaging system as claimed in Claim 9 wherein said material is a polyolefin.

11. (Original) The packaging system as claimed in Claim 9 wherein said blow-moldable material is selected from the group consisting of polycarbonate, low density polyethylene,

Page 3 of 14

513 627 0318                                      09:45:22    06-28-2006      5 /15

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof, and combinations thereof.

12. (Original) The packaging system as claimed in Claim 1 wherein said material is a multi-layered structure.

13. (Original) The packaging system as claimed in Claim 12 wherein said multi-layered structure further comprises a polyolefin layer proximate to said interior volume and at least one layer that is an oxygen barrier.

14. (Original)The packaging system as claimed in Claim 13 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.

15. (Cancelled)

16. (Previously Presented) The packaging system as claimed in Claim 1 wherein said handle is integral with said body.

17. (Original) The packaging system as claimed in Claim 1 wherein said handle is substantially parallel to said longitudinal axis of said container.

18. (Original) The packaging system as claimed in Claim 1 further comprising an overcap having a rib disposed proximate to and along the perimeter of said cap, said rib defining an inner dome portion and an outer skirt portion of said overcap

Page 4 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

19. (Original) The packaging system as claimed in Claim 18 wherein said rib has a height at least equal to the maximum displacement of said dome portion.


20. (Original) The packaging system as claimed in Claim 18 wherein said overcap is constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof, and combinations thereof.


21. (Cancelled)


22. (Previously Presented) The packaging system of Claim ~~21~~ 1 wherein said at least one region of deflection is responsive to at least one force internal or external to said container.


23. (Original) The packaging system as claimed in Claim 1 wherein said tensile modulus number ranges from at least about 40,000 pounds per square inch (2,721 atm) to at least about 260,000 pounds per square inch (17,692 atm).


24. (Original) The packaging system as claimed in Claim 23 wherein said tensile modulus number ranges from at least about 90,000 pounds per square inch (6,124 atm) to at least about 150,000 pounds per square inch (10,207 atm).


25. (Original)The packaging system as claimed in Claim 1 wherein coffee is placed therein.

Page 5 of 14

513 627 0318                                                                09:45:56    06-28-2006    7 /15

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

26. (Original)The packaging system as claimed in Claim 25 wherein said coffee is roast and ground.

27. (Original)The packaging system as claimed in Claim 26 wherein said container containing said roast and ground coffee is flushed with an inert gas.

28. (Original)The packaging system as claimed in Claim 27 wherein said inert gas is selected from the group consisting of nitrogen, carbon dioxide, argon, and combinations thereof.

29. (Original)The fresh packaging system as claimed in Claim 1 wherein said top load capacity is at least about 48 pounds (21.8 Kg).

30. (Original) A method for packing coffee using the fresh packaging system of Claim 1 comprising the steps of:

filling said container with roast and ground coffee;

flushing said container with an inert gas; and,

sealing said container with said flexible closure.

31. (Original) The method of Claim 30 further comprising the step of:

placing an overcap over said flexible closure, said overcap having a rib disposed proximate to and along the perimeter of said cap, said rib defining an inner dome portion and an outer skirt portion of said cap.

Page 6 of 14

513 627 0318                                           09:46:12    06-28-2006    8/15

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

32. (Original) The method of Claim 30 further wherein said flexible closure further comprises a valve responsive to internal pressures within said container exceeding 10 millibars.

33. (Cancelled)

34. (Previously Presented) The method of Claim 30 wherein said handle is integral with said body.

35. (Currently Amended) An article of manufacture comprising:

> a closed bottom;
>
> an open top;
>
> a body forming an enclosed perimeter between said bottom and top;
>
> wherein said bottom, top, and body together define an interior volume;
>
> wherein said body comprises at least one region of deflection disposed

thereon, said region of deflection having less resistance to flexing than the body of said container proximate to said region of deflection;

> wherein said body includes a protuberance continuously disposed around

the perimeter of said body proximate to said top; and,

> wherein said bottom and body are constructed from a polyolefin;
>
> a flexible closure having a one-way valve disposed thereon, the closure

removably attached to said protuberance wherein said closure forms a seal with said protuberance;

> roast and ground coffee contained within said interior volume; and,
>
> wherein said article of manufacture has an overall coffee aroma value of at

least about 5.5.

