QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Claude M. Stern (Bar No. 96737)
claudestern@quinnemanuel.com
Evette D. Pennypacker (Bar No. 203515)
evettepennypacker@quinnemanuel.com
Michael D. Powell (Bar No. 202850)
mikepowell@quinnemanuel.com
Randy Garteiser (Bar No. 231821)
randygarteiser@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE PROCTER & GAMBLE COMPANY, a Delaware corporation,

Plaintiff,

vs.

KRAFT FOODS GLOBAL, INC., a Delaware Corporation,

Defendants.

CASE NO. C 07-4413 PJH

The Honorable Phyllis J. Hamilton

**KRAFT'S OBJECTIONS TO EVIDENCE OFFERED BY P&G IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION, OPPOSITION TO KRAFT'S MOTION FOR ADMINISTRATIVE RELIEF AND OPPOSITION TO KRAFT'S MOTION TO STAY OR FOR EXPEDITED DISCOVERY AND CONTINUE HEARING DATE**

Date: October 3, 2007
Time: 9:00 AM
Place: Courtroom 3, 17th Floor

quinn emanuel

Defendants Kraft Foods Global, Inc. ("Kraft") hereby objects to evidence submitted by Procter & Gamble Company ("P&G") in support of P&G's Motion for Preliminary Injunction, Motion in Opposition to Administrative Relief, and Motion in Opposition to Kraft's Motion to Stay or Expedited Discovery and to Continue Hearing Date.

**NAME OF DECLARANT .................................................................. PAGE**

Edward Bello ........................................................................................ 2

Gregory S. Cordrey ............................................................................... 7

David A. Dalton ..................................................................................... 8

Jennifer Floyd ........................................................................................ 8

Jason Gemeiner .................................................................................... 10

Scott Goodfellow .................................................................................. 18

Greg Huntington ................................................................................... 22

Sue Mills ............................................................................................... 24

Jesse Mulholland ................................................................................... 25

Todd Roe ............................................................................................... 26

Rudy Schmeller ..................................................................................... 29

Douglas B. Zeik ..................................................................................... 32

| Evidence | Objection |
|---|---|
| 1.    Edward Bello Decl. ¶ 4.<br><br>("Consumers appreciated the features of AromaSeal, including that it maintains the aroma and freshness of coffee longer than traditional metal cans.  It also is more convenient to open and handle due to its grip and easy-peel foil seal.") | •    **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>•    **Irrelevant**<br><br>Fed. R. Evid. 401, 402.<br><br>•    **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 2.    Edward Bello Decl. ¶ 5.<br><br>("consumers are especially concerned with the freshness of coffee when deciding which brand of coffee to choose.") | •    **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>•    **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were |

| | |
|---|---|
| | speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 3. Edward Bello Decl. ¶ 6.<br><br>("If Kraft is allowed to sell its Maxwell House product in its new plastic containers, it will take significant market share away from P&G. Consumers will be interested in switching to or trying Maxwell House's new container for many of the same reasons that they liked P&G's container when it was first introduced.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court |

| | |
|---|---|
| | rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 4. Edward Bello Decl. ¶ 7.<br><br>("Kraft also will hurt the profitability of P&G's products by eroding the price that P&G charges to recoup the massive investment that it made to develop its plastic container technology, put the technology into production, and market the technology to consumers. Kraft currently sells its ground, roast coffee in its new plastic containers for the same prices that it charges to sell coffee in metal cans. This price erosion that Kraft is creating will have long-term pricing consequences for P&G, even if Kraft eventually is forced to stop using the plastic container technology used in P&G's AromaSeal containers.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified |

| | |
|---|---|
| | opinion testimony) |
| 5. Edward Bello Decl. ¶ 8.<br><br>("The loss of market share to P&G from Kraft's sales of a product having similar features will force P&G to incur marketing and promotional costs in order to maintain market share. These measures are likely to be unsuccessful, however, because Kraft is about to achieve parity with P&G on an issue that is very important to consumers--the aroma and freshness of coffee. Because it is offering a plastic container providing similar features to AromaSeal technology, Maxwell House will damage the core equity that P&G has built among consumers for its Folgers brand of ground, roast coffee. The AromaSeal canister has established Folgers as a superior coffee because its plastic container, cap, and other features seal the aroma and flavor of the coffee for a long time and prevent the coffee from becoming stale. Kraft's usurping of the freshness equity that P&G has built through the AromaSeal canister will erode P&G's market share for years to come.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 6. Edward Bello Decl. ¶ 9.<br><br>("The eventual loss of market share to Kraft will have other repercussions for P&G's business.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot |

