William C. Rooklidge (SBN 134483)
Ben M. Davidson (SBN 181464)
Gregory S. Cordrey (SBN 190144)
Jesse D. Mulholland (SBN 222393)
HOWREY LLP
2020 Main Street
Irvine, California 92614
949-721-6900
949-721-6910
E-mail: rooklidgew@howrey.com
E-mail: davidsonb@howrey.com
E-mail: cordreyg@howrey.com
E-mail: mulhollandj@howrey.com

Mark D. Wegener (*admitted pro hac vice*)
HOWREY LLP
1299 Pennsylvania Ave, NW
Washington, DC 20004
Telephone: 202-783-0800
Facsimile: 202-383-6610
E-mail: wegenerm@howrey.com

Attorneys for Plaintiff
The Procter & Gamble Company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, | Case No.: C07-04413 PJH |
| Plaintiff and Counter-Defendant, | Honorable Phyllis J. Hamilton |
| v. | **NOTICE OF SUPPLEMENTAL AUTHORITY RE KRAFT'S MOTION FOR STAY** |
| KRAFT FOODS GLOBAL, INC., | |
| Defendant and Counter-Claimant. | Date: October 3, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor |

Since the hearing, counsel has become aware of authority that directly answers a question posed by the Court at the hearing, a question that may not have been answered correctly or completely by either counsel at the hearing. The Court inquired about the effect of a reexamination decision reached after the Court enters judgment in the litigation. Section 317(b) of the patent statute would preclude such a situation because this Court's final judgment based on any of the asserted claims that Kraft has not proven invalid would prevent the United States Patent and Trademark Office ("PTO") from proceeding any further with the *inter partes* reexamination on those claims. The reexamination proceeding remains pending throughout the appellate process, *see* 35 USC § 316(a) (PTO issues reexamination certificate after exhaustion of appeals), and stops upon this Court's judgment. Section 317(b) states in relevant part:

> "Once a final decision has been entered against a party in a civil action . . . that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . , then neither that party nor its privies may thereafter request an *inter partes* reexamination of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action or *inter partes* reexamination proceeding, and an *inter partes* reexamination requested by that party or its privies on the basis of such issues may not thereafter be maintained by the office, notwithstanding any other provisions of this chapter."

DATED: October 5, 2007

HOWREY LLP

By:_____/s/_____
William C. Rooklidge
Attorneys for THE PROCTER AND GAMBLE COMPANY