QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Mike D. Powell (Bar No. 202850)
    mikepowell@quinnemanuel.com
  Randy Garteiser (Bar No. 231821)
    randygarteiser@quinnemanuel.com

555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
KRAFT FOODS GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>KRAFT FOODS GLOBAL, INC, a Delaware Corporation,<br><br>    Defendant. | CASE NO. C 07-4413 PJH<br><br>**KRAFT FOODS GLOBAL, INC.'S RESPONSE TO THE PROCTER & GAMBLE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date: October 3, 2007<br>Time: 9:00 AM<br>Place: Courtroom 3, 17th Floor |

51282/2246912.2

KRAFT FOODS GLOBAL, INC.'S RESPONSE TO THE PROCTER & GAMBLE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. C 07-4413 PJH

Kraft Foods Global, Inc. ("Kraft") hereby responds to the Notice of Supplemental Authority filed by The Proctor & Gamble Company ("P&G").

First, P&G misreads 35 U.S.C. § 317(b). P&G suggests that § 317(b) provides that, where there is a simultaneous civil action and *inter partes* reexamination proceeding, then if the defendant loses the civil action first, the United States Patent and Trademark Office ("PTO") would be "prevented" from proceeding any further with the pending *inter partes* reexamination.

The statute says no such thing. The statute states:

> "Once a *final decision* has been entered against a party in a civil action . . . that the party has not sustained its burden of proving the invalidity of any patent claim in suit . . . , then neither that party nor its privies may *thereafter request an inter partes reexamination* of any such patent claim on the basis of issues which that party or its privies raised or could have raised in such civil action or *inter partes* reexamination proceeding, . . . . (emphasis added).

By its own terms, the statute indicates that, where a civil case has run its course — through appeal (i.e. "a *final decision* has been entered . . . in a civil action") — and as a result the defendant in that lawsuit has lost an argument about the validity of the patent based on issues raised or that could have been raised in an *inter partes* proceeding, that "*thereafter*" — i.e. after the finality of the civil action — the defendant cannot *initiate* (i.e. "request") an *inter partes* proceeding based on those same issues.

The statute does nothing more than prevent the defendant from initiating the *re-litigating* the validity of the patent-in-suit on the same grounds that could have been brought in the *inter partes* proceeding *after* it has fully and finally lost in those issues in the courts. This interpretation is emphasized by the second portion of § 317(b), which reads:

> an *inter partes* reexamination requested by that party or its privies on the basis of *such issues* may not *thereafter* be maintained by the Office, notwithstanding any other provision of this chapter." 35 U.S.C. §317(b) (emphasis added).

Whereas the first portion of § 317(b) makes clear that the losing defendant has no right to initiate any such new *inter partes* proceeding after the final civil action, the second portion makes the complimentary point that the PTO has no authority after the demise of the civil action to entertain any such new *inter partes* proceeding ("may not be maintained by the office").

51282/2246912.2

-1-

KRAFT FOODS GLOBAL, INC.'S RESPONSE TO THE PROCTER & GAMBLE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. C 07-4413 PJH

Second, under P&G's misreading of § 317(b), the civil defendant's rights to contest the patent's validity which is the subject of a pending *inter partes* reexamination depends entirely on the fortuity of which proceeding finishes first.  This interpretation would prompt a race between the *inter partes* proceeding and the civil litigation.  This is contrary to the result which Congress was trying to achieve by promoting the use of the reexamination proceedings to test the validity of a patent.  *See Nanometrics, Inc. v. Novia Measuring Instruments, Ltd.*, 2007 WL 627920 (N.D. Cal. 2007, Judge Armstrong), at 1 ("Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO.").

Third, P&G's reading is contrary to the holdings of every case cited by P&G or Kraft involving simultaneously pending *inter partes* reexaminations and civil litigation proceedings.  In every case, the courts stayed the civil litigation pending the final outcome of the *inter partes* reexamination proceeding.  *See* cases cited in Kraft Reply Brief in Support of Motion to Stay, at 7: 17-28; P&G Brief in Opposition to Motion to Stay, at 8 n.7.  If P&G were right, each court confronted with a simultaneous pending *inter partes* reexamination proceeding would deny the motion to stay and instead move the civil litigation quickly to completion, without regard to what occurred in the reexamination proceeding.  This is precisely what precedent does not teach.

In P&G's view, this Court should, over the next several years, devote its resources to construing claims in *Markman*, hearing and rendering opinions on substantive motions, overseeing discovery, and taking the case through trial, even though all this effort may be undone by a final decision in the *inter partes* reexamination proceeding.  This makes no sense, particularly since the work conducted by the Court during the litigation has no effect on a co-pending *inter partes* reexamination proceeding.  Citing to the Federal Circuit's decision in *Ethicon v. Quiqq*, 849 F.2d 1422 (Fed. Cir. 1988), M.P.E.P §2643 states that the federal courts' decisions regarding validity and any interim decisions by the federal courts regarding invalidity and unenforceability of a patent claim are *not binding* on the patent office.  Only a final holding of claim invalidity or unenforceability after all appeals is controlling on the patent office.

Moreover, statements and decisions made in the reexamination proceeding can have a profound effect on the validity, scope and construction of patent claims in this case.  *See, e.g., C.R.*

-2-

51282/2246912.2

KRAFT FOODS GLOBAL, INC.'S RESPONSE TO THE PROCTER & GAMBLE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. C 07-4413 PJH

*Bard, Inc. v. United States Surgical Corp.*, 388 F.3d 858-870 (Fed. Cir. 2004); *Spectrum, Inc. v. Sterilite Corp.*, 164 F.3d 1372, 1978-79 (Fed. Cir. 1998).  The meaning of each claim is a moving target in this proceeding until the *inter partes* reexamination is completed, and this Court could spend enormous energies construing disputed patent claim terms, rendering opinions on validity and infringement motions and overseeing trial, all with the very real possibility that the asserted claims (assuming that they even survive reexam) will have a radically different meaning at the end of the *inter partes* reexamination process than those claims have now.

The Court should grant Kraft's Motion to Stay.

DATED:  October 7, 2007            Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/
   Claude M. Stern
   Attorneys for Kraft Foods Global, Inc.

51282/2246912.2

-3-
KRAFT FOODS GLOBAL, INC.'S RESPONSE TO THE PROCTER & GAMBLE COMPANY'S NOTICE OF SUPPLEMENTAL AUTHORITY
CASE NO. C 07-4413 PJH