UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROCTER & GAMBLE CO.,

    Plaintiff,

    v.

KRAFT FOODS GLOBAL, INC.,

    Defendant.

_____/

No. C 07-4413 PJH

**ORDER GRANTING MOTION TO STAY**

Defendant's motion to stay the action came on for hearing before this court on October 3, 2007. Plaintiff, Procter & Gamble Co. ("plaintiff"), appeared through its counsel, William C. Rooklidge. Defendant, Kraft Foods Global, Inc. ("defendant"), appeared through its counsel, Claude M. Stern. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion to stay, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendant's request for a stay pending the inter partes reexamination of the '418 patent is proper, given the nature of the inter partes reexamination proceedings involved. Unlike an ex parte reexamination, an inter partes reexamination provides for full participation by a third party at all stages of the reexamination proceedings. See 35 U.S.C. § 311 et seq. Inter partes reexamination proceedings differ from ex parte proceedings in two other critical respects: first, inter partes proceedings allow for appeals to the Patent Board of Appeals ("PBA"), and subsequently to the Federal Circuit, upon submission of the PTO's reexamination decision. See 35 U.S.C. § 315(b)(1). Second, inter partes proceedings impose estoppel restraints upon third-party requesters, which would prevent

the third party requester from later re-litigating the same issues that were raised, or could have been raised, during the inter partes proceedings.  See id. at § 315(c).

In view of these facts, there is a high likelihood here that final, binding results of the reexamination proceedings at issue – which contemplate final decisions by both the PBA and the Federal Circuit – would have a dramatic effect on the issues before the court.  This is particularly true if some or all of the claims at issue are ultimately found invalid, or narrowed.  Indeed, based on this same understanding of inter partes reexamination proceedings, other courts have recognized that an inter partes reexamination "can have no other effect but to streamline ongoing litigation," and that "courts have an even more compelling reason to grant a stay when an inter partes reexamination is proceeding with the same parties...".  See, e.g., Echostar Techs. Corp. v. Tivo, Inc., 2006 WL 2501494, *3 (E.D. Tex. July 14, 2006); Anascape, Ltd. v. Microsoft Corp., 475 F. Supp. 2d 612, 615, 617 (E.D. Tex. 2007); Middleton, Inc., v. Minn. Mining & Mfg. Co., 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004).

So here.  Moreover, in addition to the efficiency and streamlining of issues that would result from a stay, the court also notes that the pending litigation is at its earliest stages, thereby reducing the prejudice that any party would suffer from a stay.  As such, and for all the foregoing reasons, defendant's motion for a stay is GRANTED.

2. In granting defendant's motion for a stay, the court rejects plaintiff's contention that 35 U.S.C. § 318 limits the right to request a stay to the patent owner alone. Although true that § 318 does not expressly provide for an automatic stay of parallel district court proceedings, the statute in no way impacts the inherent powers of the court to control the litigation before it, and to grant a stay in the interests of justice when so required.  See also Middleton, 2004 WL 1968669 at * 2 (disregarding similar objections based on 35 U.S.C. § 318 in view of the court's "inherent discretionary power to issue a stay").

3. In view of the court's grant of a stay, plaintiff's pending motion for preliminary injunction is moot.  The court accordingly VACATES the current hearing date of October

24, 2007, and all corresponding briefing deadlines.

The stay ordered herein applies to all aspects of litigation, including discovery. The parties are instructed, however, to submit status reports to the court every 6 months, apprising the court of the status of the pending reexamination proceedings. Upon final exhaustion of all appeals in the pending reexamination proceedings, the parties shall jointly submit to the court, within one week, a letter indicating that all appeals have been exhausted, and requesting a further case management conference as soon as possible.

**IT IS SO ORDERED.**

Dated: October 11, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge