QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
  evettepennypacker@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Kraft Foods Holdings, Inc. and
Kraft Foods Global, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>Defendant. | CASE NO. 07-4413-PJH<br><br>**Kraft's Notice and Motion for Administrative Relief to Determine Whether This Case Should Be Deemed Related to Case No. 3:08-cv-00930-JCS** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 3-12 and 7-11 of the Civil Local Rules for the Northern District of California, Kraft Foods Global, Inc. ("KFG") hereby submits this Administrative Motion seeking an order that the above-captioned action is related to an action that is pending in this district following transfer from the Western District of Wisconsin, entitled Kraft Foods Holdings, Inc. and Kraft Foods Global, Inc. v. The Procter & Gamble Company, Case No. 3:08-cv-00930 (the "transferred action"). (See Transfer Order, Declaration of Evette D. Pennypacker ("Pennypacker Decl."), Ex. A)

The Wisconsin action was transferred to this Court because it is virtually identical in every way to the above-captioned action. See id. at 5. The two cases more than qualify as "related"

51282/2380001.1                                                                                                        Case No. 07-4413-PJH
Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

pursuant to Civil Local Rule 3-12 because they involve the same parties, assert virtually identical claims, and involve the same property, transactions, events and questions of law. Civ. L.R. 3-12(a)(1). It appears likely that there will be an unduly burdensome duplication of labor and expense, or conflicting results, if the cases are conducted before different judges. Civ. L.R. 3-12(a)(2). Kraft therefore requests that the Court find the transferred action related to the above-captioned action.

DATED: February 14, 2008

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  //s//  *Evette D. Pennypacker*
Claude M. Stern
Evette D. PennyPacker

Attorneys for Kraft Foods Holdings, Inc. and Kraft Foods Global, Inc.

51282/2380001.1

- ii -

Case No. 07-4413-PJH

Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

## Memorandum of Points and Authorities

### Statement of Facts

The Procter & Gamble Company ("P&G") filed the above-captioned action against Kraft Foods Group, Inc. ("KFG") on August 27, 2007, alleging that KFG's sales of Maxwell House® brand coffee sold in 39-ounce plastic containers infringed U.S. Patent No. 7,169,418 ("'418 patent"). (Pennypacker Decl., Exs. B, C) The '418 patent currently is subject to an *inter partes* reexamination proceeding. On October 11, 2007, this Court stayed the litigation pending the completion of the '418 patent reexamination.

On October 26, 2007, Kraft Foods Holdings, Inc. ("KFH") sued P&G in the Western District of Wisconsin, alleging infringement of U.S. Patent No. 7,074,443 ('443 patent). P&G used KFH's infringement action as its excuse to file a duplicative counterclaim and third party complaint against KFH and KFG (collectively, "Kraft"), alleging infringement of U.S. Patent No. 7,169,419 ("'419 patent"). (Id., Exs. D, E) P&G's '419 counterclaim, like its stayed '418 claim, alleged infringement based on Kraft's sales of the same Maxwell House brand coffee sold in the same 39-ounce plastic containers.

On November 29, 2007, Kraft filed in the Western District of Wisconsin a motion to dismiss P&G's counterclaim and third party complaint, or in the alternative, to stay the claims or transfer them to this District for consideration with P&G's '418 claims. After the motion was fully briefed, the Western District of Wisconsin ordered P&G's counterclaim and third party complaint severed and transferred to this District. (Id., Ex. A) The court found that "[t]he facts and circumstances surrounding P&G's counterclaim and third party claim for infringement of the '419 patent weigh heavily in favor of transfer to conserve judicial resources," in part because "discovery concerning the '418 and '419 patents will be intertwined" (id. at 9) and also because of the "risk of inconsistent claim construction and inconsistent judgments." (Id. at 10)

On February 13, 2008, pursuant to the transfer order, P&G's counterclaims were docketed in this District as case number 3:08-cv-00930-JCS (the "transferred action").

