# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

KRAFT FOODS HOLDINGS, INC.,

       Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

       Defendant

Case No. 07-C-0613-S

THE PROCTER & GAMBLE COMPANY,

       Counterclaim Plaintiff

v.

KRAFT FOODS HOLDINGS, INC.

       Counterclaim Defendant
and

KRAFT FOODS GLOBAL, INC.

       Third-Party Defendant

---

**ANSWER TO KRAFT FOODS HOLDINGS, INC.'S AMENDED COMPLAINT;
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT OF THE PROCTER &
GAMBLE COMPANY; DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff, The Procter & Gamble Company ("P&G"),

answers the First Amended Complaint of Plaintiff Kraft Foods Holdings, Inc. ("KFH") and

asserts its Counterclaim and Third-Party Claim against KFH and Third-Party Defendant Kraft

Foods Global, Inc. ("KFG") (collectively, "Kraft"), as follows:

1

## THE PARTIES

1.     P&G admits that Kraft is a Delaware Corporation and that it has a principal place of business in Northfield, Illinois.

2.     Admitted.

## JURISDICTION AND VENUE

3.     P&G admits that Kraft purports to allege a cause of action under the patent laws of the United States. P&G admits that Kraft purports to invoke subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). P&G admits that it is subject to personal jurisdiction in this Court with respect to the claims asserted in the Complaint. P&G denies the remaining allegations of paragraph 3, including that it has committed any acts of infringement.

4.     P&G also admits that venue exists in this judicial district under 28 U.S.C. 1331, 1391(b), (c), and 1400(b). P&G denies the remaining allegations in paragraph 4 of the Complaint.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,074,443

5.     P&G admits that U.S. Patent No. 7,074,443 (the "'443 Patent"), entitled "Vented Can Overcap," issued on July 11, 2006. P&G further admits that the face of the '443 Patent lists KFH as the "Assignee." P&G is without knowledge or information sufficient to form a belief as to the truth of KFH's allegation that it is owns the patent. P&G denies the remaining allegations of paragraph 5 of the Complaint.

6.     P&G denies the allegations of paragraph 6 of the Complaint.

7.     P&G denies the allegations of paragraph 7 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

P&G denies that Kraft is entitled to any of the relief it has requested.

## FIRST AFFIRMATIVE DEFENSE

### (Invalidity)

Each claim of the '443 Patent is invalid and/or unenforceable for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly the

DM_US:20932594

requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement of the '443 Patent)

P&G has not infringed, and currently does not infringe any valid claim of the '443 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution history estoppel)

Kraft is estopped by the doctrine of prosecution history estoppel from asserting infringement under the doctrine of equivalents for one or more of asserted claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Marking)

Kraft and/or its licensees has failed to mark articles patented under the '443 Patent in a manner sufficient to give notice under 35 U.S.C. Section 287 thereby barring any recovery of damages for the period before Kraft commenced this action.

## PRAYER FOR RELIEF ON KFH'S COMPLAINT

WHEREFORE, P&G prays that Kraft take nothing by its Complaint, and that P&G be awarded judgment in this action, costs of suit incurred herein, and such other relief as the Court deems just and proper.

## COUNTERCLAIMS

For its counterclaims and third-party claim against KFH and KFG, P&G alleges as follows:

## THE PARTIES

1.    P&G is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

2.    KFH is a Delaware corporation with a principal place of business in Northfield, Illinois.

3

3.     KFG is a Delaware corporation with a principal place of business in Northfield, Illinois.

4.     On information and belief, KFG is a wholly-owned subsidiary of Kraft Foods Inc., a Virginia Corporation, which is engaged, through its subsidiaries, in the manufacture and sale of packaged foods and beverages in the United States, including Maxwell House brand ground, roast coffee in 39-ounce plastic containers.  On information and belief, KFH is a wholly-owned subsidiary of KFG.

5.     KFH is the assignee of record of the '443 Patent, issued to Jeffrey A. Thomas, Jeffrey Alan Zimmermann, Prias DeCleir, and Mete Bruncaj ("Assignors").  On information and belief, the Assignors, working either directly or indirectly for KFH in collaboration with members of the Global Technology & Quality Group of Kraft Foods Inc., designed and made plastic containers for ground, roast coffee beginning in about 2002 and assigned the rights to those designs to KFH.  On information and belief, KFH licensed KFG to manufacture, distribute, offer for sale and sell Maxwell House brand coffee sold in 39-ounce containers using technology developed for KFH by the Assignors.  On information and belief, KFG manufactures, markets, and sells Maxwell House brand coffee in 39-ounce plastic containers designed, developed, and made by the Assignors and licensed to KFG by KFH.

