1  WILLIAM C. ROOKLIDGE (SBN 134483)
   BEN M. DAVIDSON (SBN 181464)
2  GREGORY S. CORDREY (SBN 190144)
   JESSE D. MULHOLLAND (SBN 222393)
3  HOWREY LLP
   4 Park Plaza, Suite 1700
4  Irvine, California 92614
   Telephone: (949) 721-6900
5  Facsimile: (949) 721-6910
   E-mail: rooklidgew@howrey.com
6  E-mail: davidsonb@howrey.com
   E-mail: cordreyg@howrey.com
7  E-mail: mulhollandj@howrey.com

8  MARK D. WEGENER (*pro hac vice application pending*)
   HOWREY LLP
9  1299 Pennsylvania Avenue, NW
   Washington, DC 20004
10 Telephone: (202) 783-0800
   Facsimile: (202) 383-6610
11 E-mail: wegenerm@howrey.com

12 Attorneys for Defendant,
   The Procter & Gamble Company
13

14                          UNITED STATES DISTRICT COURT

15                         NORTHERN DISTRICT OF CALIFORNIA

16

17 | KRAFT FOODS HOLDINGS, INC. and KRAFT ) | Case No. 07-4413-PJH
   | FOODS GLOBAL, INC.                    ) |
18 |                                       ) |
   |                    Plaintiffs,        ) | **The Procter & Gamble Company's**
19 |                                       ) | **Opposition to Kraft's Motion for**
   |        vs.                            ) | **Administrative Relief to Determine Whether**
20 |                                       ) | **This Case Should Be Deemed Related to Case**
   | THE PROCTER & GAMBLE COMPANY,         ) | **No. 3:08-cv-00930-JCS**
21 |                                       ) |
   |                    Defendant.         ) |
22 |                                       ) |

---

Case No. 07-4413-PJH                                              Opposition to Kraft's Admin Mot. to Determine
                                                                  Whether Related to Case No. 3:08-cv-00930-JCS

**OPPOSITION**

The Procter & Gamble Company ("P&G") opposes the Motion for Administrative Relief to Determine Whether This Case Should Be Deemed Related to Case No. 3:08-cv-00930-JCS ("Admin Mot.") filed by Kraft Foods Global, Inc. ("Kraft") because it does not meet the criteria set forth in Local Rule 3-12 of the Civil Local Rules of the Northern District of California.

The subject matter of the transferred claims relate to P&G's contention that Kraft infringes one or more claims of U.S. Patent No. 7,169,419 ("the '419 patent"), which P&G filed in the Western District of Wisconsin in response to Kraft's complaint for infringement of its U.S. Patent No. 7,074,443 ("the '443 patent").[1] Contrary to Kraft's assertion, however, P&G's infringement claim regarding its '419 patent is not "duplicative" of P&G's claim that Kraft infringes the '418 patent. Admin Mot. at 1. Both patents involve distinct and separately enforceable property rights. *Kearns v. General Motors Corp.,* 94 F.3d 1553, 1555 (Fed. Cir. 1996). Recognizing this, Kraft has asked the U.S. Patent & Trademark Office ("PTO") to reexamine the '418 patent, but it has made no such request with respect to the '419 patent. Indeed, Judge Shabaz denied Kraft's motion to dismiss the '419 patent claims as duplicative. Pennypacker Decl. Ex. A at 4.

P&G does not dispute that the '418 and '419 patents are related in the sense that each patent claims priority to the same patent application; that the product accused of infringing the '418 and '419 patents is the same, *i.e.,* the Maxwell House 39-ounce plastic coffee container; and that the same parties are involved. However, Local Rule 3-12, which sets forth the criteria for determining whether cases are related, requires more: for a case to be deemed "related" under the rule, it must also appear likely that there will be undue duplication of labor and expense or conflicting results. Local Rule 3-12(a) states that "[a]n action is related to another when:

> **(1)** The actions concern substantially the same parties, property, transaction or event; and
> **(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." (emphasis added).

---

[1] Kraft filed its complaint on October 26, 2007—two weeks after this Court stayed P&G's infringement claims against Kraft regarding U.S. Patent No. 6,169,418 ("the '418 patent"). Kraft represented to this Court that a stay of the '418 patent claim pending conclusion of its intended appeal would minimize or eliminate litigation between the parties—a representation that proved untrue when Kraft filed suit against P&G only two weeks later. Dkt. 37 at 9.

1    In its Administrative motion, Kraft focuses almost entirely on the first criteria of the test for determining whether a case is related, *i.e.,* the parties, the patents and the accused product. Admin Mot. at 1-4. Kraft's limited discussion of the likelihood of undue duplication of labor and expense or conflicting results ignores the fact that the case involving P&G's assertion of the '418 patent claims has been stayed pending Kraft's appeal of the PTO's determination on reexamination that all fifty-five claims of the '418 patent are valid. Because the pending case involving the '418 patent claims has been stayed, this second criteria is not satisfied, and therefore these two cases are not "related cases" within the meaning of Local Rule 3-12.

First, there is no likelihood that there will be undue duplication of labor or expense—indeed, by Kraft's own admission there will be no labor or expense related to the '418 patent claims for the next two to three years. And, any discovery that is taken in connection with the '419 patent claims will be available for the '418 patent claims when the stay eventually is lifted. This is not a case where both claims will be proceeding simultaneously before two different judges.

Second, there is no likelihood of conflicting results. The construction of claim terms in the '419 patent will be well settled long before the claim terms of the '418 patent are construed. Again, this is not a case where two different judges are construing the same terms at the same time. By the time the stay of the litigation on the '418 patent is lifted, litigation regarding the '419 patent, including any appeal of the claim constructions regarding the '419 patent, will have been concluded. Therefore, to the extent that the claims of the '418 patent—after reexamination—require the same interpretation as the claims of the '419 patent, this Court will have the benefit of the Federal Circuit's claim constructions regarding the '419 patent.

In short, because the case involving the '418 patent claims has been stayed, there will be no undue duplication of labor and expense or conflicting results if the case involving the '419 patent claims is conducted before a different Judge. Accordingly, under the Local Rules the cases are not related. The case should be assigned according to the Court's Assignment Plan, taking into consideration all relevant factors, including the caseloads of the Judges and Magistrate Judges of this Court.

//

1  The electronic filer hereby attests that the individual whose name appears below has signed this
2  document.  *See* General Order 45, Section X.

4  Dated:  February 19, 2008                     Respectfully submitted,

5                                                 HOWREY LLP

7                                                 By:  /s/
                                                       William C. Rooklidge
8                                                      Attorneys for Defendant
                                                       The Procter & Gamble Company

Case No. 07-4413-PJH                          -3-          Opposition to Kraft's Admin Mot. to Determine
                                                           Whether Related to Case No. 3:08-cv-00930-JCS