36. (Original) The article of manufacture of Claim 35 wherein said overall coffee aroma value is at least about 6.5.

Page 7 of 14

PAGE 8/15 * RCVD AT 6/28/2006 10:40:28 AM [Eastern Daylight Time] * SVR:USPTO-EFXRF-3/17 * DNIS:2738300 * CSID:513 627 0318 * DURATION (mm-ss):04-50

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752


37. (Original) The article of manufacture of Claim 36 wherein said overall coffee aroma value is at least about 7.3.


38. (Original) The article of manufacture of Claim 35 wherein said polyolefin is selected from the group consisting of low density polyethylene, high density polyethylene, polypropylene, co-polymers thereof, and combinations thereof.


39. (Currently Amended) A packaging system comprising:

a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon, said region of deflection having less resistance to flexing than the body of said container proximate to said region of deflection;

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a flexible closure removably attached and sealed to said protuberance; and,

wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (44,230 atm); and wherein said container has a top load capacity of at least about 16 pounds (7.3 kg).


40. (Previously Presented) The packaging system of Claim 39 wherein said handle is disposed on said body of said container.


Page 8 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

41. (Previously Presented) The packaging system of Claim 39 wherein said handle is integral with said body.

42. (Previously Presented) The packaging system of Claim 39 wherein said handle is substantially parallel to said longitudinal axis of said container.

43. (Previously Presented) The packaging system of Claim 39 wherein said bottom and said body are formed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

44. (Previously Presented) The packaging system of Claim 39 wherein said container contains coffee therein.

45. (Previously Presented) The packaging system of Claim 39 wherein said container contains roast and ground coffee therein.

46. (Currently Amended) A packaging system comprising:

a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, a one-way valve and a body having an enclosed perimeter between said bottom and said top;

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon, said region of deflection having less resistance to flexing than the body of said container proximate to said region of deflection;

Page 9 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a flexible closure removably attached and sealed to said protuberance; and,

wherein said bottom and said body are constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

47. (Previously Presented) The packaging system of Claim 46 wherein said handle is disposed on said body of said container.

48. (Previously Presented) The packaging system of Claim 46 wherein said handle is integral with said body.

49. (Previously Presented) The packaging system of Claim 46 wherein said handle is substantially parallel to said longitudinal axis of said container.

50. (Previously Presented) The packaging system of Claim 46 wherein said coffee is roast and ground.

51. (Previously Presented) The packaging system of Claim 46 wherein said container contains coffee therein.

52. (Currently Amended) A packaging system comprising:

a container for holding coffee having a longitudinal axis and comprising a closed bottom, an open top, a handle, and a body having an enclosed perimeter between said bottom and said top;

Page 10 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

wherein said bottom, top, and body together define an interior volume;

wherein said body comprises at least one region of deflection disposed thereon, said region of deflection having less resistance to flexing than the body of said container proximate to said region of deflection;

a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body;

a flexible closure removably attached and sealed to said protuberance; and,

wherein said bottom and said body are constructed from a material selected from the group consisting of polycarbonate, low density polyethylene, high density polyethylene, polyethylene terephthalate, polypropylene, polystyrene, polyvinyl chloride, co-polymers thereof and combinations thereof.

53. (Previously Presented) The packaging system of Claim 52 wherein said handle is disposed on said body of said container.

54. (Previously Presented) The packaging system of Claim 52 wherein said handle is integral with said body.

55. (Previously Presented) The packaging system of Claim 52 wherein said handle is substantially parallel to said longitudinal axis of said container.