| | |
|---|---|
| | rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 7.    Edward Bello Decl. ¶ 10.<br><br>("If P&G loses market share because of Kraft's sales of a competing product using plastic container it will have fewer consumers to whom it can introduce its specialty products, and will lose sales that it otherwise would have made of those products. In addition, retailers who will sell fewer AromaSeal containers will have a lower return on their investment in selling these containers. They will be less likely to promote P&G's specialty products using the AromaSeal container.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 8.    Edward Bello Decl. ¶ 11.<br><br>("Losing the competitive advantage that P&G has gained over Kraft through its plastic-container technology also will have other impacts on P&G's business. Due to the AromaSeal innovation and the associated market share, P&G has earned a perception among consumers and retailers that it is an innovative company with technology that is superior to its competitors. Kraft's introduction of a plastic container will diminish that perception among both consumers and retailers. Combined with P&G's likely loss of market share to Kraft, the Maxwell House plastic container | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the |

| | |
|---|---|
| is going to hurt the strong relationship that P&G has with its retailers. As a result, our capability to help partner with retailers to meet and surpass the expectations of their shoppers will be diminished.") | grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 9.     Edward Bello Decl. ¶ 12.<br><br>("Kraft is itself using P&G's technology without having had to incur the risks, money, or opportunity cost of bringing the technology to consumers. In so doing, Kraft does more than take away sales and revenue from P&G. It is effectively forcing P&G to subsidize a major improvement to its principal competitor's product and how its competitor will be perceived by consumers. Kraft is using P&G's investment of time, money, and effort to boost its own market position and brand equity at P&G's expense. ") | •    **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>•    **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>•    **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 10.     Gregory S. Cordrey Decl. ¶ 4.<br><br>("In his article, Professor Crouch determined that on average it took just under 18 months from the filing of the appeal brief until a decision was reached by the BPAI.") | •    **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused |

| | |
|---|---|
| | its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |
| 11. Gregory S. Cordrey Decl. ¶ 5.<br><br>("In his letter, Chief Judge Michel states that, based on a study by Professor Jay Kesan of the University of Illinois Law School, the average patent infringement appeal consumes 11 months from filing to opinion.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |
| 12. David A. Dalton Decl. ¶ 5.<br><br>("In 1999, a team of P&G engineers conducted consumer focus groups to identify features that consumers desired for their coffee containers. P&G found that consumers preferred several features that the conventional metal cans lacked, including easy-to-hold, easy-to-store, an easy-to-open (eliminate the need for a can opener), and keeps your coffee fresh long after opening the container.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |
| 13. Jennifer Floyd Decl. ¶ 3.<br><br>("However, the overall coffee aroma value for the Maxwell House plastic container would be expected to increase the longer the coffee is stored in the container prior to testing, up to the stated "Best By" date. Thus the overall coffee aroma value determined for the Maxwell House's 39-ounce plastic container is considered to be conservative.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |

| | |
|---|---|
| | • **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 14.    Jennifer Floyd Decl. ¶ 4.<br><br>("This indicates that they were all packed on the same day, which according to industry convention is a year earlier or June 11, 2007.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 15.    Jennifer Floyd Decl. ¶ 9.<br><br>("The overall coffee aroma value for the Maxwell House 39-ounce plastic coffee container had an overall coffee aroma value of 6.23, a coffee aroma of 6.08, and a freshness of 5.8 compared with the metal can overall coffee aroma value of 4.4, a coffee aroma of 4.13, and a freshness of 3.63.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified |

| | |
|---|---|
| | opinion testimony) |
| 16. Jason Gemeiner Decl. ¶ 4.<br><br>("According to AC Nielson, the market for roast, ground coffee (also referred to as "ground" coffee) in the United States is $2.2 billion. The actual market is higher because AC Nielson measures only coffee sold in grocery stores, drug stores, and mass merchandisers, not including Walmart, the largest retailer in the world. P&G's Folgers current market share is estimated at between 32% and 33% while Kraft's Maxwell House accounts for an estimated 19% share of the market. Since about 2004, the market for store-bought ground coffee has decreased as consumers have increasingly changed their habits toward convenience items and new alternative beverage options such as energy drinks. That trend has not significantly impacted Folgers because consumers like its plastic container. P&G has been increasing its market share and its sales in total dollars despite the contraction in overall store-bought ground coffee.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |

| | |
|---|---|
| 17. Jason Gemeiner Decl. ¶ 8.<br><br>("Consumers preferred P&G's plastic containers over traditional metal coffee cans, including those sold by Kraft, and they were willing to pay more for the benefits of using P&G's new packaging technology. In addition to selling its product fora higher retail price, P&G was able to use the advantages of its new packaging technology to achieve significant increases in market share. In addition, P&G significantly increased consumer loyalty when it introduced the AromaSeal technology. ") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 18. Jason Gemeiner Decl. ¶ 9.<br><br>("If Kraft continues to sell ground coffee in its plastic container, it will significantly hurt P&G's ground coffee business in several ways, including at least in the following areas.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |

| | |
|---|---|
| 19. Jason Gemeiner Decl. ¶ 10.<br><br>("By providing the same benefits that Folgers provides, Kraft will increase its market share and take away market share gains made by P&G in recent years. Between August 2003, when P&G introduced its plastic container, and today, P&G increased its share of the total market for ground coffee in the United States from about 29% to between 32% and 33%. Various industry publications reported on P&G's increasing market share from the use of the new container technology. For example, a March 28, 2005 article in Chicago Business News entitled *Kraft Loses Ground In Coffee War* noted that by 2005 observers credited P&G's new packaging for its increasing lead in market share over Maxwell House. A true and correct copy of the article, available at http://www.chicagobusiness.corn/cgi-bin/news.pl?id=15933, is attached as Exhibit 1.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 20. Jason Gemeiner Decl. ¶ 11.<br><br>("As the chart illustrates, P&G's market share started to increase in 2003, when the AxornaSeal container was launched. By the end of 2004, when P&G had been selling coffee only in its plastic containers, P&G's market share increased significantly while Kraft's market share declined. P&G's market share dropped in 2005 because of a temporary shut-down of our producing plant. in New Orleans due to Hurricane Katrina. In 2006, P&G was able to recover all the market share that it had lost because of consumers' preference for its product, especially the benefits provided by the AromaSeal plastic container technology.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay |

| | |
|---|---|
| | and was not based on personal knowledge) |
| 21. Jason Gemeiner Decl. ¶ 12.<br><br>("Several articles about Kraft's recent introduction of its plastic container and this lawsuit have recognized why packaging is so important in the coffee business. For example, an August 29, 2007 article in the Chicago Tribune, attached as Exhibit 3, explained, '[p]ackaging is critically important in commodity-type products like coffee, orange juice and sugar -- products that are very similar . . . . A successful packaging innovation can help boost sales.' An August 31, 2007 article, from the industry-publication Packaging Digest, attached as Exhibit 3, explained:<br>In a mature market, packaging can have major impact in sprucing up an older brand's image, helping to drive sales, That's exactly what happened with Folgers four years ago.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 22. Jason Gemeiner Decl. ¶ 13.<br><br>("By competing with P&G using its plasic container, Kraft is poised to regain at least part of the market share that P&G earned during that time. Kraft's continued coffee sales using its plastic container will have long-term effects on P&G's business beyond P&G's lost revenues and lost profits. In the competitive business for ground coffee, when a company loses significant market share, it loses much more than profits from the sales it did not make. The company will experience long-term damage to the strength of its brand among consumers as well as retailers.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay |

| | |
|---|---|
| | and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 23. Jason Gemeiner Decl. ¶ 14.<br><br>("Kraft's introduction of a new plastic container for its ground coffee also will take away the main point of differentiation between Maxwell House and Folgers coffee. By providing a competitive product, Kraft will take away consumer loyalty from P&G and regain at least some consumer loyalty that it lost to P&G when P&G introduced its AromaSeal technology.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the |

| | |
|---|---|
| | statements were speculative, conclusory, and unqualified opinion testimony) |
| 24. Jason Gemeiner Decl. ¶ 15.<br><br>("After introducing its patented plastic containers, P&G recorded an increase of approximately 6% in consumer loyalty in absolute terms. This increase is significant because it strengthens the value of P&G's Folgers brand and decreases the tendency of these consumers to regard coffee as a commodity that they purchase based solely on price. Attached as Exhibit 4 is a chart from AC Nielsen showing the annual loyalty trends for Folgers (in red) and Maxwell House (in blue).") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 25. Jason Gemeiner Decl. ¶ 16.<br><br>("By continuing to sell products that have the same or similar advantages as P&G's product, Kraft also would increase its own consumer loyalty. Some consumers who are now loyal to Folgers brand coffee may switch back to Maxwell House because they will focus on the benefits of the container rather than the taste of the coffee. P&G may lose these consumers forever.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay |

| | |
|---|---|
| | and was not based on personal knowledge) |
| 26. Jason Gemeiner Decl. ¶ 17.<br><br>("By introducing a container using P&G's technology, Kraft will also erode P&G's ability to recoup the substantial costs that it had to incur in order to develop that technology. Based on the information available to P&G, the retail price of Maxwell House sold in Kraft's plastic container has not increased from the price charged for the coffee sold in metal cans.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 27. Jason Gemeiner Decl. ¶ 18.<br><br>("Kraft's continued sales using its plastic container also will affect P&G's penetration of the market among new coffee consumers. There are two categories of ground coffee-at home and away from home. At home coffee, in turn, is bought by two types of consumers-those who have been making coffee at home for a long time and new entrants. New entrants include, for example, people who are moving out on their own and who buy their own coffee makers. These consumers will have to make a choice of which brand of coffee to buy. Until Kraft's recent introduction of its plastic container, the choice consumers had to make between Folgers and Maxwell House was more likely to favor Folgers. That is because Kraft sold Maxwell House in | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court |