Kraft has met and conferred with P&G and confirmed that P&G opposes this motion for administrative relief. (Pennypacker Decl. at ¶9)

51282/2380001.1

Case No. 07-4413-PJH
Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

<u>**Argument**</u>

**I.    The Transferred Action And The Current Action Concern Substantially The Same Parties, Property, Transactions or Events.**

The transferred action (Pennypacker Decl., Ex. D) is related to the above-captioned action (Pennypacker Decl., Ex. B) because the two actions concern substantially the same parties, property, transaction or events. Civ. L.R. 3-12(a)(1). Both actions were brought by P&G against KFG. The transferred action also names KFH, a wholly-owned subsidiary of KFG, but this is the <u>only</u> difference between the parties in the two actions. (<u>Compare</u> Pennypacker Decl., Ex. B at 1 with Ex. D at 1)

Both actions also assert that the exact same Kraft product infringes nearly identical P&G patents. In particular, in the above-captioned action, P&G alleges that KFG's sales of Maxwell House® brand coffee in 39-ounce plastic containers infringes U.S. Patent No. 7,169,418 ("'418 patent"). (Pennypacker Decl., Ex. C and Ex. B at ¶7) In the transferred action, P&G alleges that KFG's and KFH's alleged sales of the same Maxwell House brand coffee in the same 39-ounce plastic containers infringe U.S. Patent No. 7,169,419 ("'419 patent"). (Pennypacker Decl., Exs. E and F)

P&G's contentions for why Kraft's 39-ounce plastic containers infringe the '418 patent are virtually identical to P&G's contentions for why the same containers infringe the '419 patent. (<u>Compare</u> Pennypacker Decl. Ex. F with Ex. G at 8-13) Both actions seek to enjoin such sales and to recover money damages for all infringing sales. (<u>Compare</u> Pennypacker Decl., Ex. B at 3 with Ex. D at 8)

The '418 patent asserted in the above-captioned action is substantially similar to the '419 patent asserted in the transferred action. (<u>Compare</u> Pennypacker Decl., Ex. C with Ex. E) The two patents, which were issued the same day and have the same name, are both directed to a plastic package for roast and ground coffee, and the two patents share the same primary examiner, the same prosecuting attorneys, and many of the same cited references. (<u>Id.</u>) The '419 patent is also a continuation-in-part of the application that led to the '418 patent, and both patents claim to relate back to provisional application No. 60/295,666. (<u>Id.</u>) Consequently, the specifications of

51282/2380001.1

- 2 -    Case No. 07-4413-PJH
Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

the '418 and '419 patents are nearly identical. (Id.) The claim language is also virtually identical. (Id.) The yellow highlighting below shows literally identical claim language and pink highlighting shows virtually identical claim language:

| Claim No.'418 | '418 Claim Element | Claim No.'419 | '419 Claim Element |
|---|---|---|---|
| 1 | A packaging system comprising: | 1 | A packaging system comprising: |
| 1a | a container having a longitudinal axis and comprising a closed bottom, an open top, and a body having an enclosed perimeter between said bottom and said top; | 1a | a blow-molded container comprising a longitudinal axis, said blow-molded container further comprising a closed bottom, an open top, and a body having an enclosed perimeter between said bottom and said top; |
| 1b | wherein said bottom, top, and body together define an interior volume; | 1b | wherein said bottom, top, and body together define an interior volume |
| 1c | wherein said body comprises at least one region of deflection disposed thereon, and wherein said region of deflection allows flexion and thereby has less resistance to flexing than the body of said container proximate to said region of deflection; | 1c | wherein said body has at least one region of deflection disposed thereon, and wherein said region of deflection allows flexion and thereby has less resistance to flexing than the body of said container proximate to said region of deflection; |
| 1d | a protuberance continuously disposed around the perimeter of said body proximate to said top wherein said protuberance forms a ridge external to said body; | 1d | an outwardly facing annular protuberance disposed upon said body, said annular protuberance being continuously disposed around said perimeter of said body proximate to said top wherein said protuberance forms a surface external to said body, said surface being substantially perpendicular to said longitudinal axis; |
| 1e | a handle disposed on said body; | 8 | The packaging system of claim 1 wherein said body has a handle disposed thereon. |
| 1f | and a flexible closure removably attached and sealed to said protuberance; | 1e | and, a flexible closure removably attached and sealed to said annular protuberance; |
| 1g | wherein said bottom and said body are constructed from a material having a tensile modulus number ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (4,230 atm); | 18 | The packaging system of claim 17 wherein said blow-molded container is manufactured from a material having a tensile modulus ranging from at least about 35,000 pounds per square inch (2,381 atm) to at least about 650,000 pounds per square inch (4,230 atm). |
| 1h | wherein said container has a top load capacity of at least about 16 pounds (7.3 kg); | 17f | wherein said annular protuberance translates the force of a load of at least about 16 pounds disposed upon said packaging system in a direction substantially parallel to said longitudinal axis and wherein coffee is contained within said |