## JURISDICTION AND VENUE

6.     Paragraphs 1 through 5 are incorporated herein by reference.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*  The Court additionally has jurisdiction over P&G's counterclaims because they arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and 28 U.S.C. § 1338(a).  There is a justiciable controversy concerning the validity, enforceability, and infringement of the '443 Patent, which Kraft alleges is being infringed and causing irreparable harm to their business.

4

8.    The Court has personal jurisdiction over KFH and KFG based on their filing of this lawsuit.  The Court also has personal jurisdiction over KFH and KFG because they have systematic and continuous contacts with the State of Wisconsin and with this judicial district such that the exercise of jurisdiction over them does not offend traditional notions of fair play and substantial justice.  On information and belief, KFH licenses KFG to sell and/or distribute infringing products in this district and KFG sells and/or distributes infringing products in this district.

9.    Venue with respect to KFH and KFG is proper in this district pursuant to 28 U.S.C. §§ 1331, 1391(b), (c) and 1400(b).

## COUNT I

### (Declaratory Relief of Invalidity of '443 Patent Against Kraft Foods Holding, Inc. and Kraft Foods Global, Inc.)

10.    Paragraphs 1 through 9 are incorporated herein by reference.

11.    An actual controversy exists between P&G and KFH and KFG as a result of KFH and KFG's assertion in the Amended Complaint that they own the '443 Patent, that P&G allegedly infringes this patent, and that the alleged infringement is causing irreparable harm to their business.

12.    On information and belief, the asserted claims of the '443 Patent are invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code, and particularly one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

13.    The claims of the '443 Patent are based on an application filing date identified by the patent as November 19, 2002.  On information and belief, one or more of the claimed inventions of the '443 Patent are invalid under 35 U.S.C. § 102(g) based on prior invention by P&G's inventors, including P&G inventors who were awarded United States Patent 7,169,419 ("the '419 Patent"), entitled "Packaging System To Provide Fresh Packed Coffee."  A true and correct copy of the '419 Patent is attached hereto as Exhibit A.  On information and belief, P&G's inventors made one or more of the inventions claimed in the '443 Patent in this country

5

DM_US:20932594

and did not abandon, suppress, or conceal the inventions. Based on the assertion of infringement by KFH and KFG, the '419 Patent discloses one or more of the inventions claimed in the '443 Patent.

## COUNT II

### (Declaratory Relief of Non-Infringement Against Kraft Foods Holding, Inc. and Kraft Foods Global, Inc.)

14.    Paragraphs 1 through 13 are incorporated herein by reference.

15.    KFH and KFG assert in their Amended Complaint that P&G infringes the '443 Patent. P&G does not infringe and has not infringed any valid claims of the '443 Patent.

## COUNT III

### (Infringement of U.S. Patent No. 7,169,419 By Kraft Foods Holding, Inc. and Kraft Foods Global, Inc.)

16.    Paragraphs 1 through 15 are incorporated herein by reference.

17.    On January 30, 2007, the United States Patent & Trademark Office ("USPTO") duly and legally issued the '419 Patent to inventors David Dalton, Kerry Weaver and Thomas Manske, Jr. These inventors have assigned all rights and interest in the '419 Patent to P&G. KFG has infringed and continues to infringe the '419 Patent. The infringing acts include at least manufacturing, using, selling, and/or offering to sell 39-ounce plastic containers of Maxwell House brand coffee. KFG is liable for infringement of the '419 Patent pursuant to 35 U.S.C. § 271.

18.    KFG's acts of infringement have caused and are causing damage to P&G. P&G is entitled to recover from KFG the damages sustained by P&G as a result of KFG's infringement in an amount to be proven at trial. KFG's infringement of P&G's rights under the '419 Patent also is causing, and will continue to cause, irreparable harm to P&G, for which there is no adequate remedy at law, unless KFG is enjoined by this Court.

6

19.     Upon information and belief, KFG's infringement of the '419 Patent is willful and deliberate, entitling P&G to increased damages under 35 U.S.C. § 284 and attorney fees incurred in prosecuting this action under 35 U.S.C. § 285.