56. (Previously Presented) The packaging system of Claim 52 wherein said coffee is roast and ground.

57. (Previously Presented) The packaging system of Claim 52 wherein said container contains coffee therein.

Page 11 of 14

513 627 0318                                    09:47:45   06-28-2006     13 /15

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

58. (New)  The packaging system of Claim 1, wherein said container further comprises at least one rib parallel to the longitudinal axis, said rib adding structural stability to said container with respect to top load capacity.

59. (New)  The packaging system of Claim 58 wherein said at least one region of deflection is in the form of a rectangular panel and said at least one rib is proximate thereto.

Page 12 of 14

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

### REMARKS/ARGUMENTS

Claims 1-4, 6-14, 16-20, 22-32, 34-57 and New Claims 58 and 59 are now under submission.

Claims 1, 35, 39, 46, 52 and, perforce, all claims depending therefrom, have been amended to specify that the region of deflection (added by the previous responsive amendment) has less resistance to flexing than does the body of the container proximate to said region of deflection. Basis is found at page 11, line 2 (to allow "flexion") and line 19.

Basis for New Claims 58 and 59 is found at page 12, line 5 ("at least one rib"; "added structural stability in at least the addition of top load strength") and at line 1 ("parallel to the longitudinal axis") and page 11, line 17 ("rectangular panels") and at page 12, lines 1-2 (rib "proximate to at least one panel").

It is submitted that all claims under consideration are fully supported, and entry is requested.

### Rejections Under 35 USC 103

Claims 1, 2, 9-11, 22, 25, 26 and 29 stand rejected over U.S. 6,733,803, in view of US 4,890,752, for previously-stated reasons.

Claims 1-4, 9-11, 16-20, 22-27, 29-31 and 34-37 stand rejected over US 3,944,127, in view of The Encyclopedia of Polymer Science and Technology and '752, for previously-stated reasons.

Claim 28 stands rejected over US 3,944,127, in view of The "Encylclopedia," '752 and US 6,861,086, for previously-stated reasons.

Claims 6-8 and 32 stand rejected over '127, in view of The "Encyclopedia," '752 and '803, for previously-stated reasons.

Claims 12-14 stand rejected over '127 in view of The "Enclyclopedia," '752 and Haas, for previously-stated reasons.

Page 13 of 14

513 627 0318                                      09:48:14   06-28-2006      15/15

Appl. No. 10/155,338
Docket No. 8578M
Amdt. dated 6/28/06
Reply to Office Action mailed on 4/4/06
Customer No. 27752

Applicants respectfully traverse all rejections, to the extent they may apply to the claims as now amended. All previous remarks and arguments in support of patentability continue to apply, but will not be exhaustively repeated herein for the sake of brevity.

In a nutshell, Applicants' position is that none of the cited documents suggests the "region of deflection" employed in the present containers. In response, the Examiner (Office Action, page 3) surmises that the "region of deflection" could encompass reinforcing "ribs", since no flexibility requirement is given.

In response to that position, the claims have now been amended to recite that the region of deflection has less resistance to flexing that does the proximate region of the container, i.e., is more flexible. This, of course, is the exact opposite of a reinforcing rib.

It is respectfully submitted that none of the cited documents, or combinations thereof, suggests this key feature of the present invention, which is common to all claims now under consideration. Moreover, New Claims 58 and 59 do, in fact, recite a "rib" element, together with the region of deflection. Thus, under the principle of claims differentiation, the region of deflection is clearly distinguished from a reinforcing rib. Taken with the matters previously discussed, it is submitted that these factors fully meet all grounds for rejection set-forth by the Examiner. Accordingly, reconsideration and withdrawal of all rejections are requested.

In light of the foregoing, early and favorable action on the amended claims is requested.

Respectfully submitted,

THE PROCTER & GAMBLE COMPANY

By _____
Jerry J. Yetter
Registration No. 26,598
(513) 627-2996

Date: June 28, 2006
Customer No. 27752

Page 14 of 14