| | |
|---|---|
| old-fashioned metal cans and P&G sells Folgers in a modem plastic container that is easier to use, keeps coffee fresher longer, and is more appealing than metal cans.") | rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 28. Jason Gemeiner Decl. ¶ 19.<br><br>("Any decrease in sales of Folgers' 39-ounce ground coffee will affect P&G's promotion of specialty products.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Irrelevant**<br><br>FED. R. EVID. 401, 402. |
| 29. Jason Gemeiner Decl. ¶ 20.<br><br>("Kraft's sales using 39-ounce plastic containers will diminish sales of P&G's 39-ounce containers. A result of those lost sales will be to limit distribution of P&G's specialty product samples and reduce the number of customers that we can expose to our specialty products. In addition, retailers will be less likely to promote P&G's specialty products if they are selling fewer Folgers containers because the return on the investment they have to make will be lower.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district |

| | |
|---|---|
| | court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 30. Scott Goodfellow Decl. ¶ 7.<br><br>("As Kraft's sales volume of 39oz Maxwell House is roughly half that of our 39oz Classic Roast product, they should similarly be able to shift a majority of their immediate production need on a similarly short timeline.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 31. Scott Goodfellow Decl. ¶ 8.<br><br>("At the present time, P&G, Kraft, or any other manufacturer of roast, ground coffee could utilize companies such as Massimo Zenetti Beverage USA (formerly Sara Lee Coffee and Tea) with the capability to pack ground coffee in metal cans to package roast, ground coffee in metal cans. Based on my experience with having to shift P&G's coffee production and packaging due to Hurricane Katrina, I expect that P&G, Kraft or any other coffee manufacturer could shift a significant portion of packaging of roast, ground coffee within just several weeks.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, |

| | |
|---|---|
| | and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 32. Scott Goodfellow Decl. ¶ 10.<br><br>("As I stated above, P&G, or any other coffee manufacturer, could feasibly switch a significant portion of their production from plastic canisters back to metal within several weeks. Mr. LeBoutillier's claim that it would take up to 25 weeks to switch is contrary to our experience.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 33. Scott Goodfellow Decl. ¶ 11.<br><br>("Based upon the fact that presently we are seeing Maxwell House metal cans with recent production code-dates, we believe that Kraft has simply installed new plastic lines next to, and not replacing or significantly re-tooling, their older metal can lines. If this is indeed the case, and assuming that Kraft has not significantly retooled or removed these lines, their ability to restart or continue metal can production should be almost seamless. Our belief of this side-by-side production is supported by appearance of plastic and metal cans of product recently acquired at retail bearing the same recent code dates on the respective packages. According to my check of on-line retailers Costco and Sam's Club on September 21, Kraft's | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court |

| | |
|---|---|
| Maxwell House coffee remains available in the metal containers. Furthermore, Costco recently sold 48oz Maxwell House Original metal cans produced at its San Leandro facility bearing code dates of July 11, 2007.") | rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 34.    Scott Goodfellow Decl. ¶ 12.<br><br>("According to AC Nielsen data, information about the coffee market that is considered reliable and is gathered from retailers, Kraft sold roughly 1.7 million statistical cases of the 39oz Maxwell House coffee product in the past 12 months across the Food / Drug / Mass channels (excluding Wal-Mart, Costco, etc...). Extrapolating to Total US (including Wal-Mart, Costco, etc...), Kraft's total outlet volume of the 39oz Maxwell House coffee product should be in the 3.4 million statistical unit range per year. At an estimated $50 of net sales per statistical unit, Kraft would only sell $82 million of its 39oz Maxwell House coffee product in a 25 (average) week period. Although this $82 million figure is an estimate, I believe it to be conservative and Kraft's actual sales are likely 10-15% lower. And, given that Maxwell House appears to be selling its 39oz coffee containers in both plastic and metal, its alleged loss of sales if it had to stop selling in its plastic container is significantly less than $250 million.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 35.    Scott Goodfellow Decl. ¶ 13.<br><br>("In addition to selling its coffee in its 39-ounce plastic coffee container, Kraft also sells its Maxwell House coffee in a one pound metal can, a three pound metal can and a bag. Again according to AC Nielsen data, | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused |

| | |
|---|---|
| roughly 34% of total Maxwell House branded volume is sold in one pound metal cans or bags. Only 20% of Maxwell House's total volume comes from the 39oz Maxwell House coffee product ($82 million of retailer sales in a 25 week period). Assuming a next-case, incremental variable contribution (before tax profit) rate of $20 per statistical case, Maxwell House's loss would be only in the range of $33 million.") | its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 36. Scott Goodfellow Decl. ¶ 17.<br><br>("I have reviewed the' declarations of P&G employees that were submitted in connection with P&G's motion for a preliminary injunction regarding the irreparable nature of the harm to P&G caused by Kraft's continued sales of its Maxwell House coffee in its 39-ounce plastic container. Because of the significantly increase sales in the fourth quarter of the year, the harm set forth in those declarations would be expected to be magnified during this critical holiday season.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |

| | |
|---|---|
| | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 37. Greg Huntington Decl. ¶ 5.<br><br>("P&G's introduction of its AromaSeal canister was recognized by the industry as a revolution in coffee packaging design. The technology received several honors and awards from the professional packaging community and from an important consumer advocacy group-the Arthritis Foundation-because of its superior ergonomic design. Dupont awarded P&G the Dupont Award for Innovation in Packaging. Food and Drug Packaging magazine named P&G's design the 'Package of the Year.' The Institute of Packaging Professionals gave P&G its 'Ameristar Award' and recognized that P&G's technology was "as dramatic a move" in the industry as when "glass was replaced by plastic 20 years ago.. True and correct copies of these awards are attached to this declaration as Exhibits 1-4.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |
| 38. Greg Huntington Decl. ¶ 6.<br><br>("I have never seen the level of professional recognition that the AromaSeal canister received in any other product area. The fact that the recognition was received for coffee-a very mature product category-makes that recognition even more impressive. When a product, here roast and ground coffee, has been on the market for a very long time, | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |

| | |
|---|---|
| innovators have had ample time to make incremental improvements to that product. Making a dramatic change to a product that many have come to regard as a commodity makes P&G's innovation especially significant. By introducing a similar version of P&G's plastic canister, Kraft is taking advantage of an opportunity created by P&G that is unlikely to be repeated in the near future. It is hard to predict when or whether P&G or anyone else in this market will achieve another breakthrough technological improvement to roast and ground coffee.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 39. Greg Huntington Decl. ¶ 7.<br><br>("As Associate Director of R.&D, I have supervised consumer research to determine how consumers perceive the AromaSeal canister. That research shows that the AromaSeal canister provides strong delivery of important features which include its ease of handling, ease of reclosing, and the confidence it assures the consumer that the coffee is going to be kept fresh throughout its use. By offering consumers a plastic canister that has many of the same advantages as the AromaSeal canister, Kraft will erode areas of superiority that P&G has created using its patented technology among consumers over the past four years.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court |

| | |
|---|---|
| | rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 40. Greg Huntington Decl. ¶ 8.<br><br>("The AromaSeal container also received considerable publicity in the news. One writer recognized that a significant benefit of the AromaSeal container is its ability to repeatedly serve consumers by storing food and other items long after it has served its purpose in storing coffee. The article was entitled "AGAIN AND AGAIN" and was published by New Products Magazine in August 2004. It used the Folgers AromaSeal container as an example of a re-usable package that can "establish a lasting memory of brands in households." Kraft's introduction of its 39-ounce container for Maxwell House coffee will compete with Folgers' AromaSeal container in serving to reinforce Kraft's and P&G's respective brands. An excerpt of the article is attached as attached as Exhibit 5 to this declaration.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 41. Sue Mills Decl. ¶ 8.<br><br>("Based on the extensive consumer research that I supervised at P&G, both before and after introduction of the new plastic container, the innovations in the container create goodwill among coffee consumers. Consumers perceive that Folgers is the brand that brings them a new container that no other brand has, and that is superior to the old metal cans used by its competitors, including | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |

| | |
|---|---|
| Kraft.") | |
| 42.    Sue Mills Decl. ¶ 9.<br><br>("The goodwill created by P&G is reflected in awards it received, including an award from the Arthritis Foundation, which recognized the ease with which arthritis patients were opening and handling P&G's lightweight plastic containers. P&G also received numerous packaging design awards recognizing that P&G's product design provided added value to consumers.") | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |
| 43.    Sue Mills Decl. ¶ 10.<br><br>("By competing with P&G using the technology that P&G itself developed, Kraft likely will dramatically reduce the competitive advantage and consumer goodwill that P&G has built since 2003. P&G will no longer be the only coffee company providing all the advantages of its advanced packaging technology, including ease of use and a better way to keep coffee's aroma fresher longer.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 44.    Jesse Mulholland Decl. ¶ 2.<br><br>("Filed herewith as Exhibit 1 is a true and correct copy of an article by Steven E. Lipman entitled *Parallel Patent Litigation and Reexamination Proceedings 2007: Keeping Your Case on Track* August 2007.  At page six, Mr. Lipman states that, based on 37 C.F.R. § 1.989 and MPEP 2686.01, a 'third party requester or the patent owner can file an ex parte reexamination while a prior *inter* | • **Inadmissible hearsay**<br><br>FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay) |