51282/2380001.1

- 3 -

Case No. 07-4413-PJH

Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

| | | | |
|---|---|---|---|
| | | | packaging system. |
| 1i | and wherein said closure has a one-way valve disposed thereon. | 4 | The packaging system of claim 1 wherein said flexible closure has a one-way valve disposed thereon. |

## II. It Is Likely That There Will Be An Unduly Burdensome Duplication Of Labor And Expense Or Conflicting Results If The Two Cases Are Conducted Before Different Judges.

Both actions accuse the exact same product of infringement. (Compare Pennypacker Decl., Ex. B at ¶7 with Ex. F) Both actions involve virtually identical parties. (Compare Pennypacker Decl., Ex. B at 1 with Ex. D at 1) And, the patent at issue in the transferred action is virtually identical to the patent at issue in the above-captioned action, and shares the same primary examiner, the same prosecuting attorneys, and many of the same cited references. (Compare Pennypacker Decl., Ex. C with Ex. E) The discovery in the two cases will therefore be virtually identical. This fact lead the Western District of Wisconsin to find: "The facts and circumstances surrounding P&G's [transferred action] weigh heavily in favor of transfer to conserve judicial resources" in part because "discovery concerning the '418 and '419 patents will be intertwined." (Pennypacker Decl., Ex. A at 9)

Moreover, because the many identical claim terms in the two patents must be construed the same, Abtox, Inc. v. Exitron Corp., 131 F.3d 1009, 1010 (Fed. Cir. 1997), conducting the two cases before different judges could very likely lead to conflicting claim constructions and therefore conflicting results. The Federal Circuit has repeatedly held that "the same term[s] and phrase[s] should be interpreted consistently where it appears in claims of common ancestry." Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1030 (Fed. Cir. 2002); see also Elkway Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 980 (Fed. Cir. 1999). Thus, as the Western District of Wisconsin noted: "[I]f P&G's [transferred claim] for infringement of the '419 patent is not transferred and consolidated there remains a risk of inconsistent claim construction and inconsistent judgments." (Pennypacker Decl., Ex. A at 10)

51282/2380001.1

- 4 -

Case No. 07-4413-PJH

Kraft's Motion for Administrative Relief to Determine Whether This Case Should Be Deemed Related to Case No. 3:08-cv-00930-JCS

Given the extensive overlap between the factual and legal issues to be decided in these two actions, it is very likely that there will be an unduly burdensome duplication of labor and expense and conflicting results if the two cases are conducted before different judges. Civ. L.R. 3-12(a)(2).

### Conclusion

The above-captioned action should be deemed related to the transferred action <u>The Procter & Gamble Company v. Kraft Foods Holdings, Inc. and Kraft Foods Global, Inc.</u>, Case No. 3:08-cv-00930-JCS, because the two cases involve the same parties, assert substantially similar claims, and involve the same property, transactions, events and questions of law. Civ. L.R. 3-12(a)(1). It appears likely that there will be an unduly burdensome duplication of labor and expense, or conflicting results, if the cases are conducted before different judges. Civ. L.R. 3-12(a)(2).

DATED: February 14, 2008         Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By  //s//  *Evette D. Pennypacker*
    Claude M. Stern
    Evette D. PennyPacker

    Attorneys for Kraft Foods Holdings, Inc. and Kraft Foods Global, Inc.

51282/2380001.1

- 5 -                   Case No. 07-4413-PJH
Kraft's Motion for Administrative Relief to Determine Whether This Case
Should Be Deemed Related to Case No. 3:08-cv-00930-JCS