20.     On information and belief, KFG is the alter ego of KFH and they are jointly and severally liable for directly infringing the '419 Patent. On information and belief, KFH is a wholly-owned subsidiary of KFG and has substantially the same management and ownership, is commonly controlled by that management and ownership, and shares substantially the same business purpose with respect to the procurement of infringing technology for storing ground, roast coffee in plastic containers, the defense of litigation relating to this infringement, and the assertion of patent infringement claims relating to this technology. On information and belief, KFH and KFG do not maintain corporate formalities with respect to their development and procurement of technology and intellectual property and the conduct of litigation regarding to intellectual property relating to plastic containers used for storing ground, roast coffee. KFH filed this lawsuit as "KRAFT FOODS GLOBAL, INC.," as indicated on page 3 of its original Complaint, filed October 26, 2007. KFH also considers itself synonymous with "Plaintiff Kraft Foods Global, Inc.," as it stated in its original Corporate Disclosure Statement, filed October 26, 2007. In identifying the parent corporation of the plaintiff, Kraft Foods Global, the Corporate Disclosure Statement stated that "Kraft Foods Global, Inc. is a wholly owned subsidiary of Kraft Foods, Inc., a publicly traded company." Any attempt by KFG and KFH to rely on the fiction of being separate corporate entities would be inequitable in that it could allow KFH to accuse P&G as an alleged infringer in a litigation in which it may avoid having to answer for its own infringement of P&G's related '419 Patent on preexisting technology.

21.     On information and belief, KFH, during the process of developing technology described in its patents relating to the storing of ground, roast coffee in plastic containers, including the '443 Patent, has infringed the '419 Patent by making or using one or more of the claimed inventions of the '419 Patent.

7

22.    On information and belief, KFH, with knowledge of the '419 Patent, actively induced and encouraged KFG's infringement of the '419 patent by licensing KFG to use technology that infringes the '419 Patent by making, selling, and offering to sell ground, roast coffee in plastic containers that infringe the '419 Patent, and by making designs and information for practicing that technology available to KFG.

23.    On information and belief, KFH's infringement of the '419 Patent is willful and deliberate, entitling P&G to increased damages under 35 U.S.C. § 284 and attorney fees incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF AS TO COUNTS I -III

WHEREFORE, P&G prays for judgment and seeks relief against KFH and KFG as follows:

(a)    That the Court determine and declare that one or more of the claims of the '443 Patent is invalid;

(c)    That the Court determine and declare that the claims of the '443 Patent are not infringed by P&G;

(b)    For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by KFH and KFG, and their officers, agents, servants, employees, subsidiaries and attorneys, and those persons acting in concert with KFH and KFG, including related individuals and entities, customers, representatives, dealers, and distributors;

(c)    For an award of actual damages against KFH and KFG;

(d)    For an award of pre-judgment and post-judgment interest, according to proof against KFH and KFG,

(e)    For an award of enhanced damages pursuant to 35 U.S.C. § 284 against KFH and KFG;

(f)    For an award of attorney fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law against KFH and KFG;

(g)    For all costs of suit against KFH and KFG; and

8

(h)      For such other and further relief as the Court may deem just and proper.

Dated this 9th day of January, 2008                Respectfully submitted,


By: s/ Paul F. Linn
    Paul F. Linn
    Michael Best & Friedrich, LLP
    100 East Wisconsin Avenue
    Suite 3300
    Milwaukee, WI 53202-4108

    Of Counsel:
    Mark D. Wegener
    HOWREY LLP
    1299 Pennsylvania Ave., N.W.
    Washington, DC 20004
    Telephone: (202) 383-0800
    Facsimile: (202) 383-6610

    William C. Rooklidge
    Gregory S. Cordrey
    Ben M. Davidson
    HOWREY LLP
    4 Park Plaza, Suite 1700
    Irvine, CA 92614
    Telephone: (949) 721-6900
    Facsimile: (949) 721-6910

9

## **JURY DEMAND**

P&G demands a jury trial on all issues that are triable by right to a jury.

Dated this 9th day of January, 2008     Respectfully submitted,


By: <u>s/ Paul F. Linn</u>
    Paul F. Linn
    Michael Best & Friedrich, LLP
    100 East Wisconsin Avenue
    Suite 3300
    Milwaukee, WI 53202-4108

    Of Counsel:
    Mark D. Wegener
    HOWREY LLP
    1299 Pennsylvania Ave., N.W.
    Washington, DC 20004
    Telephone: (202) 383-0800
    Facsimile: (202) 383-6610

    William C. Rooklidge
    Gregory S. Cordrey
    Ben M. Davidson

    HOWREY LLP
    4 Park Plaza, Suite 1700
    Irvine, CA 92614
    Telephone: (949) 721-6900
    Facsimile: (949) 721-6910