| | |
|---|---|
| *partes* reexamination is pending.'") | • **Impermissible Legal Conclusion**<br><br>Mannick v, Kaiser Found. Health plan, Inc., No. C 03-5905 PJH, 2006 U.S. Dist. LEXIS 38430, *48 (N.D. Cal. June 9, 2006) ("Testimony as to ultimate isssues not permitted when it consists of legal conclusions or opinions.") |
| 45.    Todd Roe Decl. ¶ 4.<br><br>("Consumers reacted as P&G's extensive research had predicted. They preferred P&G's plastic containers over traditional metal coffee cans, including those sold by Kraft.  P&G was able to achieve significant increases in market share, largely by increasing the percentage of time that consumers bought Folgers over Maxwell House and other brands of ground, roasted coffee.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 46.    Todd Roe Decl. ¶ 5.<br><br>("If Kraft continues to sell ground, roasted Coffee in its plastic container, it will significantly damage the superior position that P&G has earned in the market and its relationship with consumers.  By introducing the plastic Folgers container, P&G increased its sales by about one million statistical cases of coffee per year....With its own plastic container for ground, roasted coffee, Kraft is now in position to regain all or part of the increased market share that P&G was able to win since 2003.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 47.    Todd Roe Decl. ¶ 6.<br><br>("Several recent articles about Kraft's | • **Inadmissible hearsay** |

| | |
|---|---|
| recent introduction of its plastic container and this lawsuit have recognized why packaging is so important in the coffee business. For example, an August 29, 2007 article in the Chicago Tribune, attached as Exhibit 1, explained, "[packaging is critically important in commodity-type products like coffee, orange juice and sugar -- products that are very similar . . . . A successful packaging innovation can help boost sales." An August 31, 2007 article, from the industry-publication Packaging Digest, attached as Exhibit 2, explained:<br><br>In a mature market, packaging can have major impact in sprucing up an older brand's image, helping to drive sales. That's exactly what happened with Folgers four years ago.<br><br>Kraft's use of a similar plastic container offering the advantages of the Folgers plastic container will take away packaging as a valuable, differentiating component of the Folgers' brand.") | FED. R. EVID. 801, 802; *see also Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge); *Block v. Los Angeles*, 253 F.3d 410, 419 ( 9th Cir. 2001) (district court abused its discretion when it relied on affidavit not made from personal knowledge but instead relied on information from other individuals including hearsay)<br><br>• **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 48. Todd Roe Decl. ¶ 7.<br><br>("If Kraft continues to compete with P&G using its new plastic container, it will also erode consumer loyalty toward the Folgers brand....By continuing to sell products that have the same advantages as P&G's product, Kraft will diminish P&G's ability to use its plastic container technology as a tie-breaker with consumers who are 'switchers.' Kraft also will diminish P&G's ability to encourage switchers to become loyal Folgers users. At the same time, by using a new plastic container that many consumers will be tempted to try, Kraft will draw some consumers | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district |

| | |
|---|---|
| away from P&G and. will increase its own customer loyalty toward Maxwell House coffee.") | court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 49.    Todd Roe Decl. ¶ 8.<br><br>("Another area in which P&G would feel long-term effects from Kraft's use of P&G's plastic container technology is the loss of consumer goodwill....By competing with P&G using its own version of P&G's plastic container, Kraft will chip away at the consumer goodwill that P&G has built.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 50.    Todd Roe Decl. ¶ 9.<br><br>("There will be at least one other long-term effect on P&G from Kraft's use of its plastic container, even if Kraft eventually stops using the container. By launching Maxwell House in its new plastic container, Kraft is going to encourage consumers to buy its ground, roasted coffee. Some consumers who will be encouraged to buy Maxwell House may have never purchased Maxwell House before or are not loyal to the Maxwell House brand. Some of these consumers will develop a preference for Maxwell House and make it their coffee of choice indefinitely, long after Kraft stops selling coffee in its plastic container.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, |

| | |
|---|---|
| | and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 51. Rudy Schmeller Decl. ¶ 3.<br><br>("P&G's launch of its AromaSeal plastic container starting in 2003 allowed P&G to gain about 3 to 4 percentage points of market dollar share of ground coffee....Kraft's recent launch of a plastic container offering similar features and advantages is going to hurt P&G in a number of ways. Most obviously, Kraft can potentially recapture all of the market share that it lost to P&G when P&G introduced its plastic container. Kraft is very likely to increase its market share for the same reason that P&G gained market share by introducing its AromaSeal plastic container--the benefits that the plastic container provides in preventing coffee from becoming stale when it is stored at home. Many consumers also will try Maxwell House simply because it is being offered in a new plastic container that is similar to Folgers' plastic container. When they need to buy coffee again--typically after several weeks--many consumers will repeat their purchase of Maxwell House. For example, a consumer who bought Maxwell House in its new plastic package may become used to the taste of this coffee or perceive that someone in his or her household has become used to the taste. It will be difficult in many cases to get such consumers to switch back to Folgers, especially as they continue to buy Maxwell House in its new plastic container and become more and more accustomed to that brand of coffee. After some time, even if Kraft stops selling coffee in the plastic containers that it currently uses, it would be difficult to make consumers who switched over to Maxwell House switch back to Folgers brand coffee.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |

| | |
|---|---|
| 52. Rudy Schmeller Decl. ¶ 4.<br><br>("Trying to regain market position is much more difficult and much more expensive than trying to maintain it. In addition, it would be extremely difficult to quantify the secondary effects of P&G's lost market share on P&G's business. That is because these secondary effects include qualitative factors including P&G's influence among retailers because of its current position as the market leader. P&G has earned a leadership position among retailers because their customers--coffee consumers--prefer Folgers' innovative plastic packaging over metal cans. P&G has earned the role of "captaincy" among many retailers in the coffee category. ") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 53. Rudy Schmeller Decl. ¶ 5.<br><br>("Kraft's sales of a product in a new plastic container with similar advantages to P&G's container will erode P&G's leadership position with retailers. Even before Kraft gains market share from P&G, some retailers will predict that consumers will want to try Kraft's product because it is new. In anticipation of that, retailers will stock more Maxwell House and may give more and better shelf space to the product than it currently receives in comparison to Folgers.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 54. Rudy Schmeller Decl. ¶ 6.<br><br>("Many retailers also will see Kraft as an innovator because it is using plastic-container technology previously offered only by P&G. Marketing done by Kraft to promote the new container will lead others to believe that Kraft has a more innovative product.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods,* |

| | |
|---|---|
| | *Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 55.     Rudy Schmeller Decl. ¶ 7.<br><br>("If P&G loses its advantageous market position and its status among consumers as the innovative leader in this field, it will lose much if not all of the influence and captaincy that it has earned among retailers. This will disadvantage P&G in the fight for shelf space, as well as its efforts to persuade retailers to buy Folgers products rather than Maxwell House. P&G will have to spend substantial resources offering promotions to retailers and otherwise marketing its products to slow down the pace at which it will lose market share to Kraft.") | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 56.     Rudy Schmeller Decl. ¶ 8.<br><br>("Another impact from Kraft's sales of coffee in its 'Flavor-Lock' plastic containers in competition with P&G's AromaSeal coffee will be to erode the retail price of P&G's coffee. Before P&G introduced its innovative technology, Folgers' retail price strategy was to achieve near average retail-price parity versus Maxwell House. After introducing AromaSeal in 2003, P&G found that consumers, on average, were willing to pay about 25 to 40 cents more for Folgers than for the equivalent size Maxwell. House 39 ounce container. While P&G never changed its list cost as a direct result of our | • **Inadmissible speculation**<br><br>FED. R. EVID. 602; *see also Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony)<br><br>• **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the |

| | |
|---|---|
| technology, we were able to significantly reduce the amount of funds used to encourage retailers to support our brand in the market. This enabled us in part to recoup the substantial capital investment and risk that were involved in developing a new technology and then switching our entire product line to that new technology. Currently, the retail price of Kraft's Maxwell House coffee is the same whether it is sold in metal cans or plastic containers. Kraft's use of the plastic container technology that P&G developed will make it difficult for P&G to sell its product at a price that is required to recoup the substantial investment of time, money, and risk that P&G had to incur to create and market this technology.") | grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 57. Douglas B. Zeik Decl. ¶ 5.<br><br>("The Maxwell House container has a longitudinal axis with a closed bottom, an open top (covered in the photograph by the gold colored lid or "overcap,'") and a body having an enclosed perimeter between the bottom and top. The Maxwell House container also has a handle disposed on the body of the container. The handle is substantially parallel to the longitudinal axis of the container. A labeled image is shown below.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 58. Douglas B. Zeik Decl. ¶ 6.<br><br>("The bottom, top and body of the | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, |

| | |
|---|---|
| Maxwell House container define an interior volume that holds 39 ounces of roast ground coffee.") | 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge) |
| 59.    Douglas B. Zeik Decl. ¶ 7.<br><br>("The body of the Maxwell House container has at least two regions of deflection.  The region of deflection allows the body to flex and has less resistance to flexing than the curved body portions of the container next to the regions of deflection,  One region of deflection is identified below in the red dashed lines in the image below.") | •      **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>•      **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 60.    Douglas B. Zeik Decl. ¶ 8.<br><br>("Below are two photographs showing a Maxwell House container flexing at the region of deflection. The first photograph is a container in its sealed condition, i.e., purchased off the shelf with a negative (vacuum) internal pressure shown by the fact that the flexible closure (foil cover) is concave.  The region of deflection on the Maxwell House | •      **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court |

| | |
|---|---|
| container is shown deflected inwardly. The second photograph shows the same Maxwell House container where the internal pressure has been equalized to atmospheric pressure by opening the flexible closure. The region of deflection on this container is shown nearly perfectly vertical—no inward deflection of the region of deflection is shown, This shows that the region of deflection allows the body to flex and has less resistance to flexing than the curved body portions of the container next to the regions of deflection.") | rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 61. Douglas B. Zeik Decl. ¶ 9.<br><br>("The Maxwell House container has a protuberance (or ridge) continuously disposed around the perimeter of the body at the top. The protuberance forms .a ridge external to the body in that it extends upward and away from the body. The protuberance on the Maxwell House container provides a surface on which to attach the flexible closure. A labeled photograph is shown below.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 62. Douglas B. Zeik Decl. ¶ 10.<br><br>("The Maxwell House container has a flexible closure (foil laminate) that is removably attached and sealed to the protuberance. The flexible closure is visible when the cover is removed,") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district |

| | |
|---|---|
| | court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 63. Douglas B. Zeik Decl. ¶ 11.<br><br>("The Maxwell House container has a one-way valve disposed on the flexible closure (foil laminate).") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 64. Douglas B. Zeik Decl. ¶ 12.<br><br>("The bottom and body of the | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, |

| | |
|---|---|
| Maxwell House container are made of a material having a tensile modulus at least about 35,000 pounds per square inch to at least about 650,000 pounds per square inch. More specifically, based on testing of the Maxwell House container by a contracted third party engineering film and its contracted laboratory, SAEC and Data Lab Point, respectively, the Maxwell House container has a tensile strength of about 107,000 psi to 111,000 psi. The tensile modulus was determined in accordance with industry accepted standard methods, namely ASTM D 638-02.") | 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 65.    Douglas B. Zeik Decl. ¶ 13.<br><br>("The Maxwell House container has a top load capacity of at least 16 pounds.  More specifically, based on testing of the Maxwell House container by P&G's Coffee Development organization, the Maxwell House container has a top load capacity of about 180 pounds. The top load capacity was determined in accordance with an industry accepted standard method, namely the method published by the Plastic Bottle Institute:  Technical Bulletin PBI 3-1968 Rev. 2 - 1990.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified |

| | |
|---|---|
| | opinion testimony) |
| 66. Douglas B. Zeik Decl. ¶ 14.<br><br>("The Maxwell House container has a multi-layered material primarily comprising an interior layer of high density polyethylene (HDPE), a layer of ethylene vinyl alcohol copolymer (EVOH), and another layer of HDPE. The interior layer of RDPE is a polyolefin. The middle layer of EVOH is an oxygen barrier. I determined the composition of multi-layered material using differential scanning calorimetry, infrared analysis and microscopy.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |
| 67. Douglas B. Zeik Decl. ¶ 15.<br><br>("Based on my experience in packaging and specifically developing the plastic coffee container at P&G, Kraft's Maxwell House plastic coffee container uses regions of deflection to minimize denting, the external ridge in conjunction with the top flexible laminate (foil) keeps coffee fresh, a one-way valve avoids excess internal pressure from damaging the plastic containers and the flexible seal, a multi-layered plastic and use of certain plastic materials to maintain structural integrity and coffee freshness, and materials having certain tensile strength and top load capacity to ensure the container's structural integrity.") | • **Lacks foundation and/or personal knowledge**<br><br>FED. R. EVID. 602; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that district court cannot rely solely on conclusory allegations unsupported by factual data"); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony); *Kim v. United States*, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (district court rejected affidavit because it relied on inadmissible hearsay and was not based on personal knowledge)<br><br>• **Improper lay opinion testimony / calls for expert opinion**<br><br>FED. R. EVID. 701, 702; *see also In re Houghton*, 123 B.R. 869, 871 (Bankr. C.D. Cal. 1991) (granting motion to strike because evidence offered by the declarations were expressions of either hearsay or irrelevant matter); *Hunt-* |

| | |
|---|---|
| | *Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (affirming district court's decision to strike portions of affidavit on the grounds that the statements were speculative, conclusory, and unqualified opinion testimony) |

Dated: September 28, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
CLAUDE M. STERN

/s/
Claude M